UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| PENNY NINIVAGGI, MICHAEL NINIVAGGI, TODD MICKEY, JAKE MICKEY, JAMES NIGRELLI, AND CAILIN NIGRELLI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>UNIVERSITY OF DELAWARE,<br><br>Defendant. | Civil Action No. |

## NOTICE OF REMOVAL

Defendant the University of Delaware (the "University of Delaware"), by and through its undersigned attorneys, hereby files this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1446 *et seq*. The grounds for removal are as follows:

1. Plaintiffs commenced the action in the Superior Court of the State of Delaware, Case No. N20C-08-121 DCS, by filing a Summons and Complaint ("Plaintiffs' Class Action Complaint"). The University of Delaware is the only named defendant.

2. Plaintiffs served the University of Delaware personally on or about October 9, 2020. Copies of all process, pleadings, and orders served upon the University of Delaware are attached to this Notice as **"Exhibit 1"**.

3. The University of Delaware has not filed a responsive pleading to the Complaint.

4. Plaintiff Penny Ninivaggi is a citizen of New York who resides in Merrick, New York and thus is a citizen of New York pursuant to 28 U.S.C. § 1332(a).

5. Plaintiff Michael Ninivaggi is a citizen of New York who resides in Merrick, New York and thus is a citizen of New York pursuant to 28 U.S.C. § 1332(a).

6. Plaintiff Todd Mickey is a citizen of New Jersey who resides in Milford, New Jersey and thus is a citizen of New York pursuant to 28 U.S.C. § 1332(a).

7. Plaintiff Jake Mickey is a citizen of New Jersey who resides in Milford, New Jersey and thus is a citizen of New York pursuant to 28 U.S.C. § 1332(a).

8. Plaintiff James Nigrelli is a citizen of Massachusetts who resides in Sudbury, Massachusetts and thus is a citizen of Massachusetts pursuant to 28 U.S.C. § 1332(a).

9. Plaintiff Cailin Nigrelli is a citizen of Massachusetts who resides in Sudbury, Massachusetts and thus is a citizen of Massachusetts pursuant to 28 U.S.C. § 1332(a).

10. According to Plaintiffs' Class Action Complaint, "[t]his is a class action lawsuit on behalf of all students and parents who paid tuition and fees for the Spring 2020 academic semester at UD and who, because of Defendant's response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services for which their fees were paid, without having their tuition and fees refunded to them." *See*, Plaintiffs' Class Action Complaint included in Exhibit 1 at ¶ 1.

11. According to Plaintiffs' Class Action Complaint, "[w]ith approximately 18,500 undergraduate and 4,500 graduate students, UD is the largest university in Delaware. UD offers 148 bachelor's programs, 121 master's programs (with 13 joint degrees) and 55 doctoral programs across its eight colleges." *See*, Plaintiffs' Class Action Complaint included in Exhibit 1 at ¶ 2.

12. According to Plaintiffs' Class Action Complaint, "[a]pproximate tuition costs at UD for the Spring 2020 Semester are as follows:

- Undergraduate Tuition (in-state): $6,365
- Undergraduate Tuition (out-of-state): $17,080

- Associate in Arts Program (in-state): $2,113
- Associate in Arts Program (out-of-state): $5,275"

*See*, Plaintiffs' Class Action Complaint included in Exhibit 1 at ¶ 20.

13. The University of Delaware is a corporation organized under the laws of Delaware with its principal place of business in Delaware and thus is a citizen of Delaware pursuant to 28 U.S.C. § 1332(a).

14. The Class Action Fairness Act ("CAFA") creates federal jurisdiction for class actions, provided the proposed class and alleged claims meet certain qualifications. It "[c]onfer[s] original federal jurisdiction over any class action involving (1) 100 or more class members, (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interests and costs, (3) minimal diversity, *i.e.*, where at least one plaintiff and one defendant are citizens of different states. 28 U.S.C. § 1332(d)(2), (5)(b),(6)." *Judon v. Travelers Property Cas. Co. of America*, 773 F.3d 495, 501 (3d Cir. 2014).

15. This proposed class and the alleged claims of the Plaintiffs' Class Action Complaint meet the federal jurisdiction requirements of CAFA.

16. First, there are more than 100 hundred class members. According to Plaintiffs' Class Action Complaint, there are over twenty-thousand students at the University of Delaware, and the Class is alleged to represent all twenty-thousand students. *See*, Plaintiffs' Class Action Complaint included in Exhibit 1 at ¶s 1-2. Therefore, the University of Delaware has met the first requirement for federal jurisdiction under CAFA.

17. Secondly, the amount in controversy exceeds $5,000,000. According to Plaintiffs' Class Action Complaint there are approximately 23,000 students at the University of Delaware. Regardless of the calculation performed, the purported damages exceed $5,000,000.

At 23,000 students, and an in-state tuition rate of $6,365.00 (and a higher out-of-state tuition rate), the purported tuition sought to be reimbursed for just one semester at the lowest tuition rate [23,000 students x (1/2 of the lowest annual tuition rate of $6,365.00)], exclusive of interests and costs is well in excess of $5,000,000.  Therefore, the University of Delaware has met the second requirement for federal jurisdiction under CAFA.

18. Thirdly, minimal diversity of citizenship exists between the parties at the time the Summons and Complaint was filed, and minimal diversity of citizenship exists at the time of removal. Plaintiffs are residents of New York, New Jersey and Massachusetts, and the University of Delaware is a resident of the state of Delaware.  Therefore, because at least one Plaintiff is a citizen of a different state than the University of Delaware, the Class meets the minimal diversity requirements under CAFA for federal jurisdiction.  *See*, *e.g.*, *Hoffman v. Nordic Naturals, Inc.*, 837 F.3d 272, 275 (3d Cir. 2016).

19. Accordingly, the Court has original diversity jurisdiction in this case pursuant to 28 U.S.C. § 1332(d)(2), (5)(b),(6) because the class has over one hundred members, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. Accordingly, this action is removable pursuant to 28 U.S.C. § 1441(a).

20. Written notice of the filing of this Notice of Removal is being served simultaneously upon Plaintiffs' counsel and the Superior Court of the State of Delaware as required by 28 U.S.C. § 1446(d).

21.    By removing this action from the Superior Court of the State of Delaware, the University of Delaware neither waives any defenses available to it nor admits any of the allegations in the Complaint.

WHEREFORE, pursuant to 28 U.S.C. § 132(d)(2), (5)(b),(6)and 1441(a), Defendant the University of Delaware hereby requests removal of this action from the Superior Court of the State of Delaware to the United States District Court for the District of Delaware.

**SAUL EWING ARNSTEIN & LEHR LLP**

*/s/ James D. Taylor, Jr.*
James D. Taylor, Jr. (#4009)
1201 N. Market Street, Suite 2300
Wilmington, DE  19801
(302) 421-6800
James.taylor@saul.com

Dated October 29, 2020

*Counsel for Defendant University of Delaware*

## **CERTIFICATE OF SERVICE**

I, James D. Taylor, Jr., do hereby certify that on this 29th day of October, 2020 I cause to be served the within Notice of Filing of Notice of Removal as follows:

Via electronic mail

Robert J. Kriner, Jr., Esquire
Scott M. Tucker, Esquire
CHIMICLES SCHWARTZ KRINER
& DONALDSON-SMITH LLP
2711 Centerville Road, Suite 201
Wilmington, DE 19808


*/s/James D. Taylor, Jr.*
James D. Taylor, Jr.(#4009)