# EXHIBIT
# 1

EFiled:  Aug 14 2020 02:21PM EDT
Transaction ID 65848886
Case No. N20C-08-121 DCS

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

PENNY NINIVAGGI, MICHAEL          :
NINIVAGGI, TODD MICKEY,           :
JAKE MICKEY, JAMES NIGRELLI       :
and CAILIN NIGRELLI, individually :
and on behalf of all others similarly :    C. A. No. _____
situated,                         :
                                  :
                                  :    JURY OF 12 DEMANDED
              *Plaintiffs*,       :
                                  :
        v.                        :
                                  :
UNIVERSITY OF DELAWARE,           :
                                  :
              *Defendant*.        :

## <u>PRAECIPE</u>

TO:        Prothonotary
           Superior Court
           Leonard L. Williams Justice Center
           500 N. King Street, Suite 10400
           Wilmington, DE 19801

PLEASE ISSUE SUMMONS to the New Castle County Sheriff's Office to

serve a copy of the summons and complaint upon defendant UNIVERSITY OF

DELAWARE, pursuant to 8 *Del. C.* § 321 and 10 *Del. C.* § 3111, at the address

below:

           University of Delaware
           c/o Dennis Assanis, President
           Office of the President
           University of Delaware
           104 Hullihen Hall
           Newark, DE 19716

Dated: August 14, 2020

**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**

____*/s/ Robert J. Kriner, Jr.*____

Of Counsel:

Robert J. Kriner, Jr. (#2546)
Scott M. Tucker (#4925)

**BURSOR & FISHER, P.A.**

2711 Centerville Road, Suite 201
Wilmington, DE 19808
(302) 656-2500

Joshua D. Arisohn
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: jarisohn@bursor.com

*Attorneys for Plaintiff*

**BURSOR & FISHER, P.A.**

Sarah N. Westcot
2665 S. Bayshore Drive, Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

EFiled:  Aug 14 2020 02:21PM EDT
Transaction ID 65848886
Case No. N20C-08-121 DCS

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

PENNY NINIVAGGI, MICHAEL    :
NINIVAGGI, TODD MICKEY,    :
JAKE MICKEY, JAMES NIGRELLI    :
and CAILIN NIGRELLI, individually  :
and on behalf of all others similarly  :   C. A. No. _____
situated,    :
    :   JURY OF 12 DEMANDED
    *Plaintiffs*,    :
    :
    v.    :
    :
UNIVERSITY OF DELAWARE,    :
    :
    *Defendant*.    :

## SUMMONS

THE STATE OF DELAWARE,
TO THE SHERIFF OF NEW CASTLE COUNTY:
YOU ARE COMMANDED:

    To summon the above named defendant, University of Delaware, so that, within 20 days after service hereof upon Defendant, exclusive of the day of service, shall serve upon Robert J. Kriner, Jr., Esquire, Plaintiffs' attorney, whose address is 2711 Centerville Road, Suite 201, Wilmington, Delaware 19808, to Answer to the Complaint (and, if the Complaint contains a specific notation requiring the Defendant to answer any or all allegations of the Complaint by affidavit, an affidavit of defense), and to serve upon Defendants a copy hereof and of the Complaint.

_____
Chief Deputy Prothonotary
– Lisa M. Gonzalez


_____
Per Deputy


TO THE ABOVE NAMED DEFENDANT:

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiffs' attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).


_____
Chief Deputy Prothonotary
– Lisa M. Gonzalez


_____
Per Deputy

EFiled:  Aug 14 2020 02:21PM EDT
Transaction ID 65848886
Case No. N20C-08-121 DCS

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

PENNY NINIVAGGI, MICHAEL    :
NINIVAGGI, TODD MICKEY,    :
JAKE MICKEY, JAMES NIGRELLI    :
and CAILIN NIGRELLI, individually    :
and on behalf of all others similarly    :   C. A. No. _____
situated,    :
   :
   :   JURY OF 12 DEMANDED
*Plaintiffs*,    :
   :
v.    :
   :
UNIVERSITY OF DELAWARE,    :
   :
*Defendant*.    :

## CLASS ACTION COMPLAINT

Plaintiffs Penny Ninivaggi, Michael Ninivaggi, Todd Mickey, Jake Mickey, James Nigrelli and Cailin Nigrelli ("Plaintiffs") bring this action on behalf of themselves and all others similarly situated against Defendant University of Delaware ("UD" or "Defendant"). Plaintiffs make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

## NATURE OF THE ACTION

1.      This is a class action lawsuit on behalf of all students and parents who paid tuition and fees for the Spring 2020 academic semester at UD and who,

because of Defendant's response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services for which their fees were paid, without having their tuition and fees refunded to them.

