IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PENNY NINIVAGGI et al., individually and
on behalf of all others similarly situated,

    *Plaintiffs*,
 v.              No. 20-cv-1478-SB

UNIVERSITY OF DELAWARE,

    *Defendant*.

---

HANNAH RUSSO, individually and on
behalf of all others similarly situated,

    *Plaintiff*,
 v.              No. 20-cv-1693-SB

UNIVERSITY OF DELAWARE,

    *Defendant*.

---

Robert J. Kriner, Jr., Scott M. Tucker, CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP, Wilmington, Delaware; Joshua D. Arisohn, BURSOR & FISHER, P.A., New York, New York.

                      *Counsel for Ninivaggi et al.*

Christopher P. Simon, Michael L. Vild, CROSS & SIMON, LLC, Wilmington, Delaware; Eric M. Poulin, Roy T. Willey, IV, ANASTOPOULO LAW FIRM, LLC, Charleston, South Carolina.

                          *Counsel for Russo.*

James D. Taylor, Jr., Charles E. Davis, SAUL EWING ARNSTEIN & LEHR LLP, Wilmington, Delaware.

                          *Counsel for Defendant.*

---

**MEMORANDUM OPINION**

December 3, 2021

BIBAS, *Circuit Judge*, sitting by designation.

Parties must live with the choices they make, even if they later regret them. Here, the University of Delaware asked me to decide a novel issue of Delaware law. I did. Now, having lost that battle, the University asks me to let the Delaware Supreme Court take a second crack at it. Doing so would be unfair and wasteful. So I deny its request.

The Covid-19 pandemic hit midway through the 2020 spring semester. Facing that unprecedented crisis, the University of Delaware moved its classes online and shuttered student buildings.

Angry about the closures, some students (and their parents) sued the University for partial refunds under Delaware law in Delaware courts. The University faced a choice: do battle in Delaware or in federal district court. It went federal. Then, it moved to dismiss the suits. I granted those motions in part but ruled that the University had plausibly, though impliedly, promised in-person classes. I decided that the students could sue over those implicit promises even though they had contracted expressly with the University about other matters.

In an about-face, the University now claims I should never have answered that legal question. Instead, it says I should certify the issue to the Delaware Supreme Court, so it can weigh in. *See* Del. Const. art. IV, § 11(8) (allowing certification). After all, argues the University, the issue is novel, important, and arises out of Delaware law.

The decision to certify "rests in the sound discretion of … federal court[s]," so I need not decide whether this case meets Delaware's certification standard. *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). Using that discretion, I deny the University's request.

For starters, the University selected a federal forum. These cases began in Delaware's courts. The University chose to remove them to the federal system. *Russo v. Univ. of Del.*, No. 20-1693, D.I. 1, at 1–2 (Dec. 14, 2020); *Ninivaggi v. Univ. of Del.*, No. 20-1478, D.I. 1, at 1–2 (Oct. 29, 2020). Now it should live with that choice. Plus, certifying now would give the University a do-over. It lost. It cannot erase the score because it did not like the stadium *it* chose.

Besides, the University could have moved to certify before I ruled on its motions to dismiss. By then, it knew that the case presented novel and important issues. Instead, it let me resolve them. Certifying now would prolong litigation, waste court time, and deplete judicial resources. *See Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 77 (1997). So I choose not to certify.

\* \* \* \* \*

Sometimes certification can help. It can reduce delay and ensure that legal issues are decided by the most competent tribunals. But here, certification would ask a question I have already answered, cause undue delay, and give one party a do-over. So I deny the University's motion.