# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PENNY NINIVAGGI et al., individually and on behalf of all others similarly situated,<br><br>        *Plaintiffs*,<br><br>    v.<br><br>UNIVERSITY OF DELAWARE,<br><br>        *Defendant*. | Civil Action No. 20-cv-1478-SB |

## REPLY IN FURTHER SUPPORT OF DEFENDANT'S
## MOTION TO EXCLUDE THE EXPERT TESTIMONY OF
## <u>COLIN B. WEIR</u>

*Of Counsel:*
**SAUL EWING LLP**

Jonathan A. Singer (admitted *pro hac vice*)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
(410) 332-8690
jon.singer@saul.com

**SAUL EWING LLP**

James D. Taylor, Jr. (#4009)
Marisa R. De Feo (#6778)
Jessica M. Jones (#6246)
Juliana G. Clifton (#6980)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
(302) 421-6800
james.taylor@saul.com
marisa.defeo@saul.com
jessica.jones@saul.com
juliana.clifton@saul.com

*Counsel for University of Delaware*

Dated: November 30, 2022

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION AND SUMMARY OF ARGUMENT ........................................................ 1

ARGUMENT .............................................................................................................................. 1

    I.    PLAINTIFFS DO NOT DISAGREE THAT IF GASKIN IS EXCLUDED, WEIR'S OVERPAYMENT PERCENTAGE CALCULATION LIKEWISE FAILS .................................................................................................................. 1

    II.    WEIR'S PRO RATA DAMAGES CALCULATION FAILS TO ISOLATE THE "PRICE PREMIUM" ........................................................................................ 1

    III.    WEIR'S MISCALCULATION OF THE MISSED DAYS IS AN ERROR .......... 2

    IV.    WEIR'S MISSING DAYS CALCULATION IS BASED UPON AN ERRONEOUS PREMISE: THAT THE UNIVERSITY CHARGES THE SAME PRICE FOR EACH DAY OF THE SEMESTER ................................................... 3

    V.    WEIR ADMITTEDLY MISCALCULATES "NET TUITION" TO RENDER AN OVERPAYMENT DAMAGES CALCULATION INCONSISTENT WITH DELAWARE LAW ................................................................................................ 4

    VI.    WEIR IS NOT QUALIFIED AND LACKS A SUFFICIENT BASIS AND HIS OPINION SHOULD BE EXCLUDED .................................................................. 5

        a.    Plaintiffs' Opposition Confirms that Weir Blindly Accepted Gaskin's "Class Action Conjoint" ............................................................................. 5

CONCLUSION ........................................................................................................................... 5

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Britton v. Servicelink Field Services, LLC*
    2019 WL 3400683 (E.D. Wash. July 26, 2019) ................................................................. 3, 4

*Daubert v. Merrell Dow Pharm., Inc.*,
    509 U.S. 579 (1993) ............................................................................................................... 3

*Strassburger v. Earley*,
    752 A.2d 557 (Del. Ch. 2000) ................................................................................................ 4

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*,
    500 F. Supp. 3d 940 (N.D. Cal. 2020), *aff'd sub nom.*, *Schell v. Volkswagen
    AG*, 2022 WL 187841 (9th Cir. Jan. 20, 2022) ..................................................................... 1

**OTHER AUTHORITIES**

RULE 702 .................................................................................................................................. 1, 5

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Defendant, the University of Delaware (the "University") offers the following memorandum of law in support of its Motion to Exclude the Testimony of Colin B. Weir ("Weir") and in reply to Plaintiffs' Memorandum of Law in Opposition to the University's Motion to Exclude Weir. In their opposition, Plaintiffs fail to meet their burden to prove that the challenged opinions of Weir are reliable and will help the Court understand the evidence or resolve factual issues at class certification, as Rule 702 and *Daubert* require.

**ARGUMENT**

**I.  PLAINTIFFS DO NOT DISAGREE THAT IF GASKIN IS EXCLUDED, WEIR'S OVERPAYMENT PERCENTAGE CALCULATION LIKEWISE FAILS**

While Plaintiffs dispute the amount of reliance upon Gaskin's overpayment percentage, they do not disagree that Weir's Hypothetical Model Calculation is entirely dependent upon Gaskin's overpayment percentage. (D.I. 113 at p. 6). In other words, if the University successfully excludes Gaskin's testimony, Weir's opinion as to the Hypothetical Model Calculation likewise fails like it did in *Volkswagen* (which Plaintiffs completely ignore in their Opposition). *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 500 F. Supp. 3d 940, 950 (N.D. Cal. 2020) ("Without a reliably calculated emissions premium [from Gaskin], Plaintiffs' depreciation analysis [from Weir] is useless because it lacks a starting point from which to calculate a decline in value for low emissions."), *aff'd sub nom.*, *Schell v. Volkswagen AG*, 2022 WL 187841 (9th Cir. Jan. 20, 2022).

