# BURSOR & FISHER
### P.A.

**888 SEVENTH AVENUE**
**NEW YORK, NY 10019**
**www.bursor.com**

JOSHUA D. ARISOHN
Tel: **646.837.7103**
Fax: **212.989.9163**
jarisohn@bursor.com

March 31, 2023

**VIA ECF**

Hon. Stephanos Bibas
United States Court of Appeals for the Third Circuit
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

Re:   *Ninivaggi v. University of Delaware*, 20-cv-1478-SB

Dear Judge Bibas,

I write on behalf of Plaintiffs Michael Ninivaggi, Jake Mickey, Cailin Nigrelli and Hannah Russo ("Plaintiffs") pursuant to Court's March 28, 2023 Order (ECF No. 133) requesting a letter brief on "whether the Daubert motions should be considered before the summary judgment motion or simultaneously." The parties met and conferred to discuss this issue on March 29, 2023.

Plaintiffs believe that the motions can be considered simultaneously. Given that numerous courts have approved of the work of Plaintiffs' experts Steven Gaskin and Colin Weir, Defendant's Daubert motions are unlikely to succeed. Indeed, "[s]everal courts have had the opportunity to evaluate their methodologies" for measuring damages in class actions and, "[i]n every one of these cases, courts found that the Weir and Gaskin [choice-based conjoint] analysis" satisfied all requirements. *Bechtel v. Fitness Equip. Servs., LLC*, 339 F.R.D. 462, 484 (S.D. Ohio 2021) (citing *Kurtz v. Costco Wholesale Corp.*, 818 F. App'x 57 (2d Cir. 2020); *Bailey v. Rite Aid Corp.*, 338 F.R.D. 390 (N.D. Cal. 2021); *Mannacio v. LG Elecs. U.S.A., Inc.*, No. 16-CV-1220, 2020 WL 4676285 (D. Minn. Aug. 12, 2020)). Accordingly, there is likely little utility in delaying this case for the Court to decide the Daubert motions before the summary judgment motion and, instead, the most efficient course is to decide the motions simultaneously. To the extent that the Daubert motions have any impact on summary judgment, it can be addressed in the same order.

Separately, Defendant has stated that it will ask the Court to delay issuing a ruling on the summary judgment motion until class notice has been completed and the opt-out period has ended. But Defendant has waived its protections under the rule against one-way intervention. In October 2022, prior to the filing of Defendant's summary judgment motion, Plaintiffs asked Defendant about seeking an amendment of the case schedule that would delay summary judgment briefing until after class certification was determined. As Plaintiffs explained, a motion filed before class certification would seek summary judgment solely for the claims of the individual named Plaintiffs, not the class a whole. Defendant responded that it wished to

proceed as to the named Plaintiffs only and the briefing that followed focused <u>solely</u> on the claims of the named Plaintiffs.

      Now, after all of the briefing has been completed, Defendant has changed its mind. But the case law is clear that when, like here, a defendant chooses to seek summary judgment before class certification is decided, "it accepts the risk that the decision will not bind absent members of the putative class." *Reynolds v. Turning Point Holding Co., LLC*, 2020 WL 7336932, at *3 (E.D. Pa. Dec. 14, 2020); *Higgins v. Bayada Home Healthcare, Inc.*, 2020 WL 2512989, at *2 (M.D. Pa. May 15, 2020) (where defendant asked to file a motion for summary judgment before the class ruling, the defendant "is expressly waiving this protection by requesting leave to file a merits motion prior to class certification.").

      Respectfully,

*[signature: Josh Arisohn]*

Joshua D. Arisohn

CC: All counsel of record (via ECF)