IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PENNY NINIVAGGI et al., individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNIVERSITY OF DELAWARE,<br><br>*Defendant*. | Civil Action No. 20-CV-1478-SB |

**UNIVERSITY OF DELAWARE'S MOTION TO STAY
PENDING APPEAL OF THE COURT'S CLASS CERTIFICATION DECISION**

Defendant, the University of Delaware (the "University"), by and through its undersigned counsel, respectfully moves the Court to stay proceedings in this case (and particularly the distribution of a notice to class members)[1] pending resolution of an appeal on the recent class certification decision. *See* D.I. at 3.

Prior to submitting this Motion, the University filed a Petition for Permission to Appeal under Rule 23(f) to the Third Circuit Court of Appeals seeking to reverse or vacate this Court's March 31, 2023 Order granting Certification (the "Order"). The Court should stay proceedings in this case because continuing to litigate during the pendency of the appeal would require unnecessary administrative and other costs to be incurred, imposes reputational risk to the University, and may confuse or harm potential class members if they are notified of the class action and then later told the class has been decertified or the definition modified in a way that now

---

[1] On the same date as the filing of the Petition for Permission to Appeal and this Motion to Stay, this Court has directed that the parties submit the proposed notice to class members for Court review and approval. In agreeing to those forms of notice, the University explained that this Motion to Stay was being filed.

excludes them. In contrast, delaying the notice to class members and otherwise staying the case pending the appeal poses no undue burden on the Plaintiffs or class members. Given the significance of the Court's rulings, the size and scope of the proposed class, and the desire to develop clearly understood class certification requirements within the Circuit, a stay is in the interest of justice.

## FACTUAL BACKGROUND

The Court, at this stage, is familiar with facts and the parties' claims. After discovery, Plaintiffs moved to certify a class on alternative theories of breach of contract and unjust enrichment for "[a]ll undergraduate students enrolled in classes at the University of Delaware during the Spring 2020 semester who paid tuition." *See* D.I. 76. Following briefing and oral argument, the Court certified the class. (D.I. 138 at 6–13). Respectfully, the District Court's Order cannot be reconciled with Third Circuit Court of Appeals' precedent. The Order did not hold Plaintiffs to their burden of proof under Rule 23 and instead allowed them to proceed to certification based on allegations, unproduced evidence, and challenged expert opinion.

Specifically, the Court declined to consider or resolve the University's pending motions to exclude the testimony of Plaintiffs' experts, and underlying damages model they purportedly created, which Plaintiffs collectively relied upon to establish predominance. *Id.* at 3. Aware of the issue and the governing Third Circuit law, the Court nonetheless disagreed with the University, concluding that "[i]n moving to certify their class, [P]laintiffs did not rely on expert testimony" and that Plaintiffs' expert testimony was not "critical" to assessing the Rule 23 requirements, including predominance. *Id.* The Plaintiffs did indeed rely on expert testimony in their class certification motion, and the only measure of damages advanced by the Plaintiffs hinges exclusively on the market study and associated calculations performed by Plaintiffs' experts. The

Order also did not address, as it must, each element of Plaintiffs' claims, did not amend or address the deficiencies in Plaintiffs' proposed class definition, and reached conclusions that impair the University's one-way intervention rights.

After the Court's Order, and in an effort to assert a claim for the seven days during which the University cancelled classes and extended spring break, counsel for the Plaintiffs filed a companion case styled *Griffin v. University of Delaware,* C.A. No. 1:23-cv-00385 on behalf of a putative class that would include all of the class members here. The filing of that case further supports the issuance of a stay of this case so that the effect of that filing, if any, can be considered and addressed.

## LEGAL STANDARD

Under Rule 23(f) of the Federal Rules of Civil Procedure, an appeal of an order granting or denying class certification "does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f). Although this Circuit has not articulated the standard for such a stay, *see, e.g., Johnson v. Geico Cas. Co.*, 269 F.R.D. 406, 411 (D. Del. 2010); *King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, No. 2:06-CV-1797, 2015 WL 9244638, at *3 (E.D. Pa. Dec. 17, 2015), other circuits have applied factors similar to those examined in the context of a preliminary injunction.[2] *See Blair v. Equifax Check Serv., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999) (noting "a stay would depend on a demonstration that the probability of error in the class certification decision is high enough that the costs of pressing ahead in the

---

[2] Those factors are: (1) likelihood of success on the merits; (2) irreparable harm to the moving party if the injunction is denied; (3) harm to the nonmoving party if the injunction is granted; and (4) the public interest. *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). Courts balance these factors such that "more of one excuses less of the other." *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015).

district court exceed the costs of waiting."); *In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 3 (D.D.C. 2002) (noting a decision to stay a class certification appeal is discretionary and should be informed by a flexible application of the factors used to consider preliminary injunctive relief); *In re Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 140 (2nd Cir. 2001) ("[W]e hold that a stay will not issue unless the likelihood of error on the part of the district court tips the balance of hardships in favor of the party seeking the stay.").

