## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL NINIVAGGI, JAKE MICKEY, CAILIN NIGRELLI and HANNAH RUSSO, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNIVERSITY OF DELAWARE,<br><br>*Defendant*. | Civil Action No. 20-cv-1478-SB |

**JOINT PROPOSED PLAN FOR NOTICE OF PENDENCY OF CLASS ACTION**

41458339.2

Plaintiffs Michael Ninivaggi, Jake Mickey, Cailin Nigrelli and Hannah Russo (the "Class Representatives") and Defendant University of Delaware ("Defendant" or "UD") respectfully submit this proposed notice plan pursuant to Court's March 31, 2023 Order (ECF No. 139).[1]

## I. THE PROPOSED NOTICE PLAN

On March 31, 2023, the Court certified a Class defined as "All undergraduate students enrolled in classes at the University of Delaware during the Spring 2020 semester who paid tuition." "For any class certified under Rule 23(b)(3), the court must direct the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). For due process purposes, class notice must be reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to opt-out. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Individual notice must be sent to all class members whose names and addresses may be "ascertained through reasonable effort." *Larson v. AT&T Mobility LLC*, 687 F.3d 109, 124 (3rd Cir. 2012).

Here, Plaintiff has retained JND Legal Administration ("JND") to serve as the class notice administrator. Within fourteen (14) days after approval of this notice plan, UD will provide JND with e-mail addresses of all class members. JND will then cause a copy of the Long Form Notice to be sent by email to all class members. A copy of the Long Form Notice is

---

[1] Contemporaneous with the parties' filing of this Joint Proposed Plan for Notice of Pendency of Class Action, and pursuant to Rule 23(f), the University has filed and/or will be filing a Petition for Permission to Appeal the Court's March 31, 2023 Memorandum Opinion (ECF No. 138) granting Plaintiffs' Motion for Class Certification (ECF No. 121). The University has also filed and/or will be filing a Motion to Stay proceedings in this Court pending resolution of the University's Rule 23(f) Petition and appeal. For the avoidance of doubt, in the event the Third Circuit grants the University's Rule 23(f) Petition and accepts the appeal, and/or if this Court or the Third Circuit stay proceedings in this Court pending the appeal, the University requests that the Notice Plan herein proposed be stayed as well.

attached hereto as Exhibit A.

For all class members whose emails are returned as undeliverable, JND will provide a list of all such students to UD. Within fourteen days after receipt of the aforesaid list, UD will provide the last known address of each student to JND. JND will then cause a copy of the Postcard Notice to be mailed to be mailed to their last known address. JND shall update the addresses using the National Change of Address database before dissemination. A copy of the proposed Postcard Notice is attached hereto as Exhibit B.

JND will also cause a copy of the class notice to be posted on a dedicated website together with links to important case documents, such as Plaintiff's Consolidated Class Action Complaint, UD's Answer, and the Court's Orders concerning UD's Motion to Dismiss, Plaintiffs' Motion for Class Certification, and opinions on any other pending motions if decided before the opt out period expires. . The address for the dedicated website will be www.delawaretuitionlawsuit.com.[2]

This notice plan mirrors those that courts have adopted for class action settlements in similar COVID-19 tuition cases. *See, e.g.*, *Metzner v. Quinnipiac University*, 3:20-cv-00784-KAD (D. Conn.), ECF No. 125; *D'Amario v. Univ. of Tampa*, No. 7:20-cv-03744 (S.D.N.Y.), ECF No. 65; *Wright v. S. New Hampshire Univ.*, 565 F. Supp. 3d 193, 207 (D.N.H. Apr. 26, 2021); *Rosado v. Barry Univ., Inc.*, No. 1:20-cv-21813-JEM (S.D. Fla. Mar. 30, 2021), ECF No. 73.

## II.   CONTENTS OF THE NOTICE PLAN

The requirements for the content of class notices for (b)(3) classes are specified in Fed.

---

[2] This website is not currently active as of the date of this filing and, therefore, the University has been unable to review its contents. The University reserves the right to review and provide comment on the website within five (5) days of its receipt. For avoidance of doubt, such review shall occur prior to service of the class notices.

