IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PENNY NINIVAGGI et al., individually
and on behalf of all others similarly
situated,

   *Plaintiffs,*

 v.            No. 20-cv-1478-SB

UNIVERSITY OF DELAWARE,

   *Defendant.*

---

HANNAH RUSSO, individually and on
behalf of all others similarly situated,

   *Plaintiff,*

 v.            No. 20-cv-1693-SB

UNIVERSITY OF DELAWARE,

   *Defendant.*

---

Robert J. Kriner, Jr., Scott M. Tucker, CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP, Wilmington, Delaware; Sarah N. Westcot, Joshua D. Arisohn, BURSOR & FISHER, P.A., New York, New York; Christopher P. Simon, CROSS & SIMON, LLC, Wilmington, Delaware.
               *Counsel for Ninivaggi et al.*

Christopher P. Simon, Michael L. Vild, CROSS & SIMON, LLC, Wilmington, Delaware; Blake G. Abbott, Eric M. Poulin, Roy Willey, Paul Doolittle, ANASTOPOULO LAW FIRM, LLC, Charleston, South Carolina; Robert J. Kriner, Jr., CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP, Wilmington, Delaware.
               *Counsel for Russo.*

James D. Taylor, Jr., Charles E. Davis, Marisa R. De Feo, SAUL EWING ARNSTEIN & LEHR LLP, Wilmington, Delaware.
               *Counsel for Defendant.*

## MEMORANDUM OPINION

April 26, 2023

BIBAS, *Circuit Judge*, sitting by designation.

After U. Delaware moved classes online in 2020, a group of undergraduates sued to recover some of their tuition payments. In my last opinion, I certified a class of all U. Delaware undergraduates who enrolled in Spring 2020 and paid some tuition. D.I. 138. U. Delaware has since appealed the class certification under Rule 23(f). But such an appeal "does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f). U. Delaware now asks me to do so, and plaintiffs do not object. *See* D.I. 141, 143. Still, I will deny the stay.

The Third Circuit has not yet set a standard for evaluating a motion to stay pending a Rule 23(f) appeal. *See Boley v. Universal Health Servs., Inc.*, 2021 WL 2186432, at *2 (E.D. Pa. May 27, 2021). But the Seventh Circuit and district courts in this circuit have used the four-part test for preliminary injunctions. *See, e.g.*, *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999); *see also Boley*, 2021 WL 2186432, at *2. U. Delaware also asks me to apply this standard. *See* D.I. 141 at 3. So I consider (1) whether there is a substantial likelihood for success on the merits of U. Delaware's appeal, (2) whether U. Delaware will suffer irreparable injury absent a stay, (3) whether the other parties will be harmed by a stay, and (4) whether a stay furthers the public interest. *See Nken v. Holder*, 556 U.S. 418, 425–26 (2009). All four factors weigh against granting a stay.

## I. LIKELIHOOD OF SUCCESS

Likelihood of success depends on both the likelihood that the Third Circuit will grant U. Delaware's Rule 23(f) petition and the likelihood that it will agree with U. Delaware on the merits. *See Johnson v. Geico Cas. Co.*, 269 F.R.D. 406, 412 (D. Del. 2010).

In deciding whether to grant interlocutory review, the Third Circuit has "broad discretion." *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 164 (3d Cir. 2001). But it also takes into consideration "the discretion the district judge possesses in implementing Rule 23, and the correspondingly deferential standard of appellate review." *Id.* (internal quotation marks omitted). And if "allowing the litigation to follow its natural course would provide the moving party with an adequate remedy, interlocutory review will generally prove unnecessary." *Id.* at 164–65.

Because letting this litigation follow its natural course will likely give U. Delaware an adequate remedy, I predict that the Third Circuit will not grant review. U. Delaware's main reason for appealing is my decision not to rule on its *Daubert* motions before certifying the class. D.I. 141 at 5. But the parties have already completed their briefing on the *Daubert* motions, and I will rule on those motions shortly. *See* D.I. 103, 105, 112, 113, 123, 125. If U. Delaware is right that plaintiffs' expert testimony is inadmissible, I may well have to grant it summary judgment, ending this case. *See* D.I. 117, 126, 128. And even if I deny its *Daubert* motions, U. Delaware may still prevail on summary judgment. Plus, if the case instead survives summary judgment, I will strongly consider certifying any outstanding issues for interlocutory appeal. *See* 28 U.S.C. § 1292(b).

3

Rule 23(f) review is particularly likely when it "implicates novel or unsettled questions of law." *Newton*, 259 F.3d at 164. But as far as I can tell, U. Delaware's appeal raises none. Instead, it says I erred in applying existing law. Though that does not preclude review, it makes it less likely. *Cf. Johnson*, 269 F.R.D. at 412 (granting a stay in part because the case may "facilitate the development of class certification case law").

Even if the Third Circuit grants the Rule 23(f) appeal, I do not think U. Delaware will win on the merits of that appeal. Its main complaint is that I should have decided its *Daubert* motions before certifying the class. D.I. 141 at 5. Again, I disagree. Courts must do so only when such testimony is "critical to class certification." *In re Blood Reagents Antitrust Litig.*, 783 F.3d 183, 187 (3d Cir. 2015). The expert testimony here was not.

Though plaintiffs cited expert testimony in their discussion of damages, they did not rely on it to show predominance. Instead, they argued that even if the case involved individualized damages issues, such issues would not predominate. *See* D.I. 102 at 10 ("[D]enial of class certification solely because damages require individual calculation would be an abuse of discretion."); D.I. 76 at 18 (citing how expert will calculate damages but arguing that predominance is satisfied when only damages require individual treatment).

