**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE**

| | |
|---|---|
| MICHAEL NINIVAGGI et al., individually and on behalf of all others similarly situated, *Plaintiffs*, v. UNIVERSITY OF DELAWARE, *Defendant*. | No. 20-cv-1478-SB |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AGREEMENT, CERTIFYING
SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVES,
APPOINTING CLASS COUNSEL, AND APPROVING NOTICE PLAN**

This litigation arose out of claims alleging unjust enrichment. Plaintiffs allege that the University of Delaware breached an implied contract to hold university classes in person during the spring semester of 2020. The University of Delaware denies all claims and allegations of wrongdoing in this action.

The parties have filed for preliminary approval of a settlement. The terms of the Settlement are set out in a Class Action Settlement Agreement executed by all five named Class Representatives (Michael Ninivaggi, Jake Mickey, Cailin Nigrelli, Hannah Russo, and Sean Griffin), Class Counsel, and University President Dennis Assanis on behalf of the University of Delaware (D.I. 150 Exhibit 1). The Class Action Settlement Agreement, together with the exhibits attached thereto, sets forth the terms and conditions the proposed settlement and dismissal of the Actions with prejudice as to Defendant upon the terms and conditions set forth therein.

Having reviewed the Settlement Agreement and the motion papers submitted in connection with the Motion for Preliminary Approval,

**I GRANT the motion for preliminary approval and ORDER as follows:**

1.     Terms and phrases in this Order shall have the same meaning as ascribed to them in

the Settlement Agreement.

2.      The Parties have moved for an order approving the settlement of the Actions in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Actions with prejudice. I have read and considered the Settlement Agreement, and preliminarily approve the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in Paragraph 5 of this Order.

3.      I find that the Court has jurisdiction over the subject matter of the Actions and over all Parties to the Actions.

4.      I find that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class set forth below.  I further find that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation.  I also find, for settlement purposes only, that the Settlement Agreement:

      a.   is the result of arm's-length negotiations between experienced class-action attorneys;

      b.   is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class;

      c.   meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act, 28 U.S.C. § 1715; and

      d.   is not a finding or admission of liability by the Defendant or any other person, nor a finding of the validity of any claims asserted in the Actions or of any wrongdoing or any violation of law.

**Final Approval Hearing**

5.    The Final Approval Hearing shall be held before this Court on **Monday, October 23, at 9:00 a.m**. at the J. Caleb Boggs Federal Building and United States Courthouse, 844 North King Street, Wilmington, Delaware to determine whether I should

     a.  give final approval to the proposed settlement of the Actions on the terms and conditions provided for in the Settlement Agreement and finally adjudge it to be fair, reasonable, and adequate;

     b.  enter judgment and order the dismissal of the Actions with prejudice;

     c.  approve the payment of attorneys' fees, costs, and expenses to Class Counsel; and

     d.  approve the payment of incentive awards to the Class Representatives.

I may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

6.    Class Counsel shall file papers in support of their Fee Award and Class Representatives' Incentive Awards with the Court on or before **Tuesday, September 5**, fourteen days before the Objection/Exclusion Deadline.

7.    Papers in support of final approval of the Settlement Agreement and any supplementation to the Fee Petition shall be filed with the Court on or before **Monday, October 9**, fourteen days before the Final Approval hearing.

**Certification of the Settlement Class**

8.    For purposes of settlement only:

     a.  Bursor & Fisher, P.A. is appointed Class Counsel for the Settlement Class; and

     b.  Michael Ninivaggi, Jake Mickey, Cailin Nigrelli, Hannah Russo, and Sean Griffin are named Class Representatives.

The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiffs Ninivaggi, Mickey, Nigrelli, Russo, and Griffin will adequately protect the interests of the Settlement Class defined below.

