

James D. Taylor, Jr.
Phone: (302) 421-6863
Fax: (302) 421-6813
james.taylor@saul.com
www.saul.com

June 29, 2023

The Honorable Stephanos Bibas
18614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

      **Re:** *Ninivaggi et al. v. University of Delaware*, C.A. No. 1:20-cv-01478-SB;
           *Russo et al. v. University of Delaware*, C.A. No. 1:20-cv-01693-SB;
           <u>*Griffin v. University of Delaware*, C.A. No. 1:23-cv-00385-SB</u>

Your Honor:

      We write on behalf of the parties in this matter to respectfully seek clarification of Your Honor's June 23, 2023 Order Granting Preliminary Approval of Class Action Settlement Agreement, Certifying Settlement Class, Appointing Class Representatives, Appointing Class Counsel, and Approving Notice Plan (the "Order" (D.I. 152)). Because notices are to be distributed by July 14, we respectfully ask that the Court provide guidance as promptly as possible.

      In Paragraph 12 of the Order, Your Honor, citing to *Wright v. Southern New Hampshire University* (565 F.Supp. 3d 193 (D.N.H. 2021)) (the "SNHU Settlement"), requests that the Notice of Class Action Settlement Agreement be modified to "specify that each Class Members will be compensated pro rata ***based on the total amount of tuition and fees paid*** by him or her, or paid on his or her behalf, for the [Spring 2020] semester." Order at ¶ 12 (emphasis added). This change would modify the settlement payout method agreed upon by the parties and otherwise approved by the Court which contemplates "***a pro rata payment from the Settlement Fund***," to each class member. Class Action Settlement Agreement (the "Settlement Agreement" (D.I. 151)) at Sec. 2.1(b) (emphasis added).

      The parties initially discussed and considered a settlement structure that would have accounted for the amounts paid by or for each class member, but the individualized assessments required for that review, the burden of conducting that review, and the significant additional costs required to administer the process (including an appeal or audit process for any class member who challenged the resulting determination) resulted in the agreement to refund a fixed portion for each class member – all of whom will have paid at least the amount to be refunded.

P.O. Box 1266, Office BusinessStreet2 ♦ Wilmington, DE 19899-1266 ♦ Phone: (302) 421-6800 ♦ Fax: (302) 421-6813

DELAWARE  FLORIDA  ILLINOIS  MARYLAND  MASSACHUSETTS  MINNESOTA  NEW JERSEY  NEW YORK  PENNSYLVANIA  WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

June 29, 2023
Page 2

      This structure has been approved and utilized in other tuition refund class action settlements. *See e.g. Metzer v. Quinnipiac Univ.*, C.A. 3:20-cv-00784, Class Action Settlement Agreement (D.I. 118-1) at Sec. 2.1(b) ("Each Settlement Class Member will receive a pro rata payment … calculated by dividing the available Settlement fund by the Number of Class Members…"); *Fittipaldi v. Monmouth Univ.*, C.A. 3:20-cv-05526, Class Action Settlement Agreement (D.I. 74-3) at Sec. 2.1(b) ("Each Settlement Class Member [will] receive a payment from the Settlement Fund in a pro rata amount…"); *Choi v. Brown Univ.*, C.A. 1:20-cv-001914, Final Class Action Settlement Agreement (D.I. 76-2) at Sec. 2.2 ("The Refund Balance shall be divided equally among Settlement Class Members…"). Unlike the SNHU Settlement, which involved a class of only approximately 3,000 students, these cases involve classes of over 5,000 students. Not only are these cases more aligned with the present action, where the class size is approximately 21,000 students, but also demonstrate the viability and success of a settlement payout method like the one proposed by the parties' here.

      The requested modification to the notice would require further changes to the settlement agreement, and imposes the burdens mentioned above that the parties sought to avoid. This burden is further complicated when third-party payment sources are factored in, including financial aid, scholarships, and grants, among others. It likewise would need to be broken down based upon full-time or part-time status; in-state or out-of-state students; and even among different colleges where tuition charges may vary.

      Finally, the modified settlement payout will greatly increase the costs associated with class administration, which would ultimately reduce the payout that would be received by class members.

      Accordingly, the parties respectfully ask Your Honor to permit the parties to proceed with the notice to class members consistent with settlement agreement approved by the Court. To the extent necessary, the parties further request that the Court either modify or deem satisfied the request in Paragraph 12 of the Order to prevent unnecessary burden, cost, and delay.

      Counsel is available at Your Honor's convenience.

      Sincerely,

      James D. Taylor, Jr.

JDT

cc: Joshua Arisohn, jarisohn@bursor.com