# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL NINIVAGGI, JAKE MICKEY, CAILIN NIGRELLI, and HANNAH RUSSO, individually and on behalf of all others similarly situated,<br><br>     *Plaintiffs*,<br><br>  v.<br><br>UNIVERSITY OF DELAWARE,<br><br>     *Defendant*. | Civil Action No. 20-cv-1478-SB |

## DECLARATION OF JOSHUA D. ARISOHN IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, Joshua D. Arisohn, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

  1.  I am a partner at Bursor & Fisher, P.A., and I am Class Counsel in this Action[1]. I am an attorney at law licensed to practice in the State of New York, and I have been admitted to appear in this matter *pro hac vice*. I make this Declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement and am fully competent to do so. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

  2.  I make this declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement filed herewith.

  3.  Attached hereto as **Exhibit A** is a true and correct copy of the Parties' Class Action Settlement Agreement, and the exhibits attached thereto (the "Settlement Agreement" or "Settlement").

---

[1] Unless otherwise noted, capitalized terms have the same meaning as set forth in the Class Action Settlement Agreement (ECF No. 150-3).

1

*The Litigation And Settlement History*

4. Plaintiffs Michael Ninivaggi, Jake Mickey and Cailin Nigrelli, along with their parents Penny Ninivaggi, Todd Mickey, and James Nigrelli (the "Parent Plaintiffs") filed a putative class action complaint in the Superior Court of the State of Delaware on August 14, 2020. ECF No. 1-1.[2]

5. On October 29, 2020, Delaware removed the action to this Court. ECF No. 1.

6. Delaware moved to dismiss the complaint on November 19, 2020. ECF No. 5. Plaintiffs opposed the motion on December 11, 2020. ECF No. 7. Delaware filed its reply on December 18, 2020. ECF No. 8.

7. Plaintiff Hannah Russo filed a putative class action complaint against Delaware in the Superior Court of the State of Delaware. *Russo v. University of Delaware*, 1:20-cv-01693-SB, ECF No. 1-1.

8. On December 14, 2020, Delaware removed the *Russo* action to federal court and it was related to the *Ninivaggi* action. *Russo* ECF No. 1.

9. Delaware moved to dismiss the *Russo* complaint on January 8, 2021. *Russo* ECF Nos. 6-7. Plaintiff Russo opposed the motion on February 3, 2021. *Russo* ECF No. 9. Delaware filed its reply on February 17, 2021. *Russo* ECF No. 11.

10. The Court held oral argument on the motions to dismiss in *Ninivaggi* and *Russo* on May 18, 2021 (ECF No. 12), and issued an Order granting in part and denying in part the motions on August 20, 2021. ECF Nos. 15-16.

11. Following this Court's denial of Defendant's motions to dismiss, the Court entered a scheduling order. ECF No. 18.

---

[2] On May 27, 2022, the Parent Plaintiffs voluntarily dismissed their claims. ECF No. 62.

12.     Subsequently, the parties engaged in extensive written discovery, including an exchange of interrogatories and search for and production of documents.  The parties then took numerous depositions, including Defendant's 30(b)(6) witness as well as all Plaintiffs whose depositions were requested.

13.     On September 3, 2021, Plaintiffs Michael Ninivaggi, Jake Mickey, Cailin Nigrelli, and Hannah Russo filed a consolidated class action complaint in the *Ninivaggi* action. ECF No. 19.

14.     Delaware answered the complaint on September 17, 2021.  ECF No. 20.

15.     Defendant filed a petition for certification of a novel and undecided issue of Delaware law to the Delaware Supreme Court on October 5, 2021.  ECF No. 22.  Plaintiffs filed their opposition to the petition on October 19, 2021 (ECF No. 29) followed by Defendant's reply in support of its petition on October 26, 2021.  ECF No. 30.

16.     On December 3, 2021, the Court denied Delaware's petition for certification. ECF No. 34.

17.     On July 1, 2022, Plaintiffs filed a motion for class certification.  ECF No. 75.  On August 26, 2022, Defendant filed its opposition to that motion (ECF No. 94), followed by Plaintiffs' reply in support of their motion for class certification on September 30, 2022.  ECF No. 102.

18.     The Court held oral argument on the motion on March 24, 2023 (ECF No. 132), and then issued an order granting Plaintiffs' motion and certified a class defined as "All undergraduate students enrolled in classes at the University of Delaware during the Spring 2020 semester who paid tuition."  ECF Nos. 138-139.

19.     Delaware filed a Petition for Permission to Appeal Pursuant to Fed. R. Civ. P.

23(f) on April 14, 2023. Plaintiffs filed an opposition to the petition on April 24, 2023. That petition remains pending.

