**EXHIBIT A**

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL NINIVAGGI, JAKE MICKEY and CAILIN NIGRELLI, HANNAH RUSSO, individually and on behalf of all others similarly situated, | Civil Action No. 20-cv-1478-SB |
| *Plaintiffs*, | |
| v. | |
| UNIVERSITY OF DELAWARE, | |
| *Defendant*. | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Plaintiffs, Michael Ninivaggi, Jake Mickey, Cailin Nigrelli, Hannah Russo and Sean Griffin, ("Plaintiffs"); (ii) the Settlement Class (as defined herein); and (iii) Defendant, the University of Delaware ("Defendant" or "UD").  The Settlement Class and Plaintiffs are collectively referred to as the "Plaintiffs" unless otherwise noted.  The Plaintiffs and the Defendant are collectively referred to herein as the "Parties."  This Agreement is intended by the Parties to fully, finally and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

A.     Plaintiffs, Michael Ninivaggi, Jake Mickey and Cailin Nigrelli, along with their parents, Penny Ninivaggi, Todd Mickey, and James Nigrelli, (the "Parent Plaintiffs") filed the initial complaint in the *Ninivaggi* action in the Superior Court of the State of Delaware on August 14, 2020.  ECF No. 1-1.  On October 29, 2020, UD removed this case to federal court. ECF No. 1.

41578191.2

B.      Plaintiff, Hannah Russo, filed the initial complaint in the *Russo v. University of Delaware*, 1:20-cv-01693-SB, in the Superior Court of the State of Delaware on August 18, 2020.  *Russo* ECF No. 1-1.  On December 14, 2020, UD removed the *Russo* case to federal court and it was related to the *Ninivaggi* action.  *Russo* ECF No. 1.

C.      Defendant moved to dismiss the initial complaint in *Ninivaggi* on November 19, 2020, ECF No. 5, and the initial complaint in *Russo* on January 8, 2021, *Russo* ECF No.  6.

D.      The *Ninivaggi* Plaintiffs filed their opposition brief to the motion to dismiss on December 11, 2020.  ECF No. 7.  Plaintiff Russo filed her opposition brief to the motion to dismiss on February 3, 2021.  *Russo* ECF No. 9.

E.      UD filed a reply in support of its motion to dismiss in *Ninivaggi* on December 18, 2023, ECF No. 8, and in *Russo* on February 17, 2021, *Russo* ECF No. 11.

F.      On May 18, 2021, the Court held oral argument on the motions to dismiss in *Ninivaggi* and *Russo*.  On August 20, 2021, the Court, granted in part and denied in part, Defendant's motion to dismiss.  ECF Nos. 15-16.

G.      On September 3, 2021, Plaintiffs filed a Consolidated Class Action Complaint, which consolidated Plaintiff Russo's claims into the *Ninivaggi* action.  ECF No. 19 ("CCAC").

H.      Defendant filed its Answer on September 3, 2021.  ECF No. 20.

I.      On October 22, 2021, Defendant moved for Certification of a Novel and Undecided Issue of Delaware Law to the Delaware Supreme Court.  ECF No. 22.  Plaintiffs filed an opposition to that motion on October 19, 2021, ECF No. 29, and Defendant filed a reply on October 26, 2021, ECF No. 30.  On December 3, 2021, the Court denied the motion for certification.  ECF Nos. 33-34.

J.      On May 27, 2022, the Parent Plaintiffs voluntarily dismissed their claims.  ECF No. 62.

K.      On July 1, 2022, Plaintiffs filed a motion for class certification.  ECF No. 75.

Defendant opposed that motion on August 26, 2022, ECF No. 94, and Plaintiffs filed a reply on

September 30, 2022, ECF No. 102.

L.      On September 30, 2022, Defendant moved to strike the expert testimony of

Steven P. Gaskin and Colin B. Weir.  ECF Nos. 103-104.  Plaintiffs opposed those motions on

October 21, 2022, ECF Nos. 112-113, and Defendant filed replies on November 30, 2022, ECF

Nos. 123 and 124.  These motions remain pending.

M.      On October 25, 2022, Plaintiffs moved to strike the expert testimony of Benjamin

S. Wilner.  ECF No. 114.  Defendant opposed that motion on November 30, 2022, ECF No. 124,

and Plaintiffs filed a reply on December 16, 2022, ECF No. 127.  This motion remains pending.

N.      On October 28, 2022, Defendant moved for summary judgment.  ECF No. 117.

Plaintiffs opposed that motion on December 5, 2022, ECF No. 126, and Defendant filed a reply

on December 22, 2022, ECF No. 128.  This motion remains pending.

O.      On March 24, 2023, the Court held oral argument on Plaintiffs' motion for class

certification.  On March 31, 2023, the Court granted the motion and certified a class defined as

"All undergraduate students enrolled in classes at the University of Delaware during the Spring

2020 semester who paid tuition."  ECF Nos. 138-139.

P.      On April 5, 2023, Plaintiff Griffin filed an action captioned *Griffin v. University

of Delaware*, 1:23-cv-00385, alleging claims for breach of contract and unjust enrichment arising

out of cancelled classes during the Spring 2020 semester.

Q.      On April 14, 2023, Defendant filed a Petition For Permission To Appeal Pursuant

to Fed. R. Civ. P. 23(f).  Plaintiffs filed an opposition to the petition on April 24, 2023.  That

petition remains pending.

R.      On January 23, 2023, the Parties participated in a mediation with the Hon. Sue Robinson (Ret.).  While no agreement was reached that day, the parties remained in contact with one another and continued to engage in settlement discussions.

S.      On April 26, 2023, the parties reached an agreement in principle on a class action settlement and executed a term sheet encompassing all material terms.

T.      At all times, Defendant has denied and continues to deny any wrongdoing whatsoever has denied and continues to deny that it committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Actions.  Nonetheless, taking into account the uncertainty and risks inherent in any litigation and the desire to avoid the expenditure of further legal fees and costs, Defendant has concluded it is desirable and beneficial that the Actions be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement.  This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant, or any of the Released Parties, with respect to any claim of any fault or liability or wrongdoing or damage whatsoever or with respect to the certifiability of a litigation class.

U.      Plaintiffs believe that the claims asserted in the Actions against Defendant have merit and that they would have prevailed at class certification, summary judgment, and/or trial. Nonetheless, Plaintiffs and Class Counsel recognize that Defendant has raised factual and legal defenses that present a risk that Plaintiffs may not prevail.  Plaintiffs and Class Counsel also recognize the expense and delay associated with continued prosecution of the Actions against Defendant through class certification, summary judgment, trial, and any subsequent appeals. Plaintiffs and Class Counsel also have taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such

litigation.  Therefore, Plaintiffs believe it is desirable that the Released Claims, as further defined herein, be fully and finally compromised, settled, and resolved with prejudice.  Based on its evaluation, Class Counsel has concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Actions pursuant to the terms and provisions of this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs and Defendant that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the Actions and the Released Claims shall be finally and fully compromised, settled, and released, and the Actions shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## AGREEMENT

**1.     DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1     **"Actions"** means *Ninivaggi v. University of Delaware*, 20-cv-1478 (including *Russo v. University of Delaware*, 1:20-cv-01693-SB, consolidated therein) and *Griffin v. University of Delaware*, 1:23-cv-00385, pending in the United States District Court for the District of Delaware.

1.2     **"Alternate Judgment"** means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Agreement and where none of the Parties elects to terminate this Settlement by reason of such variance.

1.3    **"Cash Award"** means the cash compensation, payable by the Settlement Administrator from the Settlement Fund, that each Settlement Class Member who has not opted-out of the Settlement shall be entitled to receive.

1.4    **"Class Counsel"** means Bursor & Fisher, P.A.

1.5    **"Class Representatives"** means the named Plaintiffs in the Actions, Michael Ninivaggi, Jake Mickey, Cailin Nigrelli, Hannah Russo, and Sean Griffin.

1.6    **"Court"** means the United States District Court for the District of Delaware, the Honorable Stephanos Bibas presiding, or any judge who shall succeed him as the Judge in the Actions.

1.7    **"Defendant"** means the University of Delaware.

1.8    **"Defendant's Counsel"** means Saul Ewing LLP.

1.9    **"Effective Date"** means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

1.10    **"Election Form"** means the form by which Settlement Class Members shall make their selection identifying whether they elect to receive their Cash Award by Check, Venmo, or PayPal.  The Election Form will be available on the Settlement Website and will be substantially in the form of Exhibit A, hereto.  A hard copy Election Form may be obtained from the Settlement Administrator.  Settlement Class Members must submit an Election Form within sixty (60) days after the Notice Date.  In the event a Settlement Class Member does not submit an Election Form, the Settlement Class Member will receive a Cash Award in the form of a check sent to the Settlement Class Member's last known address.  Defendant has the right to audit the election form process for evidence of fraud or error; provided, however, that the Claims Administrator is the final arbiter of a claim's validity.

1.11   **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation.  The Settlement Fund shall be deposited by Defendant into the Escrow Account in accordance with the terms of this Agreement and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less.  The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund.

1.12   **"Fee Award***"* means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

1.13   **"Final"** means one business day following the latest of the following events:  (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

1.14   **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, the Fee Award, and the incentive award to the Class Representative.

1.15   **"Final Judgment"** means the Final Judgment and Order to be entered by the Court approving the Agreement after the Final Approval Hearing.

1.16    **"Notice"** means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement as described in Paragraphs 4.1 and 4.2 below, which is approved by the Court and consistent with the requirements of Due Process, Rule 23, and is substantially in the form of Exhibits B, C, and D hereto.

1.17    **"Notice Date"** means the date by which the Notice set forth in Paragraph 4.1 is complete, which shall be no later than twenty-eight (28) days after Preliminary Approval.

1.18    **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be made, which shall be designated as a date stated in the Notice and no later than sixty (60) days after the Notice Date, or such other date as ordered by the Court.  Class Counsel shall file papers supporting the Fee Award with the Court and posted to the settlement website listed in Paragraph 4.1(d) no later than fourteen (14) days before the **Objection/Exclusion Deadline**.

1.19    **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.  "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

1.20    **"Plaintiffs"** means Michael Ninivaggi, Jake Mickey, Cailin Nigrelli, Hannah Russo, Sean Griffin, and the Settlement Class Members.

1.21    **"Preliminary Approval"** means the Court's preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice.

1.22     **"Preliminary Approval Order"** means the Order preliminarily approving the Settlement Agreement, and directing notice thereof to the Settlement Class.  A proposed order will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiffs' motion for preliminary approval of the Agreement.

