IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PENNY NINIVAGGI, MICHAEL
NINIVAGGI, TODD MICKEY, JAKE
MICKEY, JAMES NIGRELLI, CAILIN
NIGRELLI, and HANNAH RUSSO,
individually and on behalf of all others
similarly situated,

           *Plaintiffs*,

   v.                              No. 20-cv-1478-SB

UNIVERSITY OF DELAWARE,

           *Defendant*.

## ORDER

Plaintiffs and Defendant University of Delaware have entered into a Class Action Settlement Agreement which sets forth the terms for settling this case and dismissing it with prejudice. On June 23, 2023, I preliminarily approved this class-action settlement, conditionally certifying a Class under FED. R. CIV. P. 23(b)(3) of "all UD undergraduate and graduate students for whom any amount of tuition and fees were paid from any source … to Defendant for the Spring 2020 Semester, and whose tuition or fees have not been refunded in their entirety prior to this Settlement." D.I. 152 at ¶ 9.

Having considered the Agreement (D.I. 150-3), Plaintiffs' motion to finally approve the class-action settlement, Plaintiffs' motion for attorney's fees, costs, expenses, and incentive awards (D.I. 155 & 156), all their exhibits and supplemental briefing (D.I.

159 & 160), the arguments and authorities presented at the final approval hearing on October 23, 2023, and the record,

I HEREBY ORDER, DECREE, AND ADJUDGE:

1. Terms and phrases in this Final Judgment shall have the same meaning that they do in the Class Action Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3. The notice provided to the Settlement Class under the Agreement and order granting preliminary approval (D.I. 152 & 154) fully complied with the requirements of FED. R. CIV. P. 23 and due process and was reasonably calculated under the circumstances to apprise the Settlement Class of this pending Action, their right to object to or to exclude themselves from the Agreement, and their right to appear at the final approval hearing.

4. One timely request for exclusion has been submitted and granted. So there is only one exclusion from the Settlement Class.

5. The Defendant properly and timely notified the appropriate government officials of the Agreement. Class Action Fairness Act of 2005, 28 U.S.C. § 1715. Having reviewed the Defendant's notice, I find that it complied with all applicable substantive requirements. This final approval is also timely: more than ninety days have elapsed since Defendant provided notice, as required by the statute and Settlement Agreement.

6. I find that the Agreement is fair, reasonable, adequate, and in the Class's best interests. The settlement consideration provided under the Settlement Agreement is fair value given in exchange for the release of the Released Claims against the Released Parties. The Agreement is the result of arm's-length negotiations between the Parties. This case is legally and factually complex, as extensive discovery has shown. Given this complexity and the total value of the claims, the consideration that the class members will get is reasonable and in their best interests when balanced against (i) the disputed factual and legal circumstances of the Action, (ii) affirmative defenses asserted in the Action, and (iii) the potential risks and likelihood of success of pursuing litigation on the merits. I find that these facts and my own observations throughout the litigation show that the parties did not collude in reaching the Agreement.

7. I have also considered the factors relevant to approving a class-action. *See* FED. R. CIV. P. 23(e)(2); *see also Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975).

8. I find that Counsel and Class Representatives adequately represented the Class.

9. So I APPROVE the Settlement Agreement in all respects.

10. As I ruled at the hearing, I DIRECT the Parties to implement the Agreement according to its terms and provisions. The Agreement is incorporated into this Final Judgment in full and shall have the full force of an Order of this Court.

11. I DISMISS this case on the merits with prejudice, as identified in the Agreement.

12. Upon the effective date of this Judgment, Plaintiffs and every Class Member who did not opt out of the Class, as well as anyone who could conceivably sue on their behalf, shall be deemed to have released Defendant, and anyone against whom someone could bring suit due to Defendant's actions, from any legal action related to or arising out of any aspect of Defendant's actions or decisions with respect to the Spring 2020 academic term, as further specified in the Agreement.

13. This release of claims and the Agreement will have preclusive effect on all lawsuits and proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members and Releasing Parties. All Class Members are barred and enjoined from taking part in any way in any legal action in any jurisdiction based on or arising out of any of the Released Claims, as further specified in the Agreement.