2.     With approximately 18,500 undergraduate and 4,500 graduate students, UD is the largest university in Delaware.   UD offers 148 bachelor's programs, 121 master's programs (with 13 joint degrees) and 55 doctoral programs across its eight colleges.

3.     On March 11, UD announced that it was suspending classes for the next two days in the run up to spring break and that the school would transition all instruction to online learning for the rest of the semester.   Online learning was initially planned to begin on March 23, 2020, but was later pushed back to March 30, 2020.

4.     As such, UD has not held in-person classes since March 11, 2020. Classes continued, but only in an online format and without in-person instruction.

5.     As a result of the closure of Defendant's facilities, Defendant did not deliver the educational services, facilities, access and/or opportunities that Plaintiffs and the putative class contracted and paid for.   The online classes that UD provided were not even close to being equivalent to the in-person classes that Plaintiffs and the putative class members contracted and paid for.   As a result,

students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

6.     Plaintiffs and the putative class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access and/or opportunities that Defendant did not provide.  Even if Defendant did not have a choice in cancelling in-person classes, it nevertheless improperly retained funds for services it did not provide.

7.     Plaintiffs seek, for themselves and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online, and campus services ceased being provided.  Plaintiffs seek a return of these amounts on behalf of themselves and the Class as defined below.

## PARTIES

8.     Plaintiff Penny Ninivaggi is a citizen of New York who resides in Merrick, New York.  Ms. Ninivaggi is the parent of Michael Ninivaggi, who was a UD student during the Spring 2020 semester.  For the spring semester, UD charged Ms. Ninivaggi approximately $17,080 in tuition, a $750 differential for the Business and Economics Program, $227 for a Student Health Service Fee, $429 for a Comprehensive Student Fee and $119 for a Student Center Fee.  Ms. Ninivaggi paid UD approximately $5,824.48 of these costs out of pocket.  Ms. Ninivaggi and

3

her son Michael also jointly took out a loan of approximately $9,400 to pay for the spring semester.  The remainder of the tuition and fees for the spring semester were covered by a Federal Pell Grant and a Federal DL Subsidized Loan in Michael's name.  To date, Ms. Ninivaggi has a received a refund from UD of only $184.42 despite the fact that in-person classes have not been held since March 11, 2020.

9.     Plaintiff Michael Ninivaggi, a 2020 graduate of UD, is a citizen of New York who resides in Merrick, New York.  During the Spring 2020 semester, he was an undergraduate student at UD pursuing a Bachelor's Degree in Accounting and Finance.  Michael, jointly with his mother, took out a loan of approximately $9,400 to pay for the spring semester.  He also took out a Federal DL Subsidized Loan in the amount of $2,721 for the spring semester.  Prior to beginning the Spring 2020 semester, and prior to paying tuition and fees, Michael consulted the Course Catalog and enrolled in courses for the Spring 2020 semester. In consulting the Course Catalog, Michael understood and believed that every course in which he enrolled was to be taught in-person.  Michael's understanding and belief was based on the fact that UD's course catalog specified that his courses would be "In Person (P)," not "Online Site (OS)" or "Online and In Person (OP)":



UD's online course catalog also specified that Michael's classes would be at UD's "Main Campus (SA-NEWARK)," not through "UD Online (SA-VIRTUAL)":



Thus, the in-person nature of the courses that Michael selected was part of the benefit of the bargain, and Michael would not have paid as much, if any, tuition and fees for the Spring 2020 semester at UD had he known that the courses would not, in fact, be taught in-person.