**II.  WEIR'S PRO RATA DAMAGES CALCULATION FAILS TO ISOLATE THE "PRICE PREMIUM"**

Plaintiffs state (without support or citation) that because Weir's damages were calculated on a *pro rata* basis, this automatically isolated the "price premium" from the benefits students

received in the Spring 2020 semester. (D.I. 113 at p. 8). It is unclear how Gaskin or Weir accomplished this, nor could the University's expert identify any isolation of the "price premium." Plaintiffs then suggest that giving full credit to the University for the semester up until the transition to virtual instruction also addresses these concerns; however, this is illogical. Plaintiffs do not identify any portion of the Gaskin-Weir Hypothetical Model that accounts for the benefits that consumers received as a result of paying tuition – for example, it is undisputed that Plaintiffs received course credit, progressed towards graduation, and enjoyed continued access to University services, even after the transition to virtual instruction. (*See* D.I. 106 at Ex. 11). As is telling, Plaintiffs fail to acknowledge, let alone distinguish, *ConAgra*, *Scotts EZ Seed Litig.*, *Pom Wonderful*, and *Hughes* – a line of cases that excluded opinions (including Weir's) because they failed to isolate the "price premium" that the putative class allegedly did not receive. The same should be done here – Plaintiffs' *ipse dixit* does not withstand *Daubert* scrutiny.

### III. WEIR'S MISCALCULATION OF THE MISSED DAYS IS AN ERROR

Unable to accept the blunder in his calculations, Weir now submits that his calculation of "academic days" meant to include Memorial Day – a Federal holiday where no classes were held. (D.I. 113 at p. 9). However, this contradicts his deposition testimony:

> I looked at the calendar and understood the number of weeks that were shown in the 16 calendar and subtracted from the total of weeks times five days, things like -- sorry. ***I subtracted from the total number of days, weekends, spring break days, days that were not -- days that were not full weeks like at the end where I think it ends on a Thursday, those sorts of things.***

(D.I. 106 Ex. 2 at 185:12-22) (emphasis added). In other words, Weir excluded weekends, spring break, and other days where no instruction was held, but now (upon scrutiny) decides to treat Memorial Day differently.

Plaintiffs do not dispute the cases identified by the University that demonstrate basic mathematical errors and flaws in methodology are appropriate reasons to exclude an expert opinion. Rather, Plaintiffs ask this Court to ignore the blatant errors in his methodology because they "go to the weight and not admissibility of [expert] opinions." (D.I. 113 at p. 8). This ignores the *Daubert **requirement*** that trial courts apply a reliability analysis to an expert's opinion. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993). The role of the court is to evaluate whether the methodology utilized by the expert is reliable, *i.e.*, whether, when correctly employed, that methodology leads to testimony helpful to the trier in fact. *Daubert*, 509 U.S. at 591–93 (noting that the testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue" and that the trial court's determination "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue").

IV. **WEIR'S MISSING DAYS CALCULATION IS BASED UPON AN ERRONEOUS PREMISE: THAT THE UNIVERSITY CHARGES THE SAME PRICE FOR EACH DAY OF THE SEMESTER**

Plaintiffs' Opposition fails to respond to the University's assertion that educational services cannot be unbundled into a *per diem* rate and inaccurately states that "UD charges the same price for every day of the semester." (D.I. 113 at p. 9). It does not – ***it charges tuition by the semester.*** (D.I. 106 Ex. 12 at p. 7). This underscores the very criticism that the University has with Weir's Calculation of Days. Plaintiffs likewise offer no response or explanation as to how this individualized inquiry can be generalized on a class wide basis, and do not address Weir's deposition admissions as to the individualized nature of damages here. Lastly, Plaintiffs' attempt to distinguish *Britton v. Servicelink Field Services, LLC* is unavailing and misses the holding that a generalized *pro rata* calculation is inappropriate without understanding the individual impacts upon each plaintiff. 2019 WL 3400683 (E.D. Wash. July 26, 2019). Plaintiffs offer no additional

3

support for their ability to unbundle educational services on a *per diem* basis and this Court should exclude Weir's opinion on this basis.