Under any standard, the factors supporting a stay here outweigh any argument that a notice must be sent to class members now.

## ARGUMENT

A stay at this stage would avoid unnecessary notice to nearly twenty-thousand current and former UD students who were enrolled in Spring 2020 until such time as the appeal can be considered. It would avoid the potential that an incomplete or incorrect notice is sent, including to those who may be carved-out of a modified class definition. And it would minimize reputational risk to the University. Nor would a stay cause any harm or prejudice to the Plaintiffs or class members. Spring 2020 was a (hopefully) once in a lifetime experience, and there is no continuing harm to any members. Alternatively, the distribution of class notices, the attendant financial and reputational costs, and the uncertainty and confusion that would abound from a decision decertifying the class weigh heavily in favor of a stay. The University respectfully submits that any notice to class members should be held in abeyance until the Third Circuit can act upon the Petition for Appeal.

### I. The University is Likely to Prevail on the Petition and Appeal

As to the first factor, a movant must show "a likelihood of success on the merits" to be granted relief. *Singer Mgmt. Consultants, Inc. v. Milgran*, 650 F.3d 223, 229 (3d Cir. 2011). This

does not mean the movant must prove that it is "more likely than not" to succeed on the appeal, but rather only requires demonstrating "a reasonable chance, or probability of winning." *Id.* Courts have held, for purposes of a Rule 23(f) appeal, the analysis includes the likelihood the appellate court will permit the appeal and the likelihood it will find for the movant on the merits. *Johnson*, 269 F.R.D. at 412 (citing *Kos Pharm.*, 369 F.3d at 708). The Third Circuit Court of Appeals observed that a Rule 23(f) petition is appropriate to address: "(1) the possible case-ending effect of an imprudent class certification decision (the decision is likely dispositive of the litigation); (2) an erroneous ruling; or (3) [immediate appeal would] facilitate development of the law on class certification." *Newton*, 259 F.3d at 165.

The pending appeal concerns, *inter alia*, the Court's determination that it need not conduct a *Daubert* analysis before deciding whether to certify the class in this case, where Plaintiffs relied on challenged expert evidence to establish predominance. *See* D.I. 138 at 3. In their *Daubert* motions and at oral argument on the Plaintiffs' Motion for Class Certification, the University repeatedly cited *In re Blood Reagents Antitrust Litigation*, 783 F.3d 183 (3d Cir. 2015), which held a plaintiff cannot rely on challenged expert testimony to establish any of the Rule 23 requirements unless the expert testimony also survives the "rigorous analysis" prescribed in *Daubert*. *See* D.I. 104 at 7; D.I. 106 at 10; D.I. 134 at 9:7–14; 27:1; 43:7–10; 89:11–14. The Court declined to do so.

The University respectfully submits that the likelihood of success on the merits factor weighs in favor of the University because the University stands "a reasonable chance, or probability of winning" the Rule 23(f) appeal as the Third Circuit should permit the appeal and overturn the class certification. The standard for issuing a stay based on Rule 23(f) is not whether the Court agrees with the University's position, but whether the ruling is significant enough to

warrant an appeal and there is a reasonable chance of succeeding. *See In re Revel AC*, 802 F.3d 558, 568 (3d Cir. 2015). In this case, the class certification decision is one of the most significant occurrences in the litigation and the University has challenged Plaintiffs' reliance on expert testimony derived from a mis-applied conjoint analysis to establish predominance[3]; the Court's failure to rigorously analyze each element of Plaintiffs' claims; the overly broad class definition; and findings made in contravention of the one-way intervention rule.

After this Court granted certification, the United States District Court for the District of Massachusetts, excluded a choice-based conjoint analysis used to calculate damages in the Boston University tuition refund case, concluding that the conjoint analysis "does not survive scrutiny under *Daubert*." *Id.* The expert in that case performed the same choice-based conjoint analysis as Plaintiffs' experts, and the BU plaintiffs, like Plaintiffs here, relied on that damages model to establish a basis for calculating class-wide damages. *Id.* As the Court there explained, however, the conjoint analysis (like Dr. Gaskins' conjoint analysis herein) was inapplicable and inherently flawed in the context of valuing tuition in higher education for a number of reasons—all of which the University raised herein in its motions challenging Plaintiffs' expert testimony. *Id.*

Ultimately, because Plaintiffs relied on a challenged expert damages model that "does not survive scrutiny under *Daubert*" to establish predominance, the University submits that the Court erred in declining to consider and resolve the University's pending expert motions pursuant to *In re Blood Reagents Antitrust Litigation*. Moreover, because Plaintiffs presented no evidence at

---

[3] In fact, Plaintiffs' experts' choice-based conjoint analysis damages model has never before been used in higher education for valuing tuition—"it is typically used to inform a seller's pricing strategy by determining what consumers would be willing to pay (or not pay) for a specific feature of a particular product," not "to assign a comparative value to a tuition package" based on in-person or online learning. *In re: Boston University Covid-19 Refund Litigation*, Civil Action No. 20-10827-RGS, 2023 WL 2838379, at *2-3 (D. Mass. Apr. 7, 2023).

class certification to meet their evidentiary burden to show how they can establish class-wide damages other than their experts' model and testimony, if the Court properly considered and excluded such expert evidence, Plaintiffs would have necessarily failed to establish predominance.