R. Civ. P. 23(c)(2)(B)(i)-(vii). The Long Form Notice and Postcard Notice both meet all of these requirements, as detailed in the following table:

| REQUIREMENT | LONG FORM NOTICE | POSTCARD NOTICE |
|---|---|---|
| "The nature of the action." Fed. R. Civ. P. 23(c)(2)(B)(i). | First introductory bullet; Q&A nos. 2 and 6. | ¶¶ 1 and 2. |
| "The definition of the class certified." Fed. R. Civ. P. 23(c)(2)(B)(ii). | Second introductory bullet; Q&A no. 3. | ¶ 3. |
| "The class claims, issues, or defenses." Fed. R. Civ. P. 23(c)(2)(B)(iii). | First introductory bullet; Q&A nos. 2, 5-6. | ¶¶ 1 and 2. |
| "That a class member may enter an appearance through an attorney if the member so desires." Fed. R. Civ. P. 23(c)(2)(B)(iv). | Q&A no. 13. | ¶ 4. |
| "That the court will exclude from the class any member who requests exclusion." Fed. R. Civ. P. 23(c)(2)(B)(v). | Table of "Your Legal Rights and Options;" Q&A nos. 10-11. | ¶ 4. |
| "The time and manner for requesting exclusion." Fed. R. Civ. P. 23(c)(2)(B)(vi). | Fourth introductory bullet; Q&A no. 11. | ¶ 4. |
| "The binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B)(vii). | Table of "Your Legal Rights and Options"; Fourth introductory bullet; Q&A nos. 9-10. | ¶ 4. |

In addition to meeting the specific legal requirements of Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii), the Long Form Notice and Postcard Notice are based on the Federal Judicial Center's ("FJC") model forms for notice of pendency of a class action. FJC prepared these models at the request of the Subcommittee on Class Actions of the U.S. judicial branch's Advisory Committee on the Federal Rules of Civil Procedure. *See* www.fjc.gov. The FJC models are designed to illustrate how attorneys and judges might comply with Fed. R. Civ. P. 23(c)(2)(B)'s requirement

that class action notices "must concisely and clearly state in plain, easily understood language" specific information about the nature and terms of a class action and how it might affect potential class members' rights. *See* www.fjc.gov. FJC explained its methodology for preparing these models as follows:

> We began this project by studying empirical research and commentary on the plain language drafting of legal documents. We then tested several notices from recently closed class actions by presenting them to nonlawyers, asking them to point out any unclear terms, and testing their comprehension of various subjects. Through this process, we identified areas where reader comprehension was low. We found, for example, that nonlawyers were often confused at the outset by use of the terms "class" and "class action." Combining information from the pilot test with principles gleaned from psycholinguistic research, we drafted preliminary illustrative class action notices and forms. We then asked a lawyer-linguist to evaluate them for readability and redrafted the notices in light of his suggestions.

*Id.* FJC then tested the redrafted model notices "before focus groups composed of ordinary citizens from diverse backgrounds" and also through surveys "[u]sing objective comprehension measures." *Id.*

Based on FJC's testing, the Parties believe that the Long Form Notice and Postcard Notice, which are very closely based on FJC models, with the format and content adopted almost verbatim in most instances, are accurate, balanced, and comprehensible.

### III.   SCHEDULING

The Parties propose that the deadline for Class members to request exclusion from the Class shall be 60 days after the dissemination of notice. The Parties believe a 60-day window will allow sufficient time for the opt-out deadline to lapse before the Court is likely to decide the University's motion for summary judgment.

### IV.   CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court approve the

notice plan and forms of notice described herein.

Dated: April 14, 2023                                    Respectfully submitted,

| | |
|---|---|
| **BURSOR & FISHER, P.A.** | **SAUL EWING LLP** |
| */s/ Joshua D. Arisohn* | */s/ James D. Taylor, Jr.* |
| Joshua D. Arisohn (admitted *pro hac vice*) | James D. Taylor, Jr. (#4009) |
| 888 Seventh Avenue | 1201 N. Market Street, Suite 2300 |
| New York, NY 10019 | P.O. Box 1266 |
| Telephone: (646) 837-7150 | Wilmington, DE 19899 |
| Facsimile: (212) 989-9163 | (302) 421-6800 |
| Email: jarisohn@bursor.com | James.Taylor@saul.com |
| *Attorneys for Plaintiffs* | *Attorney for Defendant* |

5