In any event, I did not rely on expert testimony to find the Rule 23 factors met. *See* D.I. 138; *cf. In re Blood Reagents*, 783 F.3d at 188. Contrary to U. Delaware's contentions, the expert testimony was not needed to prove that damages could be

shown class-wide. I predicted that if plaintiffs could prove liability (either contractual or unjust enrichment), they would be entitled to restitution. *See* D.I. 138, at 17–18. Restitution equals the difference between the amount the students paid and the fair market value of the education they got. *See id.* at 18–19. As I said, the amount each student paid is an individualized question. *See id.* at 19. But one can answer that question easily by looking at the school's records. *See id.*

In contrast, the fair market value of the education the students got is a common question. *See id.* at 19. I am not using fair market value as a stand-in because of some difficulty in calculating each student's damages. Rather, I am using it because it is the proper measure of damages for plaintiffs' legal theories. *See id.* at 18–19; *see also* Restatement (Second) of Contracts §§ 270 & cmt. b (claim in restitution for partial impracticability), 377 & cmt. b (explaining that "reasonable value is appropriate" in cases of impracticability), 371 cmt. a (explaining that "reasonable value" is "usually based on the market price of [the] substitute" performance). Whether this litigation involved one student or one million, I would need to calculate the fair market value of the education U. Delaware provided in Spring 2020. So plaintiffs' ability to show the fair market value of the education does not address whether they can prove damages on a class-wide basis. Rather, it addresses whether they can prove damages at all.

I take U. Delaware's concerns about plaintiffs' expert testimony seriously. I will consider its *Daubert* motions with care. But doing so before class certification would have been jumping the gun. So I find that U. Delaware is unlikely to prevail on the

5

merits of its procedural argument on appeal. And the other issues U. Delaware raises relate to the sufficiency of the evidence. Because appellate courts defer to a district court's factual findings, I find it particularly unlikely that those rulings will be reversed. *See* 3 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 7:53 (6th ed. 2022). So this first factor weighs against a stay.

## II. IRREPARABLE INJURY

U. Delaware says it will be irreparably harmed absent a stay because it would waste resources helping plaintiffs notify class members. *See* D.I. 141 at 7. And telling former students about the pending litigation would harm its reputation. *See id.* I do not find either of these concerns sufficient to show irreparable injury. So this factor also weighs against a stay.

First, any wasted resources will be minor because of how far this litigation has progressed and how easily U. Delaware should be able to identify absent class members. The parties have already completed discovery and summary-judgment briefing. *See* D.I. 18, 117, 118, 126, 128. And though U. Delaware will have to spend some resources to help plaintiffs notify the class, those resources are likely minimal. U. Delaware "should already possess all the required records and be able to identify the class members easily." *Huffman v. Prudential Ins. Co. of Am.*, 2018 WL 1281901, at *2 (E.D. Pa. Mar. 12, 2018); *cf. Johnson*, 269 F.R.D. at 413 (staying class discovery where it would cost "in excess of one million dollars").

U. Delaware also says that its reputation will suffer if former students are told that it may have wronged them, only for the Third Circuit to decide that class certification was improper in the first place. *See* D.I. 141 at 7. But that reputational risk

6

is not high here. All class members are likely aware of the basic facts giving rise to this litigation: they know that Covid hit, their classes were moved online, and they did not get a refund. So I doubt U. Delaware's reputation will suffer much from informing class members that they may be entitled to recover. Plus, absent class members generally must be notified before trial. *See* 3 *Newberg and Rubenstein on Class Actions* § 7:11. So there is always a chance that class members will be informed of allegations that are never proved true.

### III. HARM TO STUDENTS

U. Delaware says that refusing to grant a stay would harm plaintiffs. It says that absent class members might be confused if they are told about this litigation only for the Third Circuit to decertify the class. *See* D.I. 141 at 8. But "[g]iven that a class certification order may be revisited at any time, there is nothing unique in the possibility that the class may be decertified, thereby removing members from the class who had already received a class notice." *Wolff v. Aetna Life Ins. Co.*, 2023 WL 2589228, at *8 (M.D. Pa. Mar. 21, 2023); *see* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."). So this factor does not support a stay either.

### IV. PUBLIC INTEREST

Finally, U. Delaware says that the public interest favors staying this litigation. Once again, I disagree. The public has a strong interest in conducting litigation efficiently. *Cf. King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, 2015 WL 9244638, at *9 (E.D. Pa. Dec. 17, 2015). And as I have said, the next step is to decide the *Daubert* motions. If U. Delaware wins on appeal on its main argument, the case will be

remanded, and I will have to decide those motions anyway. *See In re Blood Reagents*, 783 F.3d at 188–89 (remanding to the district court "to conduct a *Daubert* inquiry"). So proceeding with those motions will likely speed up litigation even if I am reversed.

Plus, I think the public will benefit from continued consideration of this case's novel legal issues. The pandemic affected many across the country in the same way: they got something different from what they bargained for. Indeed, there are many cases with facts almost identical to those here—students who want refunds because their universities moved classes online. Moving forward with this litigation will help flesh out whether and how those students can recover. That consideration of contract law will be valuable to future courts even if I am reversed on the procedural *Daubert* or evidentiary issues.

\* \* \* \* \*

Stays pending a Rule 23(f) appeal are not granted as a matter of course. *Johnson*, 269 F.R.D. at 412. I find no reason to stay the litigation here, so I deny U. Delaware's motion.