9.    For purposes of settlement only, I conditionally certify the following Settlement Class as defined in the Settlement Agreement:

> [A]ll UD undergraduate and graduate students for whom any amount of tuition and fees were paid from any source (e.g., the student's own funds, funding from a parent, or other family member, loan, or non-UD scholarship) to Defendant for the Spring 2020 Semester, and whose tuition or fees have not been refunded in their entirety prior to this Settlement.
> Excluded from the Settlement Class are (1) any Judge or Magistrate Judge presiding over these Actions and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, and attorneys; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

10.    I find, subject to the Final Approval Hearing referred to in Paragraph 5, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure for the sole purpose of settlement. Specifically, subject to the Final Approval Hearing,

a.   the Settlement Class is so numerous that joinder of all members is impracticable;

b.   there are questions of fact and law common to the Settlement Class;

c.   the claims of the Class Representatives are typical of the claims of the members of the Settlement Class;

d.   the Class Representatives and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class;

e.   common questions of law or fact predominate over questions affecting individual members; and

f.   a class action is a superior method for fairly and efficiently adjudicating the Actions.

4

11.      If the Settlement Agreement does not receive the Court's final approval, or if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of settlement class certification shall be vacated.

**Notice and Administration**

12.      The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement Agreement, including all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits A, B, C, and D thereto (the "Notice Forms") (D.I. 151) **with one modification**. In light of the language of similar settlements in other jurisdictions, the Court requests that Notice specify that each Class Members will be compensated pro rata based on the total amount of tuition and fees paid by him or her, or paid on his or her behalf, for the relevant semester. *Accord Wright v. S. N.H. Univ.*, 565 F.Supp. 3d 193, 206–07 (D.N.H. 2021). This language increases the clarity of the notice for Class Members.

The Notice Plan shall be commenced by **Friday, July 14**, twenty-one calendar days from the date of this order, as outlined in Section 4.1 of the Settlement Agreement. I find that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. I also find that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. I further find that, under all circumstances, the Notice is reasonably calculated to reasonably apprise members of the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. In addition, I find that no notice other than that specifically identified in the Settlement Agreement is necessary in these Actions. The Parties, by agreement, may revise the Notice Forms in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

13.     I approve the request for the appointment of Epiq Systems, Inc. as Settlement Administrator of the Settlement Agreement.

14.     Under Section 4 of the Settlement Agreement, I direct the Settlement Administrator to publish the Notice Forms on the Settlement Website and to send direct notice via U.S. Mail and email, in accordance with the Notice Plan called for by the Settlement Agreement. The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement.

**Requests for Exclusion from Class**

15.     Any person falling within the definition of the Settlement Class may, upon valid and timely request, exclude himself or opt out of the Class.  Any such person may do so if, on or before the Objection/Exclusion Deadline, which the Court orders to be set as 60 days after the Notice Date, he complies with the exclusion procedures set forth in the Settlement Agreement and Notice.  Any members of the Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

16.     Any members of the Settlement Class who elect to exclude themselves or opt out of the Settlement Agreement must file a written request with the Settlement Administrator, received or postmarked no later than the Objection/Exclusion Deadline, set as **Tuesday, September 19**, sixty calendar days from the Notice Date as set forth in the Settlement Agreement.  The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and Notice and include the Settlement Class member's name and address, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for the purposes of this Settlement.  Each request for exclusion must be submitted individually.  So called "mass" or "class" opt-outs shall not be allowed.

17.     Individuals who opt out of the Class relinquish all rights to benefits under the

6

Settlement Agreement and will not release their claims.  However, members of the Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they subsequently requested exclusion from the Settlement Agreement.

**Appearances and Objections**

18.      At least twenty-one calendar days before the Final Approval Hearing, any person who falls within the definition of the Settlement Class and who does not request exclusion from the Class may enter an appearance in the Actions, at his own expense, individually or through counsel of their own choice.  Any Settlement Class Member who does not enter an appearance by this date, calculated as **Monday, October 2**, will be represented by Class Counsel.

19.      Any members of the Settlement Class who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Actions with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the award to the Class Representatives as set forth in the Notice and Settlement Agreement.  At least fourteen days before the Objection/Exclusion Deadline, papers supporting the Fee Award shall be filed with the Court and posted to the settlement website. As specified above, these papers are due by **Tuesday, September 5**. Members of the Class may object on their own or may do so through separate counsel at their own expense.