20. Defendant filed a motion to stay the case pending appeal of the Court's order granting Plaintiffs' motion for class certification on April 14, 2023. ECF No. 141. On April 18, 2023, Plaintiffs filed a response to that motion (ECF No. 143), followed by Defendant's reply in support of its motion to stay on April 25, 2023. ECF No. 144. This Court issued an order denying Defendant's motion to stay the case pending appeal on April 26, 2023. ECF No. 146.

21. Defendant filed a motion for summary judgment on October 28, 2022. ECF No. 117. On December 5, 2022, Plaintiffs filed their opposition to that motion (ECF No. 126), followed by Defendant's reply in support of its motion for summary judgment on December 22, 2022. ECF No. 128. That motion remains pending.

22. On September 30, 2022, Defendant moved to strike the expert testimony of Steven P. Gaskin and Colin B. Weir. ECF Nos. 103-104. Plaintiffs opposed those motions on October 21, 2022 (ECF Nos. 112-113) followed by Defendant's replies. ECF No. 123, 125. On October 25, 2022, Plaintiffs moved to strike the expert testimony of Benjamin S. Wilner. ECF No. 114. Defendant opposed that motion on November 30, 2022 (ECF No. 124), followed by Plaintiffs reply on December 16, 2022. ECF No. 127. These motions remain pending.

23. On April 5, 2023, Plaintiff Sean Griffin filed an action captioned *Griffin v. University of Delaware*, 1:23-cv-00385-SB, alleging claims for breach of contract and unjust enrichment arising out of cancelled classes during the Spring 2020 semester. *Griffin*, ECF No. 1.

24. The parties participated in a mediation with the Hon. Sue L. Robinson (Ret.) on January 23, 2023.

25. While the parties did not reach a resolution at the mediation, through further

negotiations, over the next few months, they reached agreement on all material terms of a class action settlement and executed a term sheet. In the weeks following, the parties negotiated and finalized the full-form Settlement Agreement.

26. On June 23, 2023, the Court granted preliminary approval of the Settlement. ECF No. 152.

27. The resulting Settlement creates a $6,300,000 common fund, which will be used to pay all class members, notice and administration expenses, Court-approved incentive awards to Plaintiffs, and attorneys' fees and costs to Class Counsel to the extent awarded by the Court.

28. Pursuant to the terms of the Settlement, Settlement Class Members (which consist of 19,105 current and former Delaware students) will automatically receive a *pro rata* cash payment from the Settlement Fund.

29. The Class Notice gave Settlement Class Members the ability to opt via an Election Form to receive a Cash Award by Check, Venmo, or Pay Pal. In the event a Settlement Class member did not submit an Election Form, the Settlement Class Member will receive a Cash Award in the form of a check sent to the Settlement Class Member's last known address.

30. After finalizing and executing the Class Action Settlement Agreement, my firm prepared Plaintiffs' Motion for Preliminary Approval, which was filed on June 7, 2023 (ECF No. 150).

31. On June 23, 2023, the Court granted Plaintiffs' Motion for Preliminary Approval (ECF No. 152).

***Factors Supporting Final Approval***

32. The parties agreed to the terms of the Settlement through experienced counsel who possessed all the information necessary to evaluate the case, determined all the contours of

the proposed class, and reached a fair and reasonable compromise after negotiating the terms of the Settlement at arms' length and with the assistance of the Hon. Sue L. Robinson (Ret.).

33. Plaintiffs and Class Counsel recognize that despite our belief in the strength of Plaintiffs' claims, and Plaintiffs' and the Settlement Class's ability to secure an award of damages, the expense, duration, and complexity of protracted litigation would be substantial and the outcome of trial uncertain. Thus, the Settlement secures a more proximate and more certain monetary benefit to the Settlement Class than continued litigation.

34. Plaintiffs and Class Counsel are also mindful that absent a settlement, the success of Defendant's various defenses in this case could deprive the Plaintiffs and the Settlement Class Members of any relief whatsoever. Indeed, several courts across the country have granted summary judgment in favor of the university defendants. *See Randall v. University of the Pacific*, 2022 WL 1720085 (N.D. Cal. May 28, 2022); *Choi v. Brown University*, 2022 WL 843762 (D.R.I. Mar. 22, 2022); *Berlanga et al v. University of San Francisco*, Case No. CGC-20-584829 (Cal. Super. Ct. San Fran. Cnty.) (July 19, 2022 Order, granting summary judgment for defendant on all counts except California's UCL); *Zwiker v. Lake Superior State Univ.*, 2022 WL 414183 (Mich. Ct. App. Feb. 10, 2022) (affirming trial court grant of motions for summary disposition in three consolidated matters).

35. Plaintiffs and Class Counsel are also mindful that absent a settlement, the success of Defendant's various defenses in this case, including Defendant's pending motions for summary judgment and motions to strike Plaintiffs' experts, as well as Defendant's pending Rule 23(f) petition seeking to appeal class certification, could deprive the Plaintiffs and the Settlement Class Members of any potential relief whatsoever. Defendant is represented by highly experienced attorneys who have made clear that absent a settlement, they are prepared to

continue their vigorous defense of this case.