1.23     **"Released Claims"** means any and all any and all causes of action, suits, claims, liens, demands, judgments, costs, damages, obligations, and all other legal responsibilities in any form or nature, including but not limited to, all claims relating to or arising out of any state, local, or federal statute, ordinance, regulation, law or any other claim at common law or in equity, whether past, present, or future, known or unknown, asserted or unasserted, arising out of or in any way allegedly related to UD tuition, fees, or costs paid or incurred by or on behalf of any Settlement Class Member in connection with, relating to, or concerning the Spring 2020 Semester, including but not limited to, all claims that were brought or could have been brought in the Actions.

1.24     **"Released Parties"** means UD, as well as any and all of its  current, former, and future parents, predecessors, successors, affiliates, assigns, subsidiaries, divisions, or related corporate entities, and all of their respective current, future, and former employees, officers, directors, shareholders, assigns, agents, trustees, administrators, executors, insurers, re-insurers, attorneys, customers, and anyone acting on their behalf.

1.25     **"Releasing Parties"** means Plaintiffs, those Settlement Class Members who do not timely opt out of the Settlement Class, and all of their respective current, former, and future heirs, executors, parents, family members, lenders, funders, payors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and

other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, limited liability companies, partnerships and corporations.

1.26    **"Settlement Administration Expenses"** means all fees charged by the Settlement Administrator and expenses incurred by the Settlement Administrator in connection with its administration of this Settlement, including but not limited to fees and expenses incurred in providing Notice, responding to inquiries from members of the Settlement Class, ascertaining amounts of and paying Cash Awards from the Settlement Fund, handling any unclaimed funds, and related services, paying taxes and tax expenses related to the Settlement Fund (including all federal, state or local taxes of any kind and interest or penalties thereon, as well as expenses incurred in connection with determining the amount of and paying any taxes owed and expenses related to any tax attorneys and accountants).

1.27    **"Settlement Administrator"** means Epiq Systems, Inc. ("Epiq"), or such other reputable administration company that has been selected jointly by the Parties and approved by the Court to perform the duties set forth in this Agreement, including but not limited to, serving as Escrow Agent for the Settlement Fund, overseeing the distribution of Notice, handing all approved payments out of the Settlement Fund, and handling the determination, payment and filing of forms related to all federal, state and/or local taxes of any kind (including any interest or penalties thereon) that may be owed on any income earned by the Settlement Fund.  Class Counsel's assent to this Agreement shall constitute consent on behalf of each and every member of the Settlement Class as defined herein to disclose to Class Counsel, Defendant's Counsel and the Settlement Administrator all information required by the Settlement Administrator to perform the duties and functions ascribed to it herein, consistent with the written consent provisions of the Federal Educational Rights and Privacy Act, 20 U.S.C. § 1232g.

1.28   **"Settlement Class"** means all UD undergraduate and graduate students for whom any amount of tuition and fees were paid from any source (e.g., the student's own funds, funding from a parent, or other family member, loan, or non-UD scholarship) to Defendant for the Spring 2020 Semester, and whose tuition or fees have not been refunded in their entirety prior to this Settlement.

1.29   Excluded from the Settlement Class are (1) any Judge or Magistrate Judge presiding over these Actions and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, and attorneys; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

1.30   **"Settlement Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

1.31   **"Settlement Fund"** means the non-reversionary fund that shall be established by or on behalf of Released Parties in the total amount of six million three hundred thousand dollars ($6,300,000.00 USD) to be deposited into the Escrow Account, according to the schedule set forth herein, plus all interest earned thereon.  From the Settlement Fund, the Settlement Administrator shall pay all Cash Awards to Settlement Class Members, Settlement Administration Expenses, any incentive award to the Class Representative, any Fee Award to Class Counsel, and any other costs, fees, or expenses approved by the Court.  The "**Available Settlement Fund**" is the amount remaining in the Settlement Fund after payment of a Fee Award to Class Counsel, Settlement Administration Expenses, any incentive award to the Class Representative, and any other costs, fees or expenses approved by the Court.  The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement

Administrator to access said funds until such time as the listed payments are made.  The

Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow

Account.  The Settlement Administrator shall be responsible for all tax filings with respect to any

earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings.

The Settlement Fund represents the total extent of Defendant's monetary obligations under this

Agreement.  The payment of the sums into the Settlement Fund by Defendant fully discharges all

of the Defendant's and the other Released Parties' financial obligations (if any) in connection

with the Settlement, meaning that no Released Party, including Defendant, shall have any other

obligation to make any payment into the Escrow Account or to any Class Member, or any other

Person, under this Agreement.  In no event shall the total monetary obligation with respect to this

Agreement on behalf of any Released Party, including Defendant, exceed six million three

hundred thousand dollars ($6,300,000.00 USD), and in no event shall the Settlement Fund or any

portion thereof revert to Defendant.

      1.32    **"Spring 2020 Semester"** means the Spring 2020 academic semester at UD.

      1.33    **"Unknown Claims"** means claims that could have been raised in the Actions

and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by

him or her, might affect his or her agreement to release the Released Parties or the Released

Claims or might affect his or her decision to agree, object or not to object to the Settlement.

Because the Settlement Class Members may include California residents, upon the Effective

Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and

relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542

of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
> FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF

KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS
OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have,

waived any and all provisions, rights and benefits conferred by any law of any state or territory

of the United States, or principle of common law, or the law of any jurisdiction outside of the

United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code.

The Releasing Parties acknowledge that they may discover facts in addition to or different from

those that they now know or believe to be true with respect to the subject matter of this release,

but that it is their intention to finally and forever settle and release the Released Claims,

notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

## 2.      SETTLEMENT RELIEF.

### 2.1      Payments to Settlement Class Members.

  **(a)**  Within thirty (30) days following Final Judgment, Defendant shall pay or

cause to be paid into the Escrow Account the amount of the Settlement Fund ($6,300,000.00),

specified in Paragraph 1.11 of this Agreement.

  **(b)**  Each Settlement Class Member will receive a pro rata payment from the

Settlement Fund.  The Notice will give Settlement Class Members the ability to opt via an

Election Form to receive a Cash Award by Check, Venmo, or PayPal.  Settlement Class

Members must submit an Election Form no later than sixty (60) days after the Notice Date.  In

the event a Settlement Class Member does not submit an Election Form, the Settlement Class

Member will receive a Cash Award in the form of a check sent to the Settlement Class Member's

last known address.  Only a Settlement Class Member is entitled to a Cash Award under this

Settlement.  Any Releasing Party who paid UD tuition or fees on behalf of a Settlement Class

Member and believes he, she or it is entitled to any or all of the Cash Award may attempt to

pursue in a separate proceeding any claim he, she or it may have (if any) against the Settlement

Class Member for those funds, but may not seek to recover that amount through this Settlement or in these Actions nor, in any event, from any Released Party.

      **(c)**     Payments to all Settlement Class Members shall be made within sixty (60) days after the Effective Date.

      **(d)**     All Cash Awards issued to Settlement Class Members via check will state on the face of the check that it will expire and become null and void unless cashed within one hundred eighty (180) days after the date of issuance.  To the extent that a check issued to a Settlement Class Member is returned to the Settlement Administrator as undeliverable or not cashed within one hundred eighty (180) days after the date of issuance, such funds shall be paid by the Settlement Administrator within sixty (60) days after the one hundred eighty (180) day period has expired, to the University of Delaware Student Crisis Reserve.

**3.**     **RELEASE.**

    **3.1**    The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Actions and any and all Released Claims, as against all Released Parties.

    **3.2**    Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

**4.**     **NOTICE TO THE CLASS.**

    **4.1**    The Notice Plan shall consist of the following:

      **(a)**    *Settlement Class List*.  No later than fourteen (14) days from the Court's preliminary approval of this Settlement Agreement, UD shall produce an electronic list from its records that includes the names, last known U.S. Mail addresses (to the extent available), and email addresses (to the extent available) belonging to Persons within the Settlement Class.  This electronic document shall be called the "Class List," and shall be provided to the Settlement

Administrator with a copy to Class Counsel for the purpose of giving notice to the Settlement

Class Members and shall not be used for any other purpose.

      **(b)**    *Direct Notice via Email.*  No later than twenty-one (21) days from entry of

the Preliminary Approval Order, the Settlement Administrator shall send Notice via email

substantially in the form attached as Exhibit B to all Settlement Class Members for whom a

valid email address is in the Class List.  In the event transmission of email notice results in any

"bounce-backs," the Settlement Administrator shall, if possible, correct any issues that may

have caused the "bounce-back" to occur and make a second attempt to re-send the email notice.

      **(c)**    *Direct Notice via U.S. Mail.*  No later than the twenty-eight (28) days from

entry of the Preliminary Approval Order, the Settlement Administrator shall send notice

substantially in the form attached as Exhibit C via First Class U.S. Mail to all Settlement Class

Members for whom UD was unable to provide an email address, or for whom the email notice

"bounced back" and the Settlement Administrator was unable to successfully re-send the email,

as described in Paragraph 4.1(b), above.

      **(d)**    *Settlement Website.*  Within ten (10) days from entry of the Preliminary

Approval Order, Notice shall be provided on a website at an available settlement URL (such as,

for example, www.udsettlement.com) which shall be obtained, administered and maintained by

the Settlement Administrator and shall provide Settlement Class Members with ability to submit

Election Forms and to update their mailing addresses.  Defendant shall have the opportunity to

review and provide comment on the website before service of class notices. Copies of this

Settlement Agreement, the long-form Notice, the Consolidated Class Action Complaint,

Defendant's Answer, the Court's Orders concerning UD's Motion to Dismiss and Plaintiff's

Motion for Class Certification, the motions for preliminary and final approval and other

pertinent documents and Court filings and orders pertaining to the Settlement (including the

motion for attorneys' fees upon its filing), shall be provided on the Settlement Website.  The Notice provided on the Settlement Website shall be substantially in the form of Exhibit D hereto.

(e)     *Additional Notice*.  If the Notice Plan described in the preceding paragraphs does not achieve a minimum level of 75% reach, or is not otherwise approved by the Court, the Parties, in conjunction with the Settlement Administrator, shall develop and seek approval by the Court of such supplemental notice as is necessary to achieve a minimum level of 75% reach or otherwise satisfy the Court.  Such additional notice, if necessary, shall be funded from the Settlement Fund with no additional financial contribution by any Released Party.

(f)     *CAFA Notice*.  Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator, on behalf of Defendant, shall cause to be served upon the Attorney General of each U.S. State or territory in which, based on a preliminary Class List, Settlement Class members reside, and the Attorney General of the United States, notice of the proposed settlement as required by law.

4.2     The Notice shall advise the Settlement Class of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms, or file a motion to intervene.   The Notice shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making the objection files notice of an intention to do so and at the same time (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Class Member represented by counsel, files any objection through the Court's

CM/ECF system, and (b) sends copies of such papers by mail, hand, or overnight delivery service (or by operation of the Court's CM/ECF system) to Class Counsel and Defendant's Counsel.