14. I also considered Plaintiffs' motion for attorney's fees, costs, expenses, and incentive awards, as well as the supporting memorandum of law and declarations (D.I. 155, 156). The payment of attorney's fees and costs in the amount of $2,100,000.00 is reasonable in light of the multi-factor test used to evaluate fee awards in the Third Circuit. *See Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000). Such payment shall be made under the terms of the Settlement Agreement.

At the final approval hearing, I found that the bills submitted by both Bursor & Fisher and Cross & Simon were reasonable, and I commend the firms for their thoroughness, transparency, and precision. They can still proudly claim that their bills have never been reduced. The same cannot be said of the other two firms.

First, the hours of Poulin Willey Anastopoulo were significantly inflated by a plethora of 0.1-hour entries for each professional who merely received an email. Plus, the firm billed out Paul Doolittle at $997 per hour. Though I make no judgment about whether such a rate is reasonable in general, it is excessive here. Mr. Doolittle practices in Charleston, South Carolina, and his expertise is in tort class actions, not contract class actions. I therefore asked for supplemental briefing to correct the hour entries and his billing rate.

In that briefing, the firm removed all 0.1-hour entries for email communications that did not require some other action to be taken. D.I. 160. It also reduced the billing rate for Mr. Doolittle to $800, as I had requested. Together, these changes reduce the firm's submissions from $794,041.10 to $344,232.70. I am satisfied with the corrections that the firm made in its supplemental briefing.

Second, Chimicles Schwartz Kriner & Donaldson-Smith neglected to submit any timesheets with its declaration of fees. It also billed out Robert Kriner at $1,300 per hour. I make no judgment about whether such a rate is reasonable for the mergers-and-acquisitions work that is Mr. Kriner's specialty. But for a class-action settlement based on a contract dispute, I found this rate excessive.

I asked for supplemental briefing, letting Mr. Kriner include supplemental non-frivolous hours that he had removed before submitting his original declaration. Though the Chimicles supplement did not present a clear recalculated lodestar submission for the firm, it did include its full timesheet, adding almost 100 hours that had been omitted from the previous submission. D.I. 159. I appreciate that Mr. Kriner

so significantly reduced his firm's hours prior to his original submission to make up for his work mentoring younger lawyers in his practice. But I still conclude that his rate was excessive. I therefore reduce his rate to $850 and accept the second submission of $229,692.50 as the lodestar for the Chimicles firm.

So the overall lodestar here is $1,568,327.70. The requested fee of $2.1 million thus reflects a 1.34 multiplier. This remains within an acceptable range.

15. I also considered Plaintiffs' motion for attorney's fees, costs, expenses, and incentive awards, as well as the supporting memorandum of law and declarations (D.I. 155, 156). I find that the reimbursement of attorney's costs and expenses in the amount of $245,240.19 is reasonable. Such payment shall be made according to the terms of the Settlement Agreement.

16. I have also considered Plaintiffs' motion, memorandum of law, and supporting declarations for incentive awards to the Class Representatives: Michael Ninivaggi, Jake Mickey, Cailin Nigrelli, Hannah Russo, and Sean Griffin. D.I. 156, at 17–18. These incentive awards compensate them for their efforts and commitment on behalf of the Class, including as the named plaintiffs and Griffin's development of a record in his parallel case. I agree that the payment of $5,000 to each Representative is fair, reasonable, and justified under the circumstances. Such payment shall be made according to the terms of the Settlement Agreement.

17. Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorney's fees.

18. The Parties, without further approval from the Court, may agree to and adopt amendments, modifications, and expansions of the Settlement Agreement and its implementing documents so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of the Class Members.

19. Without affecting the finality of this Final Judgment for appeal purposes, the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Agreement until the Effective Date.

20. I DIRECT entry of this Final Judgment under FED. R. CIV. P. 58 based on my finding that there is no just reason for delay.

21. I direct the Clerk to CLOSE the case.

IT IS SO ORDERED, this 7th day of November 2023.

                                          The Honorable Stephanos Bibas
                                          United States Circuit Judge