10.     Plaintiff Todd Mickey is a citizen of New Jersey who resides in Milford, New Jersey.  Mr. Mickey is the parent of Jake Mickey, an undergraduate

student at UD pursuing a Bachelor's Degree in Marketing.  The Marketing major at UD relies extensively on in-person instruction, peer collaboration, and access to UD's facilities.  For the spring semester, UD charged Mr. Mickey approximately $17,080 in tuition, $2,608 for a dining plan, $3,996 for housing and $1,525 in other fees.  Mr. Mickey paid these amounts out of the 529 account that he holds in Jake's name.  To date, UD has provided Mr. Mickey with pro-rated refunds for the dining and housing fees, but only $184.42 in refunds for fees and no refund for tuition despite the fact that in-person classes have not been held since March 11, 2020.

11.    Plaintiff Jake Mickey is a citizen of New Jersey who resides in Milford, New Jersey.  Jake is an undergraduate student at UD pursuing a Bachelor's Degree in Marketing.  Prior to beginning the Spring 2020 semester, and prior to paying tuition and fees, Jake consulted the Course Catalog and enrolled in courses for the Spring 2020 semester.  In consulting the Course Catalog, Jake understood and believed that every course in which he enrolled was to be taught in-person.  Jake's understanding and belief was based on the fact that UD's course catalog specified that his courses would be "In Person (P)," not "Online Site (OS)" or "Online and In Person (OP)":



12.    UD's online course catalog also specified that Michael's classes

would be at UD's "Main Campus (SA-NEWARK)," not through "UD Online (SA-

VIRTUAL)":



Thus, the in-person nature of the courses that Jake selected was part of the benefit

of the bargain, and Jake and his family would not have paid as much, if any, tuition

and fees for the Spring 2020 semester at UD had he known that the courses would

not, in fact, be taught in-person.

13.    Plaintiff James Nigrelli is a citizen of Massachusetts who resides in

Sudbury, Massachusetts.   Mr. Nigrelli is the parent of Cailin Nigrelli, an undergraduate student at UD. For the spring semester, UD charged Mr. Nigrelli $17,080 in tuition, approximately $925 in fees and another $4,797 in housing, less $1,362 as a need-based grant.  Mr. Nigrelli paid these amounts in full other than approximately $3,217 in loans that Cailin took out in her own name for the Spring 2020 semester.   To date, Mr. Nigrelli has a received a refund from UD of $3,227.07 for unused housing, but only $538.76 in fees and no refund at all for tuition despite the fact that in-person classes have not been held since March 11, 2020.

14.     Plaintiff Cailin Nigrelli, is a citizen of Massachusetts who resides in Sudbury, Massachusetts.   Cailin is an undergraduate student at UD pursuing a Bachelor's Degree in Applied Molecular Biology & Biotechnology ("AMBB"). The AMBB major at UD relies extensively on in-person instruction, peer collaboration, and access to UD's facilities, including laboratories.  Cailin took out approximately $3,217 to help pay for the Spring 2020 semester.  Prior to beginning the Spring 2020 semester, and prior to paying tuition and fees, Cailin consulted the Course Catalog and enrolled in courses for the Spring 2020 semester.   In consulting the Course Catalog, Cailin understood and believed that every course in which she enrolled was to be taught in-person.  Cailin's understanding and belief was based on the fact that UD's course catalog specified that her courses would be

8

"In Person (P)," not "Online Site (OS)" or "Online and In Person (OP)":



UD's online course catalog also specified that Cailin's classes would be at UD's "Main Campus (SA-NEWARK)," not through "UD Online (SA-VIRTUAL)":



Thus, the in-person nature of the courses that Cailin selected was part of the benefit of the bargain, and Cailin would not have paid as much, if any, tuition and fees for the Spring 2020 semester at UD had she known that the courses would not, in fact, be taught in-person.

15.     Defendant University of Delaware is a Delaware corporation pursuant

to 14 Del. C. § 5101 located in Newark, Delaware.

## JURISDICTION AND VENUE

16.     Jurisdiction and venue are proper in this Court because Defendant University of Delaware is organized under Delaware law and conducts substantial business throughout New Castle County.

## FACTUAL ALLEGATIONS

17.     Plaintiffs and Class members are individuals who paid the cost of tuition and other mandatory fees for the Spring 2020 Semester at UD.

18.     Spring Semester 2020 classes at UD began on February 10, 2020. The final day of classes was scheduled for May 18, 2020 and final examinations were scheduled to end on May 28, 2020.