### V. WEIR ADMITTEDLY MISCALCULATES "NET TUITION" TO RENDER AN OVERPAYMENT DAMAGES CALCULATION INCONSISTENT WITH DELAWARE LAW

Weir's Overpayment Damages calculation necessarily relies on an accurate calculation of "net tuition" received by the University for undergraduate students in Spring 2020. As set forth in the Opening Brief, and unrebutted in the Opposition, Weir undeniably failed to accurately calculate "net tuition" because he admittedly only reduced gross tuition ($221,673,166) by undergraduate student aid provided by the University ($55,690,434) ***without regard for other sources of payments the University received to further offset gross tuition.*** Had Weir accounted for such sources, it would have resulted in a different amount of "net tuition." Nor did Weir discuss how he would obtain data on payments from third-parties, such as a Chamber of Commerce scholarship paid directly to a student. As a result, Weir's Overpayment Damages calculation is mathematically unsound and unreliable.

Further, as Plaintiffs actually point out, Weir acknowledged this flaw during his deposition, but he (and Plaintiffs) excuse it away based on the legally incorrect belief that "whether students who are awarded damages would then owe some of the money to others is a matter for another day." (D.I. 113 at p. 11-12). In other words, according to Plaintiffs, they should be awarded a windfall from the University and leave for another day whether they should be required to return some of that windfall to others. *Id*. That is not how damages are calculated and awarded under Delaware law, which instead provides that "damages are measured by the plaintiff's 'out-of-pocket' actual loss." *Strassburger v. Earley*, 752 A.2d 557, 579 (Del. Ch. 2000). Thus, Weir's Overpayment Damages calculation is also inconsistent with Delaware law.

4

## VI. WEIR IS NOT QUALIFIED AND LACKS A SUFFICIENT BASIS AND HIS OPINION SHOULD BE EXCLUDED

### a. Plaintiffs' Opposition Confirms that Weir Blindly Accepted Gaskin's "Class Action Conjoint"

Plaintiffs boldly assert in their Opposition that Weir only needed four inputs to conduct both of his calculations: (1) the overpayment factor (*which he accepted from Gaskin*); (2) net tuition (*which he failed to understand and was based upon two documents*); (3) the time period at issue for proration (*which he miscalculated*); and (4) the percentage of the semester missed (*which he miscalculated*). Merely accepting these inputs in a vacuum – without any challenge, understanding, or consideration as to alternative inputs – is inappropriate under Rule 702. The University identified multiple cases that have excluded opinions on these grounds, yet Plaintiffs failed to respond to any of those cases or identify their own case law.

Plaintiffs' response to the University's criticism that Weir failed to review critical documents is similarly unavailing and includes much more than his failure to review interrogatory responses. (D.I. 113 at p. 13; D.I. 113 at p. 18). Most critically, Plaintiffs offer no explanation as to why Weir did not review the University's budget, year-end financials, or budget projections – documents that were central to his task. Lastly, the University's expert report contains numerous ways in which a mastery of the facts could have led to a more reliable analysis. (*See generally* Ex. 12.). "Weir had access to all of these inputs," (D.I. 113 at p 13) yet he failed to avail himself in the 5.75 hours he dedicated to this matter.

## CONCLUSION

For the reasons set forth above and in the University's opening brief, the University requests that the Court grant the University's Motion to Exclude the Expert Testimony of Colin B. Weir.

5

|  |  |
|---|---|
| *Of Counsel:*<br>**SAUL EWING LLP**<br><br>Jonathan A. Singer (admitted *pro hac vice*)<br>1001 Fleet Street, 9th Floor<br>Baltimore, MD 21202<br>(410) 332-8690<br>jon.singer@saul.com<br><br>Dated: November 30, 2022 | **SAUL EWING LLP**<br><br>/s/ *Marisa R. De Feo*<br>James D. Taylor, Jr. (#4009)<br>Marisa R. De Feo (#6778)<br>Jessica M. Jones (#6246)<br>Juliana G. Clifton (#6980)<br>1201 N. Market Street, Suite 2300<br>Wilmington, DE 19801<br>(302) 421-6800<br>james.taylor@saul.com<br>marisa.defeo@saul.com<br>jessica.jones@saul.com<br>juliana.clifton@saul.com<br><br>*Counsel for University of Delaware* |