The University also respectfully submits that it will prevail on the appeal because the Court did not conduct a rigorous analysis of each element of Plaintiffs' claims, did not modify the class definition to address its infirmities, and reached conclusions on the merits that it should not have. As such, there is a likelihood the Third Circuit will grant the University's appeal and vacate or remand the class certification decision.

## II. The University Will Suffer Irreparable Harm Absent a Stay

As to the second factor, a movant must show "a significant risk [it] will experience harm that cannot adequately be compensated after the fact by monetary damages." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484-85 (3d Cir. 2000). This must be an actual and immediate injury rather than a mere possibility of future harm. *See Continental Group, Inc. v. Amoco Chemical Corp.*, 614 F.2d 351, 359 (3d Cir. 1980). The Third Circuit has acknowledged a "purely economic injury, compensable in money" may constitute irreparable harm. *Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 255 (3d Cir. 2011). It has also acknowledged harm to a party's "reputation" or "loss of goodwill" may constitute irreparable harm in some contexts. *Golden Fortune Imp. & Exp. Corp. v. Mei-Xin Ltd.*, No. 22-1710, 2022 WL 3536494, at *6 (3d Cir. Aug. 5, 2022); *Pappan Enterprises, Inc. v. Hardee's Food Sys.*, Inc., 143 F.3d 800, 805 (3d Cir. 1998).

This factor weighs in favor of the University because denying the stay would require it to expend significant time and resources assisting Plaintiffs and their class administrator in noticing prospective class members, and the attendant reputational harm that would result, while the propriety of certification on this record is being considered on appeal. Additionally, denying the

stay also expends judicial resources, because the appeal could impact future proceedings in this case, especially with summary judgment motions pending. As such, the irreparable harm factor weighs in favor of the University.

### III.  A Stay Will Not Prejudice Plaintiffs

As to the third factor, the potential harm to the non-moving party must be balanced against the potential benefits to the moving party. *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 596 (3d Cir. 2002). This factor weighs in the University's favor because a stay benefits all parties, including Plaintiffs, by ensuring the case proceeds in a logical, orderly fashion so that the proposed class members are not prematurely (or incorrectly) notified of their rights while the existence of those very rights is at issue on appeal. If the Court does not grant a stay, and the Third Circuit Court of Appeals vacates or reverses the class certification, thousands of students will have prematurely received class notice, which the parties will subsequently revoke, thereby wasting additional time and money and confusing thousands of student class members. *See, e.g.*, *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 196 (3d Cir. 1990) (acknowledging "likely confusion" as a harm when analyzing a preliminary injunction in other contexts).

Nor would the stay cause undue delay. This litigation is further along than many of the tuition class actions cases that are proceeding across the country and is at the ideal stage for a stay before class notices are sent. And, because of the subsequent filing of the *Griffin* case, a stay of this case will permit opportunity for the parties to address its effect on this litigation, if any.

### IV.  A Stay Will Serve the Public Interest

As to the final factor, the public interest supports granting the University's request for a stay of proceedings because there is a legitimate risk of erroneously including students as class

members who are subsequently excluded after the appeal. Although the public has a legitimate interest in the prompt resolution of claims, the public has an even greater interest in resolving claims properly and efficiently. For all of the reasons stated herein, the public interest factor weighs in favor of the University.

## CONCLUSION

The court has certified a class. The university respectfully disagrees with that decision and has today filed a petition to appeal it. Because the next step in the case would be notice to class members that, if the university is successful, would be unnecessary, the case should be stayed pending that appeal.

| | |
|---|---|
| **OF COUNSEL**<br>**SAUL EWING LLP**<br>Jonathan A. Singer (admitted *pro hac vice*)<br>1001 Fleet Street, 9th Floor<br>Baltimore, MD 21202<br>(410) 332-8690<br>jon.singer@saul.com<br><br>Dated: April 14, 2023 | **SAUL EWING LLP**<br><br>/s/*James D. Taylor, Jr.*<br>James D. Taylor, Jr. (#4009)<br>Marisa R. De Feo (#6778)<br>Jessica M. Jones (#6246)<br>Juliana G. Clifton (#6980)<br>1201 N. Market Street, Suite 2300<br>Wilmington, DE 19801<br>(302) 421-6800<br>james.taylor@saul.com<br>marisa.defeo@saul.com<br>jessica.jones@saul.com<br>juliana.clifton@saul.com<br><br>*Counsel for Defendant University of Delaware* |