20.      To object, members of the Class must sign and file a written objection no later than on or before the Objection/Exclusion Deadline, which the Court orders to be set as 60 days after the Notice Date. As specified in the Settlement Agreement, the Notice Date is **Friday, July 21**, twenty-eight days after the date of this order. The Objection/Exclusion Deadline is therefore

**Tuesday, September 19**. To be valid, the objection must comply with the objection procedures set forth in the Settlement Agreement and Notice.  Specifically, the objection must include:

    a.  the objector's name and address;

    b.  an explanation of the basis upon which the objector claims to be a Settlement Class Member;

    c.  all grounds for the objection, including all citations to legal authority and evidence supporting the objection;

    d.  the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and

    e.  a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).

If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption.  Class Counsel and Defendant's Counsel may petition the Court for discovery of any objector to determine whether the objector has standing as a Settlement Class Member.

    21.    Members of the Class who fail to file and serve timely written objections in compliance with the requirements of this Paragraph and the Settlement Agreement shall be deemed to have forfeited any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in Paragraph 5, above, specifically

     a.   whether the proposed settlement of the Actions on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval;

     b.   whether a judgment and order of dismissal with prejudice should be entered in the Actions;

     c.   whether the payment of attorneys' fees and expenses to Class Counsel should be approved; and

     d.   whether the payment of an incentive award to the Class Representatives should be approved.

22.     To be valid, objections by persons represented by counsel must be filed electronically on the docket.  *Pro se* objectors may mail their objections to the Court, Honorable Stephanos Bibas, U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, with a copy also sent to Class Counsel Joshua D. Arisohn of Bursor & Fisher, P.A., 1330 Avenue of the Americas, New York, NY 10019; and Defendant's Counsel James D. Taylor, Jr., Saul Ewing LLP, 1201 N. Market Street, Suite 2300, P.O. Box 1266, Wilmington, DE 19899.

**Further Matters**

23.     I STAY further proceedings in the Actions until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

24.     Members of the Settlement Class shall be bound by all determinations and judgments concerning the Settlement Agreement and Final Approval of same, whether favorable or unfavorable.

25.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement.  I may approve the Settlement Agreement,

with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

     26.     Any Settlement Class Member who does not timely and validly request exclusion from the Class pursuant to Paragraphs 15–17 hereto

    a.  shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders and judgments in the Actions relating thereto, including, without limitation, the Final Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Class; and

    b.  shall forever be barred and enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Claims against any of the Defendant and the other Released Parties, as more fully described in the Settlement Agreement.

    27.    Under this Order:

    a.  The Notice Plan shall begin by **Friday, July 14**, twenty-one days after the date of this order as outlined in Section 4.1 of the Settlement Agreement;

    b.  The Notice Plan shall be completed by **Friday, July 21**, which shall be the Notice Date for the sake of calculating all other dates dependent directly or indirectly on the Notice Date;

    c.  Class Counsel shall file papers in support of their Fee Award and Class Representatives' Incentive Awards (collectively, the "Fee Petition") with the Court on or before **Tuesday, September 5**, fourteen days before the Objection/Exclusion

Deadline;

d.  Objections shall be filed in accordance with Paragraph 20 of this Order on or before **Tuesday, September 19**, sixty days after the Notice Date;

e.  Requests for Exclusion shall be submitted in accordance with Paragraph 16 of this Order on or before **Tuesday, September 19**, sixty days after the Notice Date;

f.  Papers in support of final approval of the Settlement Agreement and any supplementation to the Fee Petition shall be filed with the Court on or before **Monday, October 9**, fourteen days before Final Approval hearing;

g.  The Final Approval Hearing shall be held before this Court on **Monday, October 23, at 9:00 a.m.** at the J. Caleb Boggs Federal Building and United States Courthouse, 844 North King Street, Wilmington, Delaware.

IT IS SO ORDERED, this 23rd day of June, 2023.

_____

The Honorable Stephanos Bibas
United States Circuit Judge