36. Looking beyond trial, Plaintiffs are aware that Defendant could appeal the merits of any adverse decision. Thus, there was a significant risk of delay in achieving final resolution of this matter.

37. Plaintiffs and Class Counsel believe that the monetary relief provided by the Settlement weighs heavily in favor of finding that the Settlement is fair, reasonable, and adequate.

38. On June 23, 2023, the Court granted Plaintiffs' Motion for Preliminary Approval (ECF No. 152).

39. Since the Court granted preliminary approval, my firm has worked with the Settlement Administrator, Epiq Systems, Inc. ("Epiq"), to carry out the Court-ordered notice plan. Specifically, my firm drafted the contents of the notice forms, and reviewed and tested the Settlement website before it launched live. As detailed in the accompanying Declaration of Amanda Sternberg Regarding Notice and Settlement Administration ("Sternberg Decl."), the Court-ordered Notice Plan has been carried out in its entirety, and direct notice was provided by email or via First Class U.S. Mail to over 99% of the Settlement Class. Sternberg Decl., ¶¶ 10-13.

40. Pursuant to the Preliminary Approval Order (ECF No. 152), the deadline to opt-out of the Settlement was September 19, 2023. As detailed in the Sternberg Declaration, there was only one request for exclusion from the Settlement. Sternberg Decl., ¶ 18.

41. Also pursuant to the Preliminary Approval Order (ECF No. 152), the deadline to object to the Settlement was September 19, 2023. As detailed in the Sternberg Declaration, there have been <u>zero</u> objections to the Settlement. Sternberg Decl., ¶ 19.

42. Attached hereto as **Exhibit B** is the current firm résumé for Bursor & Fisher, P.A.

43. My firm, Bursor & Fisher, P.A., has significant experience in litigating class actions of similar size, scope, and complexity to the instant Action. *See* Ex. B. My firm has also been recognized by courts across the country for its expertise and skilled and effective representation. *See*, *e.g.*, Ex. B; *see also Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 566 (S.D.N.Y. Feb. 25, 2014) ("Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims. . . . The firm has been appointed class counsel in dozens of cases in both federal and state courts, and has won multi-million dollar verdicts or recoveries in five class action jury trials since 2008.")[3]; *In re Welspun Litigation*, Case No. 16-cv-06792-RJS (S.D.N.Y. January 26, 2017) (appointing Bursor & Fisher interim lead counsel to represent a proposed nationwide class of purchasers of mislabeled Welspun Egyptian cotton bedding products). My firm has zealously represented the interests of the Settlement Class and committed substantial resources to the resolution of the class claims.

44. Based on Class Counsel's experience litigating similar consumer class actions, Class Counsel is of the opinion that the Settlement is fair, reasonable, and adequate.

45. As discussed above and throughout Plaintiffs' Motion for Final Approval of Class Action Settlement, the Settlement reached in this case was the product of negotiations conducted at arms' length by experienced counsel representing adversarial parties, and there is absolutely no evidence of fraud or collusion.

46. There are no separate agreements to be identified pursuant to Federal Rule of Civil Procedure 23(e)(3).

47. I believe Michael Ninivaggi, Jake Mickey, Cailin Nigrelli, Hannah Russo, and

---

[3] Bursor & Fisher has since won its sixth jury verdict in *Perez v. Rash Curtis & Associates*, Case No. 4:16-cv-03396-YGR (N.D. Cal.), for $267 million.

Sean Griffin's active involvement in this case was critical to its ultimate resolution. They took their roles as class representatives seriously, devoting significant amounts of time and effort to protecting the interests of the class. Without their willingness to assume the risks and responsibilities of serving as class representatives, I do not believe such a strong result could have been achieved.

48.    Michael Ninivaggi, Jake Mickey, Cailin Nigrelli, Hannah Russo, and Sean Griffin equipped my firm with critical details regarding their experiences with Defendant. They assisted my firm in investigating their claims, detailing their respective experiences at Delaware during the Spring 2020 Semester, supplying supporting documentation, aiding in drafting the Complaints and amendments thereto, responding to written interrogatories, producing documents in formal discovery, and having their depositions taken when requested. Michael Ninivaggi, Jake Mickey, Cailin Nigrelli, Hannah Russo, and Sean Griffin were prepared to testify at trial, if necessary. And they were actively consulted during the settlement process.

49.    In short, Michael Ninivaggi, Jake Mickey, Cailin Nigrelli, Hannah Russo, and Sean Griffin assisted my firm in pursuing this action on behalf of the class, and their involvement in this case has been nothing short of essential.

I declare under penalty of perjury that the above and foregoing is true and accurate. Executed this 9th day of October, 2023 at New York, New York.

                                                                    */s Joshua D. Arisohn*
                                                                      Joshua D. Arisohn