**4.3**     Any Settlement Class Member who intends to object to this Agreement must present the objection in writing to the Settlement Administrator at the address stated in the Notice, or directly to the Court, which must be personally signed by the objector, and must include:  (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).  Settlement Class Members who file objections are still entitled to receive benefits under the Settlement and are bound by the Settlement if it is approved.

**4.4**     If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received.

**4.5**     A Person in the Settlement Class may request to be excluded from the Settlement Class by sending a written request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.  To exercise the right to be excluded, a Person

in the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name and address, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement.  A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member by this Agreement, if approved.  Any member of the Settlement Class who validly elects to be excluded from this Agreement shall not:  (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement.  The request for exclusion must be personally signed by each Person requesting exclusion.  So-called "mass" or "class" opt-outs shall not be allowed.  To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice.  A Class Member is not entitled to submit both an opt-out request and an objection.  If a Class Member submits both an opt-out request and an objection, the Settlement Administrator will send a letter (and email if email address is available) explaining that the Class Member may not make both of these requests, and asking the Class Member to make a final decision as to whether to opt out or object and inform the Settlement Administrator of that decision within 10 days from when the letter from the Settlement Administrator is postmarked. If the Class Member does not respond to that communication by letter postmarked or email sent within 10 days after the Settlement Administrator's letter was postmarked (or by the objection deadline, whichever is later), the Class Member will be treated as having opted out of the Class, and the objection will not be considered, subject to the Court's discretion.  A list of Persons in

the Settlement Class who have opted out shall be provided to and approved by the Court in connection with the motion for final approval of the Settlement.

**4.7**    The Final Approval Hearing shall be no earlier than ninety (90) days after the Notice Date.

**4.8**    Any Settlement Class Member who does not, in accordance with the terms and conditions of this Agreement, seek exclusion from the Settlement Class will be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Actions and the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

**5.    SETTLEMENT ADMINISTRATION.**

**5.1**    The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement in a rational, responsive, cost effective, and timely manner.  The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement.  The Settlement Administrator shall maintain all such records as are required by applicable law, including but not limited to the Family Educational Rights and Privacy Act ("FERPA"), and in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request.  The Settlement Administrator shall also provide reports and other information to the Court as the Court may require.  The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with regular reports at weekly intervals containing information concerning Notice, administration, and implementation of the Settlement Agreement.  Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members.  Without limiting the foregoing, the Settlement Administrator shall:

(a)      Forward to Defendant's Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement, and all copies thereof, within thirty (30) days after the Objection/Exclusion Deadline;

(b)      Provide Class Counsel and Defendant's Counsel with drafts of all administration related documents, including but not limited to, class notices or communications with Settlement Class Members, telephone scripts, website postings or language, or other communications with the Settlement Class, at least five (5) days before the Settlement Administrator is required to or intends to publish or use such communications, unless Class Counsel and Defendant's Counsel agree to waive this requirement in writing on a case by case basis; and

(c)      Receive objections and requests to be excluded from the Settlement Class and other requests and promptly provide to Class Counsel and Defendant's Counsel copies thereof.  If the Settlement Administrator receives any objections, exclusion forms or other requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel.

5.2      In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from Class Counsel or any Settlement Class Member.

5.3      Defendant, the Released Parties, and Defendant's Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Class Counsel, or the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the allocation of Settlement Funds to Settlement Class Members or the implementation, administration, or interpretation

thereof; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, Tax Expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

      **5.4**    The Parties agree that the Settlement Fund is intended to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation Section 1.468B-1 and that the Settlement Administrator as administrator of the Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing tax returns for the Settlement Fund and paying from the Settlement Fund any Taxes, as defined below, owed with respect to the Settlement Fund, without further order of the Court.  In addition, Class Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such election shall be made in compliance with the procedures and requirements contained in such regulations.  Defendant, other Released Parties, and Defendant's Counsel shall have no liability or responsibility of any sort for filing any tax returns or paying any Taxes with respect to the Settlement Fund.

**6.**      **TERMINATION OF SETTLEMENT.**

      **6.1**    Subject to Paragraphs 9.1-9.3 below, Defendant or the Class Representatives, on behalf of the Settlement Class, shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within twenty-one (21) days of any of the following events:  (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final

Judgment in these Actions in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternate Judgment, as defined in Paragraph 1.2 of this Agreement is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

6.2     In the event that more than 5% of the Settlement Class Members exercise their right to opt-out of the settlement, Defendant will have the right to declare the settlement void in its entirety upon notice to Class Counsel within ten (10) days of the Settlement Administrator providing a report showing that more than 5% of Settlement Class Members have opted-out of the settlement.

## 7.     PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.

**7.1**     Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement; certification of the Settlement Class for settlement purposes only; appointment of Class Counsel, the Class Representatives and the Settlement Administrator; and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice for dissemination substantially in the form of Exhibits B, C, and D hereto.  The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and jointly adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Settlement Agreement and do not limit or impair the rights of the Settlement Class or materially expand the obligations of Defendant.

**7.2**     At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Actions as set forth herein.

**7.3**     After Notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment, which will (among other things):

**(a)**     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto;

**(b)**     certify the Settlement Class or reaffirm such certification if the Settlement Class was certified in the Preliminary Approval Order, and approve or reaffirm the appointment of Class Counsel, the Class Representatives and the Settlement Administrator;

**(c)**     approve the Settlement Agreement and the proposed settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties;

**(d)**     find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Actions, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable

requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

        **(e)**     find that the Class Representative and Class Counsel adequately represent the Settlement Class for purposes of entering into and implementing the Agreement;

        **(f)**     dismiss the Actions (including all individual claims and Settlement Class claims presented thereby) on the merits and with prejudice, without fees or costs to any party, except as provided in the Settlement Agreement;

        **(g)**     incorporate the Release set forth above, make the Release effective as of the date of the Effective Date, and forever discharge the Released Parties as set forth herein;

        **(h)**     permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction relating to or concerning the Released Claims;

        **(i)**     without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

        **(j)**     incorporate any other provisions not materially inconsistent with this Settlement Agreement, as the Court deems necessary and just.

## 8.   CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.

    **8.1**    Defendant agrees that it will not object to Class Counsel's request to receive from the Settlement Fund, subject to Court approval, attorneys' fees in the amount of one-third of the Settlement Fund ($2,100,000.00) and reimbursement of costs and expenses, not to exceed $250,000.00.  Class Counsel will petition the Court for an award of such attorneys' fees, costs,

and expenses, and Defendant agrees to not object to or otherwise challenge, directly or indirectly, Class Counsel's petition for attorneys' fees, costs, and expenses if limited to these amounts.  Class Counsel, in turn, agrees to seek no more than these amounts from the Court in attorneys' fees, costs, and expenses.  Payment of the Fee Award shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund.  The Parties agree that any award of attorneys' fees, costs and expenses are committed to the sole discretion of the Court within the limitations set forth in this paragraph.  If the Court chooses, in its sole discretion, to award attorneys' fees and costs and Service Awards that are lower than the amounts sought in the motion to be filed by Class Counsel, this Agreement shall remain fully enforceable.  Class Counsel shall file any motion for attorneys' fees, costs and expenses and Class Representative incentive award no later than 14 days before the deadline for objections to the Settlement, and a copy of the motion shall be placed on the Settlement Administrator's website.

**8.2**      The Fee Award shall be payable by the Settlement Administrator within thirty (30) business days after entry of the Court's Final Judgment, subject to Class Counsel executing the Undertaking Regarding Attorneys' Fees and Costs (the "Undertaking") attached hereto as Exhibit E, and providing all payment routing information and tax I.D. numbers for Class Counsel and W-9 forms sufficiently in advance of the deadline for the Settlement Administrator to process such payment.  Payment of the Fee Award shall be made from the Settlement Fund by wire transfer to Bursor & Fisher, P.A., in accordance with wire instructions to be provided by Bursor & Fisher, P.A., and completion of necessary forms, including but not limited to W-9 forms.  Notwithstanding the foregoing, if for any reason the Final Judgment is reversed or rendered void as a result of an appeal(s) then Class Counsel shall return such funds to the

Defendant.  Additionally, should any parties to the Undertaking dissolve, merge, declare bankruptcy, become insolvent, or cease to exist prior to the final payment to Class Members, those parties shall execute a new undertaking guaranteeing repayment of funds within 14 days of such an occurrence.  Upon payment of the attorneys' fees, costs and expenses as awarded by the Court in its discretion, Class Counsel shall release and forever discharge the Released Parties from any claims, demands, actions, suits, causes of action, or other liabilities relating to any attorneys' fees, costs or expenses incurred in the Actions.  Class Counsel agree that any federal, state, municipal, or other taxes, contributions, or withholdings that may be owed or payable by them, or any tax liens that may be imposed, on the sums paid to them pursuant to this paragraph are their sole and exclusive responsibility, and any amount required to be withheld for tax purposes (if any) will be deducted from those payments.

**8.3**      Defendant agrees that it will not object to the Settlement Administrator paying incentive awards to the Class Representatives from the Settlement Fund, in addition to any Cash Award pursuant to this Agreement, and in recognition of their efforts on behalf of the Settlement Class, in the amount of five thousand dollars ($5,000.00) each.  Defendant shall not object to or otherwise challenge, directly or indirectly, Class Counsel's application for the incentive award to the Class Representatives if limited to this amount.  The Class Representatives, in turn, agree to seek no more than this amount from the Court as the incentive award for the Class Representative.  Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund.  Such award shall be paid from the Settlement Fund (in the form of a check to the Class Representatives that is sent care of Class Counsel), within thirty (30) business days after entry of the Effective Date.  If the Court chooses, in its sole discretion, to make an award to the Class Representatives that is lower than the amounts sought in the motion to be filed by Class

Counsel, or if the Court chooses to make no such award, this Agreement shall remain fully enforceable.  In order to receive such payment, each Class Representative must provide, sufficiently in advance of the deadline for the Settlement Administrator to process such payment, a W-9 form and such other documentation as may reasonably be required by the Settlement Administrator.  The Class Representatives agree that any federal, state, municipal, or other taxes, contributions, or withholdings that may be owed or payable by them, or any tax liens that may be imposed, on any sums paid to them pursuant to this paragraph are their sole and exclusive responsibility, and any amount required to be withheld for tax purposes (if any) will be deducted from those payments.

**9.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION.**

**9.1**    The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

**(a)**    The Parties and Plaintiffs' counsel have executed this Agreement;

**(b)**    The Court has entered the Preliminary Approval Order;

**(c)**    The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects; and

**(d)**    The Final Judgment has become Final, as defined above, or, in the event that the Court enters an Alternate Judgment, such Alternate Judgment becomes Final.

**9.2**    If all of the conditions specified in Paragraph 9.1 are met, and once a Final Judgment becomes Final, as defined above, or in the event that the Court enters an Alternate Judgment, such Alternate Judgment becomes Final, Plaintiffs shall file with the Court a

Stipulation of Dismissal with Prejudice in the *Ninivaggi, Russo, and Griffin* lawsuits within five (5) days. Additionally, the University shall withdraw its Petition 23(f) appeal to the Third Circuit Court of Appeals within five (5) days.