19.     Plaintiffs and Class members paid the cost of tuition for the Spring Semester 2020.  They also paid other mandatory fees associated with the Spring Semester 2020.

20.     Approximate tuition costs at UD for the Spring 2020 Semester are as follows:

- Undergraduate Tuition (in-state): $6,365

- Undergraduate Tuition (out-of-state): $17,080

- Associate in Arts Program (in-state): $2,113

- Associate in Arts Program (out-of-state): $5,275

10

The tuition for various graduate programs run up to $1,898 per credit.

21.     In addition to tuition, UD charges undergraduate and graduate student fees, including Student Health Service Fees, Comprehensive Student Fees, Student Center Fees, Differential Fees, Mandatory Full Time Fees, Sustaining Tuition Fees, Indirect Costs and others.

22.     The tuition and fees described in the paragraphs above are provided by way of example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.

23.     On March 11, UD announced that it was suspending classes for the next two days in the run up to spring break and that the school would transition all instruction to online learning for the rest of the semester.  Online learning was initially planned to begin on March 23, 2020, but was later pushed back to March 30, 2020.

24.     Since March 11, 2020, UD has not held any in-person classes. Classes that have continued have only been offered in an online format, with no in-person instruction.  Even classes for students with concentrations in areas where in-person instruction is especially crucial have only had access to minimum online education options.

25.     As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that

11

Plaintiffs and the putative class contracted and paid for.  Plaintiffs and the putative class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendant has not provided.  Even if Defendant claims it did not have a choice in cancelling in-person classes, it nevertheless improperly retained funds for services it is not providing.

26.   Plaintiffs and members of the Class did not pay for attendance at an online institution of higher learning, but instead paid for attendance at Defendant's institution on an in-person basis.  In fact, when they picked their courses through UD's online course catalog, they all specifically picked classes that were listed as being in-person at UD's physical campus.

27.   The online classes that UD provided to students instead were not equivalent in any way to the in-person classes that Plaintiffs and class members paid for.  From the lack of facilities, materials, and access to faculty, students were deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.   The online classes that UD provided were not even remotely worth what the school charged for the full Spring Semester 2020 tuition. The tuition and fees for in-person instruction at UD are higher than tuition and fees for online institutions because such costs cover not just the academic instruction, but encompass an entirely different experience which includes but is not limited to:

- Face to face interaction with professors, mentors, and peers;

- Access to facilities such as libraries, laboratories, computer labs, and study room;

- Student governance and student unions;

- Extra-curricular activities, groups, intramural sports, etc.;

- Student art, cultures, and other activities;

- Social development and independence;

- Hands on learning and experimentation;

- Networking and mentorship opportunities.

28.   The fact that UD students paid a higher price for an in-person education than they would have paid for an online education is illustrated clearly by the vast price difference in UD's in-person, on-campus program and its online course offerings, sometimes for the exact same subject.  For instance, UD charges $1,350 per credit for its in-person Accounting Practice graduate program, but only $900 per credit for the online version.  Similarly, UD charges $1,898.00 per credit for its in-person Education Technology graduate program, and only $697.00 for the same program online.  UD's International Business Master's Program costs $1,350 for in-person instruction and just $900 for online instruction.

29.   Through this lawsuit Plaintiffs seek, for themselves and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020

13

when classes moved online, and campus services ceased being provided.  Plaintiffs seek return of these amounts on behalf of themselves and the Class as defined below.

## CLASS ALLEGATIONS

30.    Plaintiffs seek to represent a class defined as all people who paid University of Delaware Spring Semester 2020 tuition and/or fees for in-person educational services that University of Delaware failed to provide, and whose tuition and fees have not been refunded (the "Class").  Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, any member of the judge's immediate family, counsel for Plaintiffs and/or any family member of counsel for Plaintiffs.

31.    Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

32.    **Numerosity.**  The members of the Class are geographically dispersed throughout the United States and are so numerous that individual joinder is

14

impracticable.   Upon information and belief, Plaintiffs reasonably estimate that there are tens of thousands of members in the Class.  Although the precise number of Class members is unknown to Plaintiffs, the true number of Class members is known by Defendant and may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

33.   **Existence and predominance of common questions of law and fact.**  Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members.  These common legal and factual questions include, but are not limited to, the following:

(a)   whether Defendant accepted money from Class members in exchange for the promise to provide services;

(b)   whether Defendant provided the services for which Class members contracted; and

(c)   whether Class members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendant did not provide.