**9.3** If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all Parties, except that any attempted termination of this Agreement after the Preliminary Approval Order is entered will not take effect without an order of the Court, and this Agreement may not be terminated after the Final Judgment is entered without an order of the Court vacating the Final Judgment or an order of any appellate court reversing or vacating the Final Judgment. Notwithstanding anything herein, the Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel and/or the incentive award set forth in Paragraph 8 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

**9.4** If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1-6.2 or 9.1-9.2 above, the Parties shall be restored to their respective positions in the Actions as of the date of the signing of this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be vacated by the Court, and the Parties shall be returned to the *status quo ante* with respect to the Actions (including with respect to Defendant's April 14, 2023 Rule 23(f) petition filed in

*Ninivaggi*) as if this Agreement had never been entered into.  Within five (5) business days after written notification of termination as provided in this Agreement is sent to the other Parties and Court approval if required is obtained, the Settlement Fund (including accrued interest thereon), less any Settlement Administration costs actually incurred, paid or payable and less any taxes and tax expenses paid, due or owing, shall be refunded by the Settlement Administrator to Defendant, based upon written instructions provided by Defendant's Counsel.  In the event Defendant terminates this Agreement because of Plaintiffs or Class Counsel breach of this Agreement, Class Counsel shall refund to Defendant, based upon written instructions provided by Defendant's Counsel, any Settlement Administration costs actually incurred prior to termination.  In the event that the Final Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, Class Counsel shall, within thirty (30) days repay to Defendant, based upon written instructions provided by Defendant's Counsel, the full amount of the attorneys' fees and costs paid to Class Counsel from the Settlement Fund, including any accrued interest.  In the event the attorney fees and costs awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, but the Settlement Agreement is not voided, rescinded or otherwise terminated, Class Counsel shall within thirty (30) days repay any amount vacated or modified to the Settlement Fund.

## 10.    MISCELLANEOUS PROVISIONS.

**10.1**    The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement, to secure final approval, and to defend the Final Judgment through

any and all appeals.  Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Settlement Agreement, entry of the Preliminary Approval Order, and the Final Judgment, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**10.2**    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs, the Settlement Class and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand.  Accordingly, the Parties agree not to assert in any forum that the Actions were brought by Plaintiffs or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

**10.3**    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released.  The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.4**    Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein or any term, provision or definition therein, nor any act or communication performed or document executed in the course of negotiating, implementing or seeking approval pursuant to or in furtherance of this Agreement or the settlement:

**(a)**    is, may be deemed, or shall be used, offered or received in evidence in any civil, criminal or administrative proceeding in any court, administrative agency, arbitral proceeding or other tribunal against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact

alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Actions, the violation of any law or statute, the definition or scope of any term or provision, the reasonableness of the Settlement Fund or the Fee Award (except in connection with seeking approval of the Settlement in the Actions), or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them.  Defendant, while continuing to deny all allegations of wrongdoing and disclaiming all liability with respect to all claims, considers it desirable to resolve the Actions on the terms stated herein to avoid further expense, inconvenience, and burden, and therefore has determined that this settlement is in Defendant's best interests ;

(b)      is, may be deemed, or shall be used, offered or received against any Released Party, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

(c)      is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, or supporting the certification of a litigation class, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement.  Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or

reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

**(d)**     is, may be deemed, or shall be construed against Plaintiffs, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial;

**(e)**     is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Actions would have exceeded or would have been less than any particular amount;

**(f)**     This Settlement Agreement shall not be used for any purpose other than enforcing the terms hereof, and the provisions in this Section 10.4 shall survive any termination of the Settlement.

**10.5**     The Parties acknowledge that (a) any certification of the Settlement Class as set forth in this Agreement, including certification of the Settlement Class for settlement purposes in the context of Preliminary Approval, shall not be deemed a concession that certification of a litigation class is appropriate, or that the Settlement Class definition would be appropriate for a litigation class, nor would Defendant be precluded from challenging class certification in further proceedings in the Actions (including via its April 14, 2023 Rule 23(f) petition filed in *Ninivaggi*) or in any other action if the Settlement Agreement is not finalized or finally approved; (b) if the Settlement Agreement is not finally approved by the Court for any reason whatsoever, then any certification of the Settlement Class will be void, the Parties and the

Actions shall be restored to the status quo ante, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in the Actions or in any other action; and (c) no agreements made by or entered into by Defendant in connection with the Settlement may be used by Plaintiffs, any person in the Settlement Class, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Actions or any other judicial proceeding.

10.6     No person or entity shall have any claim against the Class Representatives, Class Counsel, the Settlement Administrator or any other agent designated by Class Counsel, or the Released Parties and/or their counsel, arising from distributions made substantially in accordance with this Agreement.  The Parties and their respective counsel, and all other Released Parties shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the determination, administration, calculation, or payment of any claim or nonperformance of the Settlement Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

10.7     The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.8     The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

10.9     All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

10.10   This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein, including, without limitation, the term sheet executed on April 26, 2023.  No representations,

warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**10.11**   Except as otherwise provided herein, each Party shall bear its own costs.

**10.12**   Plaintiffs represent and warrant that they have not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that they are fully entitled to release the same.

**10.13**   Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

**10.14**   This Agreement may be executed in one or more counterparts.  Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.15**   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.16**   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.  Any disputes between the Parties concerning matters contained in this Agreement

shall, if they cannot be resolved by negotiation and agreement, be submitted to the Court for resolution.

**10.17**   This Settlement Agreement shall be governed by and construed in accordance with the substantive laws of the State of Delaware without giving effect to its choice of law or conflict of laws principles.

**10.18**   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties.  Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.19**   Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:  Joshua D. Arisohn, Bursor & Fisher, P.A., 888 Seventh Avenue, New York, NY 10019; James D. Taylor , Jr., Saul Ewing LLP, 1201 N. Market Street, Suite 2300, P.O. Box 1266, Wilmington, DE 19899.

**10.20**   The Parties agree there will be no press release regarding the Settlement, and neither side will initiate contacts with the media nor issue any public statement, comment, or promotional material that references the terms of the Settlement; *provided*, however, that (i) upon inquiry, the Parties may state only that "The matter has been resolved consistent with the public filings related thereto." and the University may state only that "The University of Delaware is proud of the integrated efforts of our faculty and staff to successfully transition more than 6,400 class sections from in-person to virtual instruction in Spring 2020 in the face of unprecedented challenges posed by the COVID-19 pandemic. While we disagree with Plaintiffs' claims, the University determined that resolving this lawsuit is in the best interest of our students and in order to remain focused on our mission to steer students along a fulfilling educational journey to earn their college degrees;" and (ii) Class Counsel and Defendant's counsel are

permitted, in connection with their law firm websites, biographies, brochures, and firm marketing materials, future declarations regarding counsel's experience, and/or in speaker biographies, to state in writing only that it served as counsel in this Litigation and basic facts about the Settlement that are conveyed in any motion to approve the Settlement, including the Settlement Fund amount.

10.21    All persons involved in the Settlement will be required to keep confidential any personal identifying information of Class Members, and any otherwise nonpublic financial information of UD.  Any documents or nonpublic information provided by UD to Class Counsel must be destroyed within 30 days of the Settlement Administrator completing the issuance of all settlement payments, except insofar as Class Counsel shall have the right to retain any work product and, in the case of pleadings submitted to the Court, any exhibits to such pleadings.

10.22    UD may communicate with Class Members in the ordinary course of its operations.  UD will refer inquiries regarding this Agreement and administration of the Settlement to the Settlement Administrator or Class Counsel.

**IT IS SO AGREED TO BY THE PARTIES**:


Dated: Jun 5, 2023                   **MICHAEL NINIVAGGI**

                                                 By: _Michael Ninivaggi (Jun 5, 2023 20:47 EDT)_
                                                   Michael Ninivaggi, individually and as representative of the Settlement Class


Dated: _____               **JAKE MICKEY**

                                                     By:_____
                                                     Jake Mickey, individually and as representative of the Settlement Class


Dated: _____               **CAILIN NIGRELLI**

                                                     By:_____
                                                     Cailin Nigrelli, individually and as representative of the Settlement Class


Dated: _____               **HANNAH RUSSO**

                                                     By:_____
                                                     Hannah Russo, individually and as representative of the Settlement Class


Dated: _____               **SEAN GRIFFIN**

                                                     By:_____
                                                     Sean Griffin, individually and as representative of the Settlement Class


Dated: _____               **THE UNIVERSITY OF DELAWARE**

                                                     By:_____

                                                     Name: _____

                                                     Title: _____

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _____

**MICHAEL NINIVAGGI**

By:_____
Michael Ninivaggi, individually and as
representative of the Settlement Class

Dated: Jun 5, 2023
_____

**JAKE MICKEY**

By:_____
Jake Mickey, individually and as representative of
the Settlement Class

Dated: _____

**CAILIN NIGRELLI**

By:_____
Cailin Nigrelli, individually and as representative of
the Settlement Class

Dated: _____

**HANNAH RUSSO**

By:_____
Hannah Russo, individually and as representative of
the Settlement Class

Dated: _____

**SEAN GRIFFIN**

By:_____
Sean Griffin, individually and as representative of
the Settlement Class

Dated: _____

**THE UNIVERSITY OF DELAWARE**

By:_____

Name: _____

Title: _____

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _____          **MICHAEL NINIVAGGI**

                               By:_____
                               Michael Ninivaggi, individually and as
                               representative of the Settlement Class


Dated: _____          **JAKE MICKEY**

                               By:_____
                               Jake Mickey, individually and as representative of
                               the Settlement Class


Dated: _Jun 6, 2023_           **CAILIN NIGRELLI**

                               *Cailin Nigrelli*
                               By:_____
                               Cailin Nigrelli (Jun 6, 2023 14:27 EDT)
                               Cailin Nigrelli, individually and as representative of
                               the Settlement Class


Dated: _____          **HANNAH RUSSO**

                               By:_____
                               Hannah Russo, individually and as representative of
                               the Settlement Class


Dated: _____          **SEAN GRIFFIN**

                               By:_____
                               Sean Griffin, individually and as representative of
                               the Settlement Class


Dated: _____          **THE UNIVERSITY OF DELAWARE**

                               By:_____

                               Name: _____

                               Title: _____

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _____          **MICHAEL NINIVAGGI**

By:_____
Michael Ninivaggi, individually and as
representative of the Settlement Class

Dated: _____          **JAKE MICKEY**

By:_____
Jake Mickey, individually and as representative of
the Settlement Class

Dated: _____          **CAILIN NIGRELLI**

By:_____
Cailin Nigrelli, individually and as representative of
the Settlement Class