(d)   whether Defendant unlawfully converted money from Plaintiffs, the Class; and

(e)   whether Defendant is liable to Plaintiffs and the Class for unjust

15

enrichment.

34.   **Typicality.**  Plaintiffs' claims are typical of the claims of the absent members of the Class in that, among other things, all Class members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.  Further, there are no defenses available to Defendant that are unique to Plaintiffs.

35.   **Adequacy of Representation.**  Plaintiffs will fairly and adequately protect the interests of the Class.  Plaintiffs have retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiffs intend to vigorously prosecute this action on behalf of the Class.  Furthermore, Plaintiffs have no interests that are antagonistic to those of the Class.

36.   **Superiority.**        A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation.  Absent a class action, most class members would likely find that the cost of litigating their individual claim is prohibitively high and would therefore have no effective remedy. The damages or other financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant.  It would, thus, be virtually impossible for the Class on an individual basis, to obtain effective

redress for the wrongs committed against them.  Furthermore, the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members, which would establish incompatible standards of conduct for Defendant.  Furthermore, even if Class members could afford such individualized litigation, the court system could not.   Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.   Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

37.   Class certification is also appropriate under Rule 23(b) and its subparts because:

(a)   Pursuant to Rule 23(b)(1)(A), in the absence of certification, the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members; that would establish incompatible standards of conduct for the Defendant;

(b)   Pursuant to Rule 23(b)(1)(B), in the absence of certification, the

17

prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c)     Pursuant to Rule 23(b)(2), Defendant has acted or refused to act on grounds generally applicable to the Class; as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

(d)     Pursuant to Rule 23(b)(3), as set forth above, common issues of law and fact predominate over any purely individual issues and thus a class action is superior to any other method for adjudicating these claims.

## COUNT I
### Breach of Contract
### (On Behalf Of The Class)

38.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

39.     Plaintiffs bring this claim individually and on behalf of the members of the Class and Subclass against Defendant.

40.     Through the admission agreement and payment of tuition and fees,

Plaintiffs and each member of the Class entered into a binding contract with Defendant.

41.     As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services, all as set forth above.  Plaintiffs and Class members fulfilled their end of the bargain when they paid monies due for Spring Semester 2020 tuition.  Tuition for Spring Semester 2020 was intended to cover in-person educational services from February through May 2020.  In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring Semester.

42.     Defendant has failed to provide the contracted for services and has otherwise not performed under the contract as set forth above.  Defendant has retained monies paid by Plaintiffs and the Class for their Spring Semester 2020 tuition and fees, without providing them the benefit of their bargain.

43.     Plaintiffs and members of the Class have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the education, experience, and services to which they were promised and for which they have already paid.

44.     As a direct and proximate result of Defendant's breach, Plaintiffs and the Class are entitled to damages, to be decided by the trier of fact in this action, to include but no be limited to reimbursement of certain tuition, fees, and other

expenses that were collected by Defendant for services that Defendant has failed to deliver.  Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since UD was shut down on March 11, 2020.

45.    Defendant's performance under the contract is not excused due to COVID-19.  Indeed, Defendant should have refunded the pro-rated portion of any education services not provided.  Even if performance was excused or impossible, Defendant would nevertheless be required to return the funds received for services they will not provide.

**COUNT II**
**Unjust Enrichment**
**(On Behalf Of The Class)**

46.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

47.    Plaintiffs bring this claim individually and on behalf of the members of the Class and Subclass against Defendant.

48.    Plaintiffs and members of the Class conferred a benefit on Defendant in the form of monies paid for Spring Semester 2020 tuition and other fees in exchange for certain service and promises.  Tuition for Spring Semester 2020 was intended to cover in-person educational services from January through May 2020. In exchange for tuition monies paid, Class members were entitled to in-person

educational services through the end of the Spring Semester.

49.     Defendant voluntarily accepted and retained this benefit by accepting payment.

50.     Defendant has retained this benefit, even though Defendant has failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances. Accordingly, Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since UD shut down on March 11, 2020.

51.     It would be unjust and inequitable for Defendant to retain the benefit, and Defendant should be required to disgorge this unjust enrichment.