Dated: 06/06/2023          **HANNAH RUSSO**

By:_____*Hannah Russo*_____
Hannah Russo, individually and as representative of
the Settlement Class

Dated: _____          **SEAN GRIFFIN**

By:_____
Sean Griffin, individually and as representative of
the Settlement Class

Dated: _____          **THE UNIVERSITY OF DELAWARE**

By:_____

Name: _____

Title: _____

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _____

**MICHAEL NINIVAGGI**

By:_____
Michael Ninivaggi, individually and as
representative of the Settlement Class


Dated: _____

**JAKE MICKEY**

By:_____
Jake Mickey, individually and as representative of
the Settlement Class


Dated: _____

**CAILIN NIGRELLI**

By:_____
Cailin Nigrelli, individually and as representative of
the Settlement Class


Dated: _____

**HANNAH RUSSO**

By:_____
Hannah Russo, individually and as representative of
the Settlement Class


Dated: Jun 6, 2023
_____

**SEAN GRIFFIN**

*Sean Griffin*
By:_____
Sean Griffin (Jun 6, 2023 13:53 EDT)
Sean Griffin, individually and as representative of
the Settlement Class


Dated: _____

**THE UNIVERSITY OF DELAWARE**

By:_____

Name: _____

Title: _____

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _____      **MICHAEL NINIVAGGI**

By:_____
Michael Ninivaggi, individually and as
representative of the Settlement Class


Dated: _____      **JAKE MICKEY**

By:_____
Jake Mickey, individually and as representative of
the Settlement Class


Dated: _____      **CAILIN NIGRELLI**

By:_____
Cailin Nigrelli, individually and as representative of
the Settlement Class


Dated: _____      **HANNAH RUSSO**

By:_____
Hannah Russo, individually and as representative of
the Settlement Class


Dated: _____      **SEAN GRIFFIN**

By:_____
Sean Griffin, individually and as representative of
the Settlement Class


Dated: 6/7/2023      **THE UNIVERSITY OF DELAWARE**

By:_Dennis Assanis_____
D4DDEC4399B5428...

Name: _Dennis Assanis_____

Title: _President_____

**AGREED AS TO ALL OBLIGATIONS OF CLASS COUNSEL:**

Dated:  _6/7/2023_

**BURSOR & FISHER, P.A.**

By:  _Josh Arisohn_

Joshua D. Arisohn
jarisohn@bursor.com
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, NY 10019
Tel:  (646) 837-7150
Fax:  (212) 989-9163

*Attorneys for Class Representatives and the
Settlement Class*

**EXHIBIT A**

## The University of Delaware Settlement Election Form

Please complete this form by [DATE] if you wish to:  (i) receive your share of the Settlement by Venmo or PayPal; or (ii) update your mailing address to receive a check by mail..

**You are not required to complete this form in order to receive a payment.  If you do not complete this form, you will receive your share of the Settlement Fund in the form of a check sent to your last known mailing address.  If you would like to update your mailing address please click [here].**

☐  **OPTION ONE:  RECEIVE A CASH PAYMENT**

Venmo ☐ Venmo Username: _____

PayPal ☐ PayPal Email: _____

☐  **OPTION TWO:  RECEIVE CASH PAYMENT BY CHECK AT NEW ADDRESS**

Check ☐ Mailing Address: _____

| | |
|---|---|
| | |

**ELECTRONIC SIGNATURE**    **DATE**

**EXHIBIT B**

From:   SettlementAdminstrator@___.com
To:      JonQClassMember@domain.com
Re:      Legal Notice of Class Action Settlement

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Ninivaggi v. University of Delaware*, 20-cv-1478-SB
*Russo v. University of Delaware*, 1:20-cv-01693-SB
*Griffin v. University of Delaware*, 1:23-cv-00385-SB
(United States District Court for the District of Delaware)

*For more information, visit* ____

**PLEASE READ THIS NOTICE CAREFULLY.  IF YOU ATTENDED THE UNIVERSITY OF DELAWARE DURING THE SPRING 2020 SEMESTER, YOU MAY BE ELIGIBLE TO RECEIVE CASH COMPENSATION FROM A CLASS ACTION SETTLEMENT. *THIS NOTICE EXPLAINS YOUR RIGHTS AND OPTIONS AND THE DEADLINES TO EXERCISE THEM.***

*The United States District Court for the District of Delaware authorized this Notice.  You are <u>not</u> being sued.  This is <u>not</u> a solicitation from a lawyer.*

| **WHY DID I GET THIS NOTICE?** |
| --- |

- A Settlement has been reached in a class action lawsuit between Defendant The University of Delaware ("Defendant" or "UD") and certain individuals who have alleged that they, and the Settlement Class Members,[1] are entitled to <u>partial</u> refunds of tuition and fees for the Spring 2020 Semester because UD transitioned to remote learning in March 2020 amid the COVID-19 pandemic.  The cases are *Ninivaggi v. University of Delaware*, 20-cv-1478-SB (including *Russo v. University of Delaware*, 1:20-cv-01693-SB, consolidated therein) and *Griffin v. University of Delaware*, 1:23-cv-00385-SB, in the United States District Court for the District of Delaware (the "Lawsuit").  The proposed Settlement is not an admission of wrongdoing by UD, and UD denies all allegations of wrongdoing and disclaims all liability with regard to all claims in the Lawsuit.  The Court has granted preliminary approval of the Settlement and has conditionally certified the Settlement Class for purposes of settlement only.

- You are a member of the Settlement Class if you were a UD undergraduate or graduate student for whom any amount of tuition and fees were paid from any source (e.g., the student's own funds, funding from a parent or other family member, loan, or non-UD scholarship) to UD for the Spring 2020 Semester, and whose tuition or fees have not been refunded in their entirety prior to the Settlement.  But, you are not a Settlement Class Member if you opt out of the Settlement, or if you received a full scholarship from UD for the Spring 2020 semester.

- Under the Settlement Agreement, UD will pay $6.3 million.  Some of that will go to Class Counsel for attorney's fees and expenses, class representative service awards, and will pay for the costs of administering the settlement.  What remains of the $6.3 million will be divided on a *pro rata basis* among the approximately 21,000 Settlement Class Members.  Settlement Class Members will not need take any action to receive their shares of the payment.  Settlement Class Members will automatically receive their shares by check mailed to the Settlement Class Member's last known mailing address.

---

[1] Definitions for terms used herein can be found in the Settlement Agreement available at ____.

**QUESTIONS? VISIT** ____

Alternatively, if they prefer to receive their share by Venmo or PayPal, or wish to update their mailing address for mailing of a check, they may visit the settlement website to complete an Election Form to provide their Check, Venmo, or PayPal information.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | Settlement Class Members who do nothing automatically receive a payment by check to the student's last known mailing address as reflected in UD's records after the Effective Date of the Settlement Agreement. You will give up any rights you may have to sue UD about the issues in the Lawsuit. |
| **CHANGE YOUR PAYMENT OPTIONS** | Settlement Class Members may visit ___ to (a) provide an updated address for sending a check or (b) elect to receive the Cash Award by Venmo or PayPal instead of a paper check. Settlement Class Members may also submit this information to the Settlement Administrator by mail at [address]. |
| **EXCLUDE YOURSELF** | You will not receive your Cash Award, but you will retain any rights you have to sue UD about the issues in the Lawsuit. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement.  If the Court approves the Settlement, you will be bound by the Court's decision and the Settlement Agreement. |
| **ATTEND A HEARING** | Ask to speak in Court about the fairness of the Settlement. |

***These rights and options—and the deadlines to exercise them—are explained in this Notice. Please review this Notice carefully***.

The Court presiding over the Lawsuit still has to decide whether to approve the Settlement. The Cash Award made available by this Settlement will be provided only if the Court approves the Settlement and after any issues with the Settlement are resolved. Please be patient.

## WHAT IS THIS LAWSUIT ABOUT?

The Lawsuit alleges that students who attended UD for the Spring 2020 semester are entitled to partial refunds of tuition and fees because UD transitioned to remote learning in March 2020 amid the COVID-19 pandemic.  UD denies each and every allegation of wrongdoing, liability, and damages asserted, and UD denies that the claims in the Lawsuit would be appropriate for class treatment if the litigation proceeded through trial.

The Plaintiffs' Amended Complaint, the Settlement Agreement, and other case-related documents are available on the Settlement Website, accessible at _____.

## WHY IS THIS A CLASS ACTION?

A class action is a lawsuit in which one or more persons called a "Class Representative" sues on behalf of people with similar claims. These people together are a "Settlement Class" or "Settlement Class Members."

**QUESTIONS? VISIT** _____

The Settlement, if finally approved by the Court, resolves all issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

## WHY IS THERE A SETTLEMENT?

The Plaintiffs and UD have determined that it is in their best interests to settle to avoid the expenses and uncertainties associated with continued litigation. This Settlement resolves all claims asserted in the Lawsuit against UD and its affiliated persons and entities. The Plaintiffs and the attorneys for the Settlement Class believe the proposed settlement is in the best interests of the Class. The Settlement is not an admission of wrongdoing by UD and does not imply that there has been, or would be, any finding that UD violated any law if the Lawsuit were to move forward. UD denies each and every allegation of wrongdoing and liability in the Lawsuit. The Court did not reach a decision on the merits of the Lawsuit. The Court has preliminarily approved the Settlement and ordered that this notice be provided to explain it. Nevertheless, because the settlement of a class action determines the rights of all members of the class, the court overseeing this Lawsuit must give final approval to the Settlement before it can be effective. The Court has conditionally certified the Settlement Class for settlement purposes only, so that Settlement Class Members receive this Notice and have the opportunity to exclude themselves from the Settlement Class or to voice their support for or opposition to final approval of the Settlement. If the Court does not give final approval to the Settlement, or if it is terminated by the Parties, the Settlement will be void, and the Lawsuit will proceed as if there had been no settlement and no certification of the Settlement Class.

## WHO IS IN THE SETTLEMENT CLASS?

You are a member of the Settlement Class if you were a UD undergraduate or graduate student for whom any amount of tuition and fees were paid from any source (e.g., the student's own funds, funding from a parent or other family member, loan, or non- UD scholarship) to Defendant for the Spring 2020 Semester, and whose tuition or fees have not been refunded in their entirety prior to the Settlement. Excluded from the Settlement Class are (1) any Judge or Magistrate Judge presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, and attorneys; (3) persons who properly execute and file a timely request for exclusion from the class; (4) the legal representatives, successors or assigns of any such excluded persons; and (5) UD undergraduate or graduate students that received a full UD scholarship for the Spring 2020 Semester.

## WHAT ARE MY OPTIONS?

### (1)   Receive Payment By Check or Elect to Have Your Payment Made Electronically.

The $6.3 million Settlement Fund, minus any attorney's fee for Plaintiffs' counsel (addressed below), service awards for the named Plaintiffs of up to $5,000 each, and the costs of administering the settlement, will be divided on a *pro rata* basis among all Settlement Class Members.  You will not need to take any action to receive your share of the settlement. Settlement Class Members will automatically receive their shares by check mailed to the Settlement Class Member's last known mailing address as reflected in UD's records.  Alternatively, if they prefer to receive their share by Venmo or PayPal, they may visit the settlement website to provide their Venmo or PayPal information, or may provide that information to the Settlement Administrator by mail at the address below. If any Settlement Class Members fail to cash their Cash Award checks, those monies from uncashed checks will be deposited in the University of Delaware's Student Crisis Reserve for the purpose of providing additional student aid.

**QUESTIONS? VISIT** ▮▮▮▮

**(2)  Exclude Yourself ("Opt out" of the Settlement)**.

You may exclude yourself from the Settlement. If you do so, you will not receive a share of the Settlement Fund. You will not release any claims you may have against UD and the Released Parties (as that term is defined in the Settlement Agreement, available for review at ____), and you will be free to pursue whatever legal rights you may have by pursuing your own lawsuit against the Released Parties at your own risk and expense. To exclude yourself from the Settlement, you must mail a timely letter to the Settlement Administrator at ____, postmarked by **[DATE]**. Your request to be excluded from the Settlement must be personally signed by you and contain a statement that indicates your desire to be excluded from the Settlement Class in *Ninivaggi v. University of Delaware* and *Griffin v. University of Delaware*. The request should also include your full name, address, telephone number(s), and identify the case names *Ninivaggi v. University of Delaware,* Case No. 20-cv-1478-SB and *Griffin v. University of Delaware*, 1:23-cv-00385-SB, in the United States District Court for the District of Delaware.

You cannot ask to be excluded by phone or on the Settlement Website. You may opt out of the Settlement Class only for yourself; one may not purport to opt others out of the Settlement Class on a class or representative basis.

**(3)  Object to the Settlement**.

If you are a Settlement Class Member (and do not exclude yourself from the Settlement Class), you can object to any part of the Settlement. You can ask the Court to deny approval of the proposed settlement by filing an objection. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, the benefits for Settlement Class Members described herein will not be provided, and the Lawsuit will continue. To object, you must timely present the objection in writing to the Settlement Administrator, or directly to the Court, and personally sign the objection.  Your objection must include: (1) your name and address; (2) an explanation of the basis upon which you claim to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether you intend to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).

**IF YOU DO NOT TIMELY AND VALIDLY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FINAL APPROVAL HEARING.**

If you file and serve a written objection and statement of intent to appear, you may appear at the Final Approval Hearing, either in person or through your personal counsel hired at your own expense, to object to the fairness, reasonableness, or adequacy of the Settlement.

If you wish to object, you must file your objection with the Settlement Administrator or the Court (using the Court's electronic filing system or in any manner in which the Court accepts filings) no later than **DATE**.  You must also send a copy of your objection to by mail, hand, or overnight delivery service (or by operation of the Court's CM/ECF system to the attorneys representing the Plaintiffs and the Settlement Class (specifically Joshua D. Arisohn of Bursor & Fisher, P.A., 888 Seventh Avenue, New York, NY 10019) and the attorneys representing the University of Delaware (James D. Taylor , Jr., Saul Ewing LLP, 1201 N. Market Street, Suite 2300, P.O. Box 1266, Wilmington, DE 19899), postmarked no later than **DATE**.

If you hire an attorney in connection with making an objection, that attorney must also file with the Court a notice of appearance by **DATE**. If you do hire your own attorney, you will be solely responsible for payment of any fees and expenses the attorney incurs on your behalf. If you exclude yourself from the

**QUESTIONS? VISIT** ____

Settlement, you cannot file an objection. If you object and the Settlement is approved, you will still be entitled to receive benefits under the Settlement, and will be bound by the terms of the Settlement.

## COMPENSATION TO CLASS COUNSEL AND THE NAMED PLAINTIFFS

*Class Representative Compensation*. The Court may award reasonable service compensation to the Class Representatives for their service in the case, not to exceed Five Thousand Dollars ($5,000) each, which shall come from the Settlement Fund. Any such Court-ordered compensation shall be paid within thirty business days after the Effective Date. This shall be in addition to any Cash Award that the Class Representatives may receive as Settlement Class Members.

*Class Counsel Attorney's Fees, Costs, and Expenses*. The attorneys who brought the lawsuit (listed below) will ask the Court to award them attorney's fees not to exceed one-third of the Settlement Fund ($2,100,000.00), for the time and effort expended in investigating the facts, conducting the litigation, and negotiating the Settlement, as well as reimbursement of costs not to exceed $250,000.00. Class Counsel's motion for attorney's fees and costs and Class Representative awards will be filed with the Court and made available on the Settlement website no later than [date]. The Fee Award shall be payable by the Settlement Administrator from the Settlement Fund within ten (30) business days after entry of the Court's Final Judgment.

## WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?

Unless you exclude yourself from the Settlement, you cannot sue or be part of any other lawsuit against UD or any of its affiliated persons and entities about the issues in the Lawsuit. This specifically includes any claim for breach of contract or any tort, common law or statutory claim arising out of or in any way allegedly related to UD tuition, fees and/or costs paid or incurred by or on behalf of any Settlement Class Member in connection with the Spring 2020 Semester. Unless you exclude yourself, all of the decisions and judgments by the Court will bind you.

The Settlement Agreement is available at ____. *The Settlement Agreement provides more detail regarding the Releases and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully*. If you have any questions, you can talk for free to the attorneys identified below who have been appointed by the Court to represent the Settlement Class, or you are welcome to talk to any other lawyer of your choosing at your own expense.

## WHEN WILL I RECEIVE MY CASH PAYMENT?

Cash Awards will be distributed after the Court grants Final Approval to the Settlement. The parties cannot accurately predict when (or whether) the Court will grant Final Approval to the Settlement, or whether there may be appeals from that order that take additional time to resolve, so please be patient. Settlement Class Members will receive their payment within 60 days after the Effective Date.

Updated information about the case will be made available at ____, or you can call the Settlement Administrator at ____, or contact Class Counsel at the information provided below.

## WHEN WILL THE COURT RULE ON THE SETTLEMENT?

The Court has already granted Preliminary Approval of the Settlement. A final hearing on the Settlement, called a final approval or fairness hearing, will be held to determine the fairness of the Settlement. At the Final Approval Hearing, the Court will also consider whether to make final the certification of the Settlement Class for settlement purposes, hear any proper objections and arguments to the Settlement, as well as any requests for an award of attorneys' fees and expenses and Service Awards for the Plaintiffs that may be sought by Class Counsel. The Court will hold the Final Approval Hearing on **DATE**, **2023**, at

**QUESTIONS? VISIT** ____

**TIME** ET, at the United States District Court for the District of Delaware, United States Courthouse, 844 North King Street, Wilmington, DE 19801-3570.  The date and time of the Final Approval Hearing are subject to change by Court Order, and the hearing may be conducted remotely. Any changes, including instructions for how Settlement Class Members may attend the hearing if it is conducted virtually or by telephonic means, will be posted at the settlement website, _____ and on the Court's docket on PACER at http://ecf.ctd.uscourts.gov.

If the Settlement is given Final Approval, the Court will not make any determination as to the merits of the claims or defenses at issue. Instead, the Settlement's terms will take effect and the Lawsuit will be dismissed on the merits with prejudice. Both sides have agreed to the Settlement to achieve an early and certain resolution to the Lawsuit, so it provides specific and valuable benefits to the members of the Settlement Class.

If the Court does not grant Final Approval of the Settlement, or if Final Approval is reversed on appeal, or if the Settlement does not become final for some other reason, Plaintiffs, UD, and Class Members will be in the same position as they were before the execution of the Settlement, and the Settlement will have no legal effect, no class will remain certified (conditionally or otherwise), and Plaintiffs and UD will continue to litigate the Lawsuit. There can be no assurance that, if the Settlement is not approved, the Settlement Class will recover more than is provided in the Settlement, or indeed, anything at all.

## WHERE CAN I GET ADDITIONAL INFORMATION?

This Notice is only a summary of the proposed Settlement. More details are in the Settlement Agreement which, along with other documents, can be obtained at _____.  If you have any questions, you can also call the Settlement Administrator at 1-___ or Class Counsel at the numbers or email addresses set forth below. Besides the documents available on the case website, all pleadings and documents filed in court may be reviewed or copied in the Office of the Clerk.

***Please do not contact the Judge or the Clerk of the Court or The University of Delaware about the Lawsuit.  They cannot give you advice on your options***.

## WHO REPRESENTS THE CLASS?

The Court has approved these attorneys to represent the Settlement Class. They are called "Class Counsel." You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

Joshua D. Arisohn, Esq.
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: (646) 837-7150
*jarisohn@bursor.com*

**QUESTIONS? VISIT** _____

**EXHIBIT C**

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

UD Settlement
Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

# UD'S RECORDS INDICATE YOU WERE A STUDENT WHO PAID, OR ON WHOSE BEHALF WAS PAID, TUITION AND FEES TO UD FOR THE SPRING 2020 SEMESTER AND MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.

|||||||||||||||||||||||

Postal Service: Please do not mark barcode

XXX—«ClaimID»   «MailRec»

«First1» «Last1»
«C/O»
«Addr1»  «Addr2»
«City», «St»  «Zip» «Country»

By Order of the Court Dated: [date]

## UD SETTLEMENT

A Settlement has been reached in a class action lawsuit between Defendant The University of Delaware ("Defendant" or "UD") and certain individuals who have alleged that they, and the Settlement Class Members, are entitled to partial refunds of tuition and fees for the Spring 2020 Semester because UD transitioned to remote learning in March 2020 amid the COVID-19 pandemic. The cases are *Ninivaggi v. University of Delaware*, 20-cv-1478-SB (including *Russo v. University of Delaware*, 1:20-cv-01693-SB, consolidated therein) and *Griffin v. University of Delaware*, 1:23-cv-00385-SB, in the United States District Court for the District of Delaware (the "Lawsuit"). The proposed Settlement is not an admission of wrongdoing by UD, and UD denies all allegations of wrongdoing and disclaims all liability with regard to all claims in the Lawsuit.

**Am I a Class Member?** UD's records reflect you may be a Class Member. Class Members are UD undergraduate or graduate students for whom any amount of tuition and fees were paid from any source (e.g., the student's own funds, funding from a parent or other family member, loan, or non-UD scholarship) to UD for the Spring 2020 Semester, and whose tuition and fees have not been refunded in their entirety prior to the Settlement.

**What Can I Get?** If approved by the Court, a Settlement Fund of $6,300,000.00 has been established to pay all claims to the Settlement Class, as well as notice and administration expenses, approved attorneys' fees and costs, and service awards. What remains of the $6.3 million will be divided on a *pro rata* basis among the approximately 21,000 Settlement Class Members.

**How Do I Get a Payment?** Settlement Class Members will not need take any action to receive their shares of the payment. Settlement Class Members will automatically receive their shares by check mailed to the Settlement Class Member's last known mailing address. Alternatively, if they prefer to receive their share by Venmo or PayPal, or wish to update their mailing address for mailing of a check, they may visit the settlement website to complete an Election Form to provide their Check, Venmo, or PayPal information.

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the settlement administrator no later than [objection/exclusion deadline]. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. If you do not exclude yourself, you may object to the Settlement if you choose to do so. You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed no later than [objection/exclusion deadline]. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at [www.___.com]. If you do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to causes of action asserted in the Lawsuit or which could have been brought in the Lawsuit based upon the facts alleged regarding the Spring 2020 Semester will be released.

**Who Represents Me?** The Court has appointed Bursor & Fisher, P.A. to represent the class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in the Lawsuit, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court has already granted Preliminary Approval of the Settlement. A final hearing on the Settlement, called a final approval or fairness hearing, will be held to determine the fairness of the Settlement. At the Final Approval Hearing, the Court will also consider whether to make final the certification of the Settlement Class for settlement purposes, hear any proper objections and arguments to the Settlement, as well as any requests for an award of attorneys' fees and expenses (not to exceed 1/3 of the total Settlement Fund) and Service Awards for the Plaintiffs (not to exceed $5,000 each) that may be sought by Class Counsel. The Court will hold the Final Approval Hearing on DATE, 2023, at TIME ET, at the United States District Court for the District of Delaware, United States Courthouse, 844 North King Street, Wilmington, DE 19801-3570. The date and time of the Final Approval Hearing are subject to change by Court Order, and the hearing may be conducted remotely. Any changes, including instructions for how Settlement Class Members may attend the hearing if it is conducted virtually or by telephonic means, will be posted at the settlement website, ____ and on the Court's docket on PACER at http://ecf.ctd.uscourts.gov.

**How Do I Get More Information?** For more information, including a more detailed Notice, Claim Form, a copy of the Settlement Agreement and other documents, go to www.___.com, contact the settlement administrator at 1-___-___-____ or Settlement Administrator, [address], or call Class Counsel at 1-646-837-7150.

UD Settlement Administrator
c/o [Settlement Administrator]
PO Box 0000
City, ST 00000-0000

XXX

**EXHIBIT D**

## WEBSITE NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Ninivaggi v. University of Delaware*, 20-cv-1478-SB
*Russo v. University of Delaware*, 1:20-cv-01693-SB
*Griffin v. University of Delaware*, 1:23-cv-00385-SB
(United States District Court for the District of Delaware)

**PLEASE READ THIS NOTICE CAREFULLY. IF YOU ATTENDED THE UNIVERSITY OF DELAWARE DURING THE SPRING 2020 SEMESTER, YOU MAY BE ELIGIBLE TO RECEIVE CASH COMPENSATION FROM A CLASS ACTION SETTLEMENT. *THIS NOTICE EXPLAINS YOUR RIGHTS AND OPTIONS AND THE DEADLINES TO EXERCISE THEM.***

*The United States District Court for the District of Delaware authorized this Notice.  You are <u>not</u> being sued.  This is <u>not</u> a solicitation from a lawyer.*

| **WHY DID I GET THIS NOTICE?** |
| --- |

- A Settlement has been reached in a class action lawsuit between Defendant The University of Delaware ("Defendant" or "UD") and certain individuals who have alleged that they, and the Settlement Class Members,[1] are entitled to <u>partial</u> refunds of tuition and fees for the Spring 2020 Semester because UD transitioned to remote learning in March 2020 amid the COVID-19 pandemic. The cases are *Ninivaggi v. University of Delaware*, 20-cv-1478-SB (including *Russo v. University of Delaware*, 1:20-cv-01693-SB, consolidated therein) and *Griffin v. University of Delaware*, 1:23-cv-00385-SB, in the United States District Court for the District of Delaware (the "Lawsuit").  The proposed Settlement is not an admission of wrongdoing by UD, and UD denies all allegations of wrongdoing and disclaims all liability with regard to all claims in the Lawsuit. The Court has granted preliminary approval of the Settlement and has conditionally certified the Settlement Class for purposes of settlement only.

- You are a member of the Settlement Class if you were a UD undergraduate or graduate student for whom any amount of tuition and fees were paid from any source (e.g., the student's own funds, funding from a parent or other family member, loan, or non-UD scholarship) to UD for the Spring 2020 Semester, and whose tuition or fees have not been refunded in their entirety prior to the Settlement. But, you are not a Settlement Class Member if you opt out of the Settlement, or if you received a full scholarship from UD for the Spring 2020 semester.

- Under the Settlement Agreement, UD will pay $6.3 million. Some of that will go to Class Counsel for attorney's fees and expenses, class representative service awards, and will pay for the costs of administering the settlement. What remains of the $6.3 million will be divided on a *pro rata* basis among the approximately 21,000 Settlement Class Members. Settlement Class Members will not need to take any action to receive their shares of the payment.  Settlement Class Members will automatically receive their shares by check mailed to the Settlement Class Member's last known mailing address. Alternatively, if they prefer to receive their share by Venmo or PayPal, or wish to update their mailing address for mailing of a check, they may visit the settlement website to complete an Election Form to provide their Check, Venmo, or PayPal information.

---

[1] Definitions for terms used herein can be found in the Settlement Agreement available at ____.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | Settlement Class Members who do nothing automatically receive a payment by check to the student's last known mailing address as reflected in UD's records after the Effective Date of the Settlement Agreement. You will give up any rights you may have to sue UD about the issues in the Lawsuit. |
| **CHANGE YOUR PAYMENT OPTIONS** | Settlement Class Members may visit ▇▇▇ to (a) provide an updated address for sending a check or (b) elect to receive the Cash Award by Venmo or PayPal instead of a paper check. Settlement Class Members may also submit this information to the Settlement Administrator by mail at [address]. |
| **EXCLUDE YOURSELF** | You will not receive your Cash Award, but you will retain any rights you have to sue UD about the issues in the Lawsuit. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. If the Court approves the Settlement, you will be bound by the Court's decision and the Settlement Agreement. |
| **ATTEND A HEARING** | Ask to speak in Court about the fairness of the Settlement. |

***These rights and options—and the deadlines to exercise them—are explained in this Notice. Please review this Notice carefully***.

The Court presiding over the Lawsuit still has to decide whether to approve the Settlement.  The Cash Award made available by this Settlement will be provided only if the Court approves the Settlement and after any issues with the Settlement are resolved.  Please be patient.

## WHAT IS THIS LAWSUIT ABOUT?

The Lawsuit alleges that students who attended UD for the Spring 2020 semester are entitled to partial refunds of tuition and fees because UD transitioned to remote learning in March 2020 amid the COVID-19 pandemic.  UD denies each and every allegation of wrongdoing, liability, and damages asserted, and UD denies that the claims in the Lawsuit would be appropriate for class treatment if the litigation proceeded through trial.

The Plaintiffs' Amended Complaint, the Settlement Agreement, and other case-related documents are available on the Settlement Website, accessible at ▇▇▇▇▇.

## WHY IS THIS A CLASS ACTION?

A class action is a lawsuit in which one or more persons called a "Class Representative" sues on behalf of people with similar claims.  These people together are a "Settlement Class" or "Settlement Class Members."  The Settlement, if finally approved by the Court, resolves all issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

## WHY IS THERE A SETTLEMENT?

The Plaintiffs and UD have determined that it is in their best interests to settle to avoid the expenses and uncertainties associated with continued litigation. This Settlement resolves all claims asserted in the Lawsuit against UD and its affiliated persons and entities. The Plaintiffs and the attorneys for the Settlement Class believe the proposed settlement is in the best interests of the Class. The Settlement is not an admission of wrongdoing by UD and does not imply that there has been, or would be, any finding that UD violated any law if the Lawsuit were to move forward. UD denies each and every allegation of wrongdoing and liability in the Lawsuit. The Court did not reach a decision on the merits of the Lawsuit. The Court has preliminarily approved the Settlement and ordered that this notice be provided to explain it. Nevertheless, because the settlement of a class action determines the rights of all members of the class, the court overseeing this Lawsuit must give final approval to the Settlement before it can be effective. The Court has conditionally certified the Settlement Class for settlement purposes only, so that Settlement Class Members receive this Notice and have the opportunity to exclude themselves from the Settlement Class or to voice their support for or opposition to final approval of the Settlement. If the Court does not give final approval to the Settlement, or if it is terminated by the Parties, the Settlement will be void, and the Lawsuit will proceed as if there had been no settlement and no certification of the Settlement Class.

## WHO IS IN THE SETTLEMENT CLASS?

You are a member of the Settlement Class if you were a UD undergraduate or graduate student for whom any amount of tuition and fees were paid from any source (e.g., the student's own funds, funding from a parent or other family member, loan, or non-UD scholarship) to Defendant for the Spring 2020 Semester, and whose tuition or fees have not been refunded in their entirety prior to the Settlement. Excluded from the Settlement Class are (1) any Judge or Magistrate Judge presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, and attorneys; (3) persons who properly execute and file a timely request for exclusion from the class; (4) the legal representatives, successors or assigns of any such excluded persons; and (5) UD undergraduate or graduate students that received a full UD scholarship for the Spring 2020 Semester.

## WHAT ARE MY OPTIONS?

**(1)    Receive Payment By Check or Elect to Have Your Payment Made Electronically.**

The $6.3 million Settlement Fund, minus any attorney's fee for Plaintiffs' counsel (addressed below), service awards for the named Plaintiffs of up to $5,000 each, and the costs of administering the settlement, will be divided on a *pro rata* basis among all Settlement Class Members. You will not need to take any action to receive your share of the settlement. Settlement Class Members will automatically receive their shares by check mailed to the Settlement Class Member's last known mailing address as reflected in UD's records. Alternatively, if they prefer to receive their share by Venmo or PayPal, they may visit the settlement website to provide their Venmo or PayPal information, or may provide that information to the Settlement Administrator by mail at the address below. If any Settlement Class Members fail to cash their Cash Award checks, those monies from uncashed checks will be deposited in the University of Delaware's Student Crisis Reserve for the purpose of providing additional student aid.

**(2)    Exclude Yourself ("Opt out" of the Settlement).**

You may exclude yourself from the Settlement. If you do so, you will not receive a share of the Settlement Fund. You will not release any claims you may have against UD and the Released Parties (as that term is defined in the Settlement Agreement, available for review at _____), and you will be free to pursue whatever legal rights you may have by pursuing your own lawsuit against the Released Parties at your own risk and expense. To exclude yourself from the Settlement, you must mail a timely letter to the Settlement Administrator at _____, postmarked by **[DATE]**. Your request to be excluded from the Settlement must be

personally signed by you and contain a statement that indicates your desire to be excluded from the Settlement Class in *Ninivaggi v. University of Delaware* and *Griffin v. University of Delaware*. The request should also include your full name, address, telephone number(s), and identify the case names *Ninivaggi v. University of Delaware*, Case No. 20-cv-1478-SB and *Griffin v. University of Delaware*, 1:23-cv-00385-SB, in the United States District Court for the District of Delaware.

You cannot ask to be excluded by phone or on the Settlement Website. You may opt out of the Settlement Class only for yourself; one may not purport to opt others out of the Settlement Class on a class or representative basis.

 **(3) Object to the Settlement**.

If you are a Settlement Class Member (and do not exclude yourself from the Settlement Class), you can object to any part of the Settlement. You can ask the Court to deny approval of the proposed settlement by filing an objection. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, the benefits for Settlement Class Members described herein will not be provided, and the Lawsuit will continue. To object, you must timely present the objection in writing to the Settlement Administrator, or directly to the Court, and personally sign the objection. Your objection must include: (1) your name and address; (2) an explanation of the basis upon which you claim to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether you intend to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).

**IF YOU DO NOT TIMELY AND VALIDLY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FINAL APPROVAL HEARING.**

If you file and serve a written objection and statement of intent to appear, you may appear at the Final Approval Hearing, either in person or through your personal counsel hired at your own expense, to object to the fairness, reasonableness, or adequacy of the Settlement.

If you wish to object, you must file your objection with the Settlement Administrator or the Court (using the Court's electronic filing system or in any manner in which the Court accepts filings) no later than **DATE**. You must also send a copy of your objection to by mail, hand, or overnight delivery service (or by operation of the Court's CM/ECF system to the attorneys representing the Plaintiffs and the Settlement Class (specifically Joshua D. Arisohn of Bursor & Fisher, P.A., 888 Seventh Avenue, New York, NY 10019) and the attorneys representing the University of Delaware (James D. Taylor , Jr., Saul Ewing LLP, 1201 N. Market Street, Suite 2300, P.O. Box 1266, Wilmington, DE 19899), postmarked no later than **DATE**.

If you hire an attorney in connection with making an objection, that attorney must also file with the Court a notice of appearance by **DATE**. If you do hire your own attorney, you will be solely responsible for payment of any fees and expenses the attorney incurs on your behalf. If you exclude yourself from the Settlement, you cannot file an objection. If you object and the Settlement is approved, you will still be entitled to receive benefits under the Settlement and will be bound by the terms of the Settlement.

## COMPENSATION TO CLASS COUNSEL AND THE NAMED PLAINTIFFS

*Class Representative Compensation*. The Court may award reasonable service compensation to the Class Representatives for their service in the case, not to exceed Five Thousand Dollars ($5,000) each, which shall come from the Settlement Fund.  Any such Court-ordered compensation shall be paid within thirty business days after the Effective Date.  This shall be in addition to any Cash Award that the Class Representatives may receive as Settlement Class Members.

*Class Counsel Attorney's Fees, Costs, and Expenses*. The attorneys who brought the lawsuit (listed below) will ask the Court to award them attorney's fees not to exceed one-third of the Settlement Fund ($2,100,000.00), for the time and effort expended in investigating the facts, conducting the litigation, and negotiating the Settlement, as well as reimbursement of costs not to exceed $250,000.00. Class Counsel's motion for attorney's fees and costs and Class Representative awards will be filed with the Court and made available on the Settlement website no later than [date]. The Fee Award shall be payable by the Settlement Administrator from the Settlement Fund within ten (10) business days after entry of the Court's Final Judgment.

## WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?

Unless you exclude yourself from the Settlement, you cannot sue or be part of any other lawsuit against UD or any of its affiliated persons and entities about the issues in the Lawsuit. This specifically includes any claim for breach of contract or any tort, common law or statutory claim arising out of or in any way allegedly related to UD tuition, fees and/or costs paid or incurred by or on behalf of any Settlement Class Member in connection with the Spring 2020 Semester. Unless you exclude yourself, all of the decisions and judgments by the Court will bind you.

The Settlement Agreement is available at _____. *The Settlement Agreement provides more detail regarding the Releases and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully*. If you have any questions, you can talk for free to the attorneys identified below who have been appointed by the Court to represent the Settlement Class, or you are welcome to talk to any other lawyer of your choosing at your own expense.

## WHEN WILL I RECEIVE MY CASH PAYMENT?

Cash Awards will be distributed after the Court grants Final Approval to the Settlement. The parties cannot accurately predict when (or whether) the Court will grant Final Approval to the Settlement, or whether there may be appeals from that order that take additional time to resolve, so please be patient. Settlement Class Members will receive their payment within 60 days after the Effective Date.

Updated information about the case will be made available at _____, or you can call the Settlement Administrator at _____, or contact Class Counsel at the information provided below.

## WHEN WILL THE COURT RULE ON THE SETTLEMENT?

The Court has already granted Preliminary Approval of the Settlement. A final hearing on the Settlement, called a final approval or fairness hearing, will be held to determine the fairness of the Settlement. At the Final Approval Hearing, the Court will also consider whether to make final the certification of the Settlement Class for settlement purposes, hear any proper objections and arguments to the Settlement, as well as any requests for an award of attorneys' fees and expenses and Service Awards for the Plaintiffs that may be sought by Class Counsel. The Court will hold the Final Approval Hearing on DATE, 2023, at TIME ET, at the United States District Court for the District of Delaware, United States Courthouse, 844 North King Street, Wilmington, DE 19801-3570. The date and time of the Final Approval Hearing are

subject to change by Court Order, and the hearing may be conducted remotely. Any changes, including instructions for how Settlement Class Members may attend the hearing if it is conducted virtually or by telephonic means, will be posted at the settlement website, ____ and on the Court's docket on PACER at http://ecf.ctd.uscourts.gov.

If the Settlement is given Final Approval, the Court will not make any determination as to the merits of the claims or defenses at issue. Instead, the Settlement's terms will take effect and the Lawsuit will be dismissed on the merits with prejudice. Both sides have agreed to the Settlement to achieve an early and certain resolution to the Lawsuit, so it provides specific and valuable benefits to the members of the Settlement Class.

If the Court does not grant Final Approval of the Settlement, or if Final Approval is reversed on appeal, or if the Settlement does not become final for some other reason, Plaintiffs, UD, and Class Members will be in the same position as they were before the execution of the Settlement, and the Settlement will have no legal effect, no class will remain certified (conditionally or otherwise), and Plaintiffs and UD will continue to litigate the Lawsuit. There can be no assurance that, if the Settlement is not approved, the Settlement Class will recover more than is provided in the Settlement, or indeed, anything at all.

## WHERE CAN I GET ADDITIONAL INFORMATION?

This Notice is only a summary of the proposed Settlement. More details are in the Settlement Agreement which, along with other documents, can be obtained at ____. If you have any questions, you can also call the Settlement Administrator at 1-____ or Class Counsel at the numbers or email addresses set forth below. Besides the documents available on the case website, all pleadings and documents filed in court may be reviewed or copied in the Office of the Clerk.

***Please do not contact the Judge or the Clerk of the Court or The University of Delaware about the Lawsuit. They cannot give you advice on your options***.

## WHO REPRESENTS THE CLASS?

The Court has approved these attorneys to represent the Settlement Class. They are called "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

Joshua D. Arisohn, Esq.
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: (646) 837-7150
*jarisohn@bursor.com*

**EXHIBIT E**

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| MICHAEL NINIVAGGI, JAKE MICKEY and CAILIN NIGRELLI, HANNAH RUSSO, individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>UNIVERSITY OF DELAWARE,<br><br>    *Defendant*. | Civil Action No. 20-cv-1478-SB |
| SEAN GRIFFIN, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>UNIVERSITY OF DELAWARE,<br><br>    *Defendant*. | Civil Action No. 23-cv-00385-SB |

## STIPULATION REGARDING UNDERTAKING RE: ATTORNEYS' FEES AND COSTS

Plaintiffs Michael Ninivaggi, Jake Mickey, Cailin Nigrelli, Hannah Russo and Sean Griffin ("Plaintiffs") and Defendant The University of Delaware ("UD") (collectively, "the Parties"), by and through and including their undersigned counsel, stipulate and agree as follows:

WHEREAS, Class Counsel, Bursor & Fisher P.A., desires to give an undertaking (the "Undertaking") for repayment of their award of attorney fees and costs, approved by the Court, and

WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in service of judicial economy and efficiency.

NOW, THEREFORE, the undersigned counsel, on behalf of himself and as the authorized agent for his law firm, hereby submits himself and his law firm and its members to

the continued jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking.

Capitalized terms used herein without definition have the meanings given to them in the Settlement Agreement.

By receiving any payments pursuant to the Settlement Agreement, Bursor & Fisher, P.A. and its shareholders, members, and/or partners consent and submit to the continued jurisdiction of the United States District Court for the District of Delaware for the adjudication and enforcement of and any and all disputes relating to or arising out of Class Counsel's reimbursement obligation set forth herein and the Settlement Agreement.  The Final Settlement Order and Judgment shall state that the Court retains jurisdiction over such disputes.

In the event that the Final Settlement Order and Judgment is vacated, overturned, reversed, or rendered void in whole or in part as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, Class Counsel shall, within thirty (30) days repay to UD (either directly or to the Settlement Administrator at UD's option) the full amount of the attorneys' fees and costs paid by UD to Class Counsel, including any accrued interest.

In the event the attorney fees and costs awarded by the Court is vacated, modified, reversed, or rendered void in whole or in any part as a result of an appeal, Class Counsel shall within thirty (30) days repay to UD (either directly or to the settlement administrator at UD's option) the attorneys' fees and costs paid by UD to Class Counsel and/or Representative Plaintiff in the amount vacated or modified, including any accrued interest, as well as any administrative costs associated with redistributing such amount to the settlement class as may be required.

This Undertaking and all obligations set forth herein shall expire upon finality of all direct appeals of the Final Settlement Order and Judgment.

In the event Class Counsel fails to repay to UD any of attorneys' fees and costs that are owed to it pursuant to this Undertaking, the Court shall, upon application of UD, and notice to Class Counsel, summarily issue orders to direct and effectuate such repayment, including but not limited to entry of judgments and issuance of attachment orders against each of Class Counsel, and may make appropriate findings for sanctions for contempt of court based upon such failure to pay.

The undersigned Mr. Bursor stipulates, warrants, and represents that he has both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of Bursor & Fisher, P.A. and its members.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:


DATED: _____, 2023          BURSOR & FISHER, P.A.


                                      _____
                                      By: Scott A. Bursor, individually and
                                      on behalf of Bursor & Fisher, P.A.
                                      Attorneys for Plaintiffs

DATED: _____, 2023        SAUL EWING LLP


_____
By: Marisa Rachel De Feo
Attorney for Defendant the University of Delaware