## COUNT III
### Conversion
### (On Behalf Of The Class)

52.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

53.     Plaintiffs bring this claim individually and on behalf of the members of the Class and Subclass against Defendant.

54.     Plaintiffs and members of the Class have an ownership right to the in-person educational services they were supposed to be provided in exchange for their Spring Semester 2020 tuition and fee payments to Defendant.

55.     Defendant intentionally interfered with the rights of Plaintiffs and the Class when they moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.

56.     Plaintiffs and members of the Class demand the return of the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since UD shut down on March 11, 2020.

57.     Defendant's retention of the fees paid by Plaintiffs and members of the Class, without providing the educational services for which they paid, deprived Plaintiffs and Class members of the benefits for which the tuition and fees paid.

58.     This interference with the services for which Plaintiffs and members of the Class paid injured Plaintiffs and Class members in that they paid tuition and

fees for services that will not be provided.

59.     Plaintiffs and Class members are entitled to the return of pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since UD shut down on March 11, 2020.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a)     For an order certifying the Class and naming Plaintiffs as representatives of the Class and Plaintiffs' attorneys as Class Counsel to represent the Class;

(b)     For an order finding in favor of Plaintiffs and the Class on all counts asserted herein;

(c)     For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d)     For prejudgment interest on all amounts awarded;

(e)     For an order of restitution and all other forms of equitable monetary relief;

(f)     For injunctive relief as pleaded or as the Court may deem proper; and

(g)     For an order awarding Plaintiffs and the Class their reasonable attorneys' fees and expenses and costs of suit.

## JURY DEMAND

Plaintiffs demand a trial by jury of any and all issues in this action so triable.

Dated: August 14, 2020

Respectfully submitted,

**CHIMICLES SCHWARTZ KRINER
& DONALDSON-SMITH LLP**

_/s/ Robert J. Kriner, Jr._

Robert J. Kriner, Jr. (#2546)
Scott M. Tucker (#4925)
2711 Centerville Road, Suite 201
Wilmington, DE 19808
(302) 656-2500

_Attorneys for Plaintiffs_

Of Counsel:

**BURSOR & FISHER, P.A.**
Joshua D. Arisohn
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email:       jarisohn@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot
2665 S. Bayshore Drive, Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

EFiled: Oct 07 2020 09:56AM EDT
Transaction ID 65996904
Case No. N20C-08-121 DCS

10-6-20

EFiled: Aug 14 2020 02:21PM EDT
Transaction ID 65848886
Case No. N20C-08-121 DCS

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

PENNY NINIVAGGI, MICHAEL : 
NINIVAGGI, TODD MICKEY, : 
JAKE MICKEY, JAMES NIGRELLI : 
and CAILIN NIGRELLI, individually : 
and on behalf of all others similarly :   C. A. No. _____
situated, :

                         :   JURY OF 12 DEMANDED

          *Plaintiffs*, :

      v. :

UNIVERSITY OF DELAWARE, :

          *Defendant*. :

## PRAECIPE

TO:     Prothonotary
        Superior Court
        Leonard L. Williams Justice Center
        500 N. King Street, Suite 10400
        Wilmington, DE 19801

PLEASE ISSUE SUMMONS to the New Castle County Sheriff's Office to

serve a copy of the summons and complaint upon defendant UNIVERSITY OF

DELAWARE, pursuant to 8 *Del. C.* § 321 and 10 *Del. C.* § 3111, at the address

below:

     University of Delaware
     c/o Dennis Assanis, President
     Office of the President
     University of Delaware
     104 Hullihen Hall
     Newark, DE 19716

Dated: August 14, 2020

**CHIMICLES SCHWARTZ KRINER
& DONALDSON-SMITH LLP**

Of Counsel:

___*/s/ Robert J. Kriner, Jr.*_____
Robert J. Kriner, Jr. (#2546)
Scott M. Tucker (#4925)

**BURSOR & FISHER, P.A.**
Joshua D. Arisohn
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: jarisohn@bursor.com

2711 Centerville Road, Suite 201
Wilmington, DE 19808
(302) 656-2500

*Attorneys for Plaintiff*

**BURSOR & FISHER, P.A.**
Sarah N. Westcot
2665 S. Bayshore